(Rev.S/0-)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) William J. Webb Jr. #00256056,
(Name of Plaintiff)          (Inmate Number)

(Complete Address with zip code)

(2)
(Name of Plaintiff)          (Inmate Number)

0 7 - 3 1
(Case Number)
(to be assigned by U.S. District Court)

(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

VS

**CIVIL COMPLAINT**

(1) First Correctional Medical,

(2) Correctional Medical Services,

**Jury Trial Requested**

(3) Governor Ruth Ann Minner,(Refer p.5)
(Names of Defendants)


FILED
JAN 16 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

**I.     PREVIOUS LAWSUITS**

A.     If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

1:00-cv-00766-GMS Caption unknown, 1:02-cv-00521-GMS- Caption William J. Webb Jr. v. State Attorney General's Office, et. al., 1:02-cv-00583-GMS- Caption William J. Webb Jr. v. Warden Thomas Carroll (Habeas Corpus), 1:03-cv-00974-GMS- Caption William J. Webb Jr. v. Commissioner Stanley W. Taylor, et. al. (Writ of Mandamus).

II.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution? ☒ Yes ☐ No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims? ☒ Yes ☐ No

C.   If your answer to "B" is Yes:

1. What steps did you take? I filed medical grievances, and the necessary appeals after the hearings.

2. What was the result? Denied without due process of an investigation to my claims.

If your answer to "B" is No, explain why not: N/A

III   **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: First Correctional Medical

Employed as Medical Provider at Delaware Correction Center

Mailing address with zip code: 6861 North Oracle Road Tucson, AZ 85704

(2) Name of second defendant: Correction Medical Services

Employed as Medical Provider at Delaware Correctional Center

Mailing address with zip code: 1201CollegeParkDrive-ste101Dover,DE19904

(3) Name of second defendant: Governor Ruth Ann Minner

Employed as Governor at State of Delaware

Mailing address with zip code: 150 William Penn St. Dover, DE 19901

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

(Refer p. 5)

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.   Deliberate Indifference: On March 11, 2005, Plaintiff alleges that Dr. Ali ordered ultrasound testing to be done on Plaintiff's legs, and on that same day She denied the request with the intention to save money for Defendant First Correctional Medical depriving Plaintiff needed testing once She (Dr. Ali) ordered it. Plaintiff filed a medical grievance and was seen by Defendant Gina Wolken who said that She was going to put Plaintiff in for Medical (Defendant Correctional Medical Services) but She never did or the procedures were not followed for Plaintiff to be seen. On October 26, 2005, a grievance hearing (Grievance Case # 14406-filed 5/19/05) was held and the Defendant Correctional Medical Services Grievance Hearing Staff simply denied that Plaintiff was receiving inadequate treatment. In the approximity of November or December, 2005, Plaintiff had His Sister go to the Hearings held in Dover where Defendants Stan Taylor and Governor Ruth Ann Minner became officially aware that Plaintiff was being denied medical care to save money, shortly thereafter, Plaintiff received the tests. On December 6, 2006, Plaintiff's appeal of the grievance hearing was denied by Defendant Bureau Chief Paul Howard, depriving Plaintiff medical care that is due to Him without a deliberate indifference standard.

2.   Negligence: On February 20, 2005, Defendants Nurses Jane Does, neglected to give Plaintiff Tylenol or another alternative medication to treat a temperature of 101.7 degrees until it reached 104+ degress, also the same Defendants Jane Does called Defendant Dr. John or Jane Doe who was the doctor on call in which they transmitted that the doctor stated not to give said medications nor put ice on the right leg of the Plaintiff to reduce the swelling and relieve the heat/redness Plaintiff was suffering. At a later time, Defendant Third Nurse Jane Doe put a heat pack on Plaintiff's leg which made the swelling worse and now Plaintiff has a permanent red scar around His leg. At a later date Plaintiff filed a grievance and Defendant Correctional Medical Services Grievance Hearing Staff simply stated false statements amounting to negligence where the evidence was clear that Plaintiff was due to receive adequate medical care without a deliberate indifference standard.

3.   Negligence: After numerous newspaper articles about the serious denial of medical care at State of Delaware's Correctional Institutions where Plaintiff is housed, Defendants First Correctional Medical, Correctional Medical Services, Governor Ruth Ann Minner, and Commissioner Stanley Taylor were negligent in their obligations to Plaintiff to make sure that Plaintiff is receiving adequate medical care after they were aware that Plaintiff was not receiving medical care that Hee needed and still needs without deliberate indifference until He is released from prison/while under their care.
(Refer p.6)

V.    **RELIEF**

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.    Compensatory damages per claim against all Defendants.

3

2. Punitive damages per claim against all Defendants

3. Preliminary Injunction Order for Plaintiff to be transferred to an outside hospital for tests to be performed on Plaintiff: (a). for the causes of His Cellulitis and prevention if any, (b). all necessary Hepatitis C tests that need to be performed, and (c). when Plaintiff files a sick call He is transferred to a specific doctor's office with Defendant Correction Medical paying the costs.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __11th__ day of __January__, 20_07_.

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

## Names of Defendants Continued

(4) Commissioner Stanley W. Taylor,
(5) Bureau Chief Paul W. Howard,
(6) Ms. Gina Wolken,
(7) Dr. Ali,
(8) Dr. Niaz,
(9) Dr. John or Jane Doe,
(10) Correctional Medical Services Grievance Hearing Staff,
(11) Ms. Rosalie Vargas,
(12) John and Jane Doe(s).

## Defendants Employment and Mailing Addresses Continued

Name of fourth defendant: Commissioner Stanley W. Taylor
Employed as Commissioner at Delaware Department of Corrections
Mailing address with zip code: 245 McKee Road Dover, DE 19903

Name of fifth defendant: Bureau Chief Paul W. Howard
Employed as Commissioner at Delaware Department of Corrections
Mailing address with zip code: 245 McKee Road Dover, DE 19903

Name of sixth defendant: Ms. Gina Wolken
Employed as Medical Staff (Specific title unknown) at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road Smyrna, DE 19977

Name of seventh defendant: Dr. Ali (full name unknown)
Employed as Doctor at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road Smyrna, DE 19977

Name of eighth defendant: Dr. Niaz (full name unknown)
Employed as Infectious Disease Doctor at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road Smyrna, DE 19977

Name of ninth defendant: Dr. John or Jane Doe (name unknown)
Employed as Doctor at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road Smyrna, DE 19977

Name of tenth defendant: Correction Medical Services' Medical Grievance Hearing Staff
Employed as Members to hear Medical Grievances at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road Smyrna, DE 19977

Name of eleventh defendant: Ms. Rosalie Vargas
Employed as Correctional Officer or Higher status at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road Smyrna, DE 19977

Name of twelfth defendant: John and Jane Does (names unknown)
Employed as various staff members medical at Delaware Correctional Center
Mailing address with zip code: 1181 Paddock Road Smyrna, DE 19977

4. Medical Malpractice: On April 19, 2005, Defendant Dr. Niaz maliciously attempted to inject Plaintiff with a needle containing Interferon (a medicine to treat Hepatitis C with the serious effects of suicide attempts/homicidal tendencies and other ailments) with total disregards for the protocol given to a patient diagnosed with Hepatitis C, being a liver biopsy, H.I.V. testing, a viral count, along with a mental health evaluation, etc.....

5. Deliberate Indifference: On April 19, 2005, Defendant Dr. Niaz maliciously attempted to inject Plaintiff with a needle containing Interferon with the intention to save Defendant First Correctional Medical money rather than follow the normal protocol for a person diagnosed with Hepatitis C. Plaintiff hasn't been seen recently for the care of His diagnosis to save money for Defendant Correctional Medical Services.

6. Denial of Procedural Due Process: Defendants First Correctional Medical, Correctional Medical Services, Bureau Chief Paul Howard, Gina Wolken, Correctional Medical Services Grievance Hearing Staff, Ms. Rosalie Vargas, and John and Jane Does, have deprived Plaintiff the procedural due process to have medical grievances heard in a timely manner, along with denying Plaintiff a reason why they never investigated Plaintiff's claims and what were the reasons to deny the appeal by stating what evidence/reports or medical files they examined to reach their decision amounts to the complete denial of due process.

7. Negligence: Defendants First Correction Medical, Correctional Medical Services, and John and Jane Does have continuously neglected their obligation to Plaintiff to make necessary tests to see what is causing Plaintiff's Cellulitis to keep reoccurring or what necessary steps could prevent further cases. Defendant Rosalie Vargas, Gina Wolken, Correction Medical Services Grievance Hearing Staff, and John and Jane Does have neglected their obligation to investigate and make scheduled appointments for Plaintiff to have the proper due process procedures followed for a medical grievance which has deprived Plaintiff adequate medical care and procedural due process.

8. Cruel and Unusual Punishment: By all Defendants participation via various actions have caused infliction of emotional distress amounting to a violation of Plaintiff's guaranteed right against cruel and unusual punishment against His person to deprive Him medical relief of suffering especially when various Defendants denied Plaintiff medication to treat a fever until it reached the point of Plaintiff's death and ice which has resulted in Plaintiff having permanent scarring.

6

## STATEMENT OF JURISDICTION

The United States District Court for the District of Delaware has jurisdiction to hear all of Plaintiff's claims under 42 U.S.C.A. § 1983 and 28 U.S.C. § 1367.

I/M William J. Webb Jr.
SBI# 00256052 UNIT D/E F17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the U.S. Dist. Ct.
800 King Street
Wilmington, DE
19801

"Legal Mail"