IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,

Plaintiff,

v.

FIRST CORRECTIONAL MEDICAL, CORRECTIONAL MEDICAL SERVICES, GOVERNOR RUTH ANN MINNER, COMMISSIONER STANLEY W. TAYLOR, BUREAU CHIEF PAUL W. HOWARD, MS. GINA WOLKEN, DR. ALI, DR. NIAZ, DR. JOHN DOE, DR. JANE DOE, CORRECTIONAL MEDICAL SERVICES GRIEVANCE HEARING STAFF, MS. ROSALIE VARGAS, JOHN DOE, and JANE DOE,

Defendants.

Civil Action No. 07-31-GMS

**MEMORANDUM**

The plaintiff, William Joseph Webb, Jr. ("Webb"), an inmate at the Delaware Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II. ANALYSIS

Webb alleges that the defendants Dr. Ali ("Dr. Ali'), Gina Wolken ("Wolken"), Dr. Niaz ("Dr. Niaz"), Correctional Medical Services ("CMS"), John/Jane Does, and Drs. John/Jane Does were deliberately indifferent to his serious medical needs. (D.I. 2, ¶ IV. 1, 2, 5, 7, 8.) He further alleges that the defendants former Commissioner Stan Taylor ("Taylor") and Governor Ruth Ann Minner ("Minner") were aware of his medical needs but denied medical care to save money and were negligent in their obligation to provide him medical care. (D.I. 2, ¶¶ IV. 1, 3.) Webb also alleges that First Correctional Medical ("FCM") and CMS were negligent in their obligations to see that he received adequate medical care. (D.I. 2, ¶ IV. 3.) Webb also raises a medical malpractice claim against Dr. Niaz. (D.I. 2, ¶ IV. 4.)

Webb alleges that he filed a grievance, and on December 6, 2006, Bureau Chief Paul

Howard ("Howard") denied his appeal which resulted in the deprivation of medical care. (D.I. 2, ¶ IV. 1.) Webb alleges that he was denied his right to due process by FCM, CMS, Howard, Wolken, CMS Grievance Hearing Staff, Rosalie Vargas ("Vargas") and John/Jane Does when his medical grievances were not heard in a timely manner, were not investigated, and he was given no reason for the denial of his appeal. *Id.* at ¶¶ IV. 6, 7. Webb further alleges that proper due process procedures were not followed during the grievance procedure which resulted in the deprivation of adequate medical care and procedural due process. *Id.* at ¶ IV. 7. Webb seeks compensatory damages and injunctive relief for outside hospital testing.

**A. Grievances**

Webb raises a number of issues regarding grievances he filed in an attempt to obtain medical care. As to these claims he names FCM, CMS, Howard, Wolken, CMS Grievance Hearing Staff, Vargas and John/Jane Does. The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor,* No. 05-4492, 2006 WL 3203900, at *1 (3d Cir. Nov.7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F.Supp.2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser*, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson*, 886 F.Supp. 410, 418-419 (D. Del.), *aff'd* 74 F.3d 1226 (3d Cir. 1995). Similarly, the failure to investigate a grievance does not raise a constitutional

issue. *Hurley v. Blevins*, No. Civ. A. 6:04CV368, 2005 WL 997317 (E.D.Tex. Mar. 28, 2005).

Webb cannot maintain a constitutional claim against the foregoing defendants based upon his perception that his grievances were not timely or properly processed, investigated, that the grievance process is inadequate, or that his appeal was denied with no explanation. Therefore, the court will dismiss the allegations pertaining to the grievance issue raised against the defendants FCM, CMS, Howard, Wolken, CMS Grievance Hearing Staff, Vargas and John/Jane Does for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Grievance allegations are the only claims raised against Howard, CMS Grievance Hearing Staff, and Vargas and, therefore, they will be dismissed from this action.

**B. Medical Malpractice**

Plaintiff attempts to allege a state claim for medical malpractice against Dr. Niaz. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. Del. Code Ann. tit. 18 § 6801(7). When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F.Supp.2d 801, 804 (D. Del.2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); Del. Code Ann. tit. 18 § 6853. Webb failed to include with his complaint an affidavit of merit signed by an expert witness as is required. Therefore, the medical malpractice claim against Dr. Niaz is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## III. CONCLUSION

Based upon the foregoing analysis, the court will dismiss without prejudice all claims against defendants Howard, CMS Grievance Hearing Staff, and Vargas. The court will dismiss without prejudice the grievance claims against FCM, CMS, Wolken, and John/Jane for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The court will also dismiss the state medical malpractice claim raised against Dr. Niaz. Webb is allowed to proceed on the remaining medical needs claims against the defendants FCM, CMS, Minner, Taylor, Dr. Ali, Wolken , Dr. Niaz , John/Jane Does, and Drs. John/Jane Does. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

May 7, 2007
Wilmington, Delaware

FILED
MAY - 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,

Plaintiff,

v.

Civil Action No. 07-31-GMS

FIRST CORRECTIONAL MEDICAL, CORRECTIONAL MEDICAL SERVICES, GOVERNOR RUTH ANN MINNER, COMMISSIONER STANLEY W. TAYLOR, BUREAU CHIEF PAUL W. HOWARD, MS. GINA WOLKEN, DR. ALI, DR. NIAZ, DR. JOHN DOE, DR. JANE DOE, CORRECTIONAL MEDICAL SERVICES GRIEVANCE HEARING STAFF, MS. ROSALIE VARGAS, JOHN DOE, and JANE DOE,

Defendants.

**ORDER**

At Wilmington this 7th day of May, 2007, for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendants Bureau Chief Paul W. Howard, Correctional Medical Services Grievance Hearing Staff, and Rosalie Vargas are DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are dismissed from this action.

2. All grievance claims against First Correctional Medical, Correctional Medical Services, Gina Wolken, and John/Jane Doe are DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

3. The state medical malpractice claim against Dr. Niaz is DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

4. The court has identified cognizable Eighth Amendment claims within the meaning of 28 U.S.C. § 1915A(b) against defendants First Correctional Medical, Correctional Medical Services, Governor Ruth Ann Minner, Commissioner Stanley Taylor, Dr. Ali, Gina Wolken, Dr. Niaz , John/Jane Does, and Drs. John/Jane Does. Webb is allowed to PROCEED against these defendants.

5. Upon learning the identification of the Doe defendants, Webb shall immediately move the court for an order directing amendment of the caption and service of the complaint.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants First Correctional Medical, Correctional Medical Services, Governor Ruth Ann Minner, Commissioner Stanley Taylor, Dr. Ali, Gina Wolken, Dr. Niaz , John/Jane Does, and Drs. John/Jane Does** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **The plaintiff has provided the court with copies of the complaint for service upon each of the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of**

**the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

FILED
MAY - 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE