To: Clerk of the U.S. Dist. Ct. for DE

Fr: William J. Webb Jr.

# 256056 / N/E F17T

1181 Paddock Road

Smyrna, DE 19977



07cv31GMS

FILED

JUN 1 2 2007

RGscanned

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Subj: Notice of filing official notice with Dept. of Justice — Atty. Gen.'s Office,

June 5, 2007

Dear Clerk,

The enclosed is no more than a letter showing the only administrative remedy I have as a citizen of the United States trying to have his rights heard by the officials who I'm under their care who are not trying to give me what I'm entitled to in violation of the procedures and rights the laws of the State and Federal Constitutions guarantee in all criminal prosecutions.

Please place this in your file as a notice received by your office and send me a letter of receipt. Respectfully,

Will J. Webb

**To: Attorney General Beau Biden**

**Fr: William J. Webb Jr. #256056**
**D/E F17T 1181 Paddock Road**
**Smyrna, DE 19977**

**Subject: Disciplinary/Institutional Write-ups in violation of Due Process and 2 State Court Convictions in violation of Due Process.**

**Case #s: 01-4324—Class I write-up; DR1018612—Class I write-up; DR1019990—Class I write-up; 9702013762; 9907017204.**

**June 5, 2007**

Dear Esquire:

As to the Disciplinary/Institutional write-ups, you can read the enclosed letter I wrote previously to all involved and contact Deputy Warden Burris as to the recent letter received by her from me. The violations are very clear, so don't act dumb.

As to the Criminal convictions, you can review the files in the above cases and see clearly (1) That on May 1, 1997, I pled guilty to an illegal sentence; (2) That prior to me being indicted on September 13, 1999, there was an 11 Del.C. § 3511 hearing without me being present; (3) On March 16, 2000, I pled guilty while being on psychotic medications where my counsel said I wasn't on the T.I.S. Form; (4) The presentence investigation officer (Jacqueline Wilson) was my Probation Officer in 1998 when I was flowed down from Level III to Level II Probation and she did not like me because I would have to force her to take urine samples to send to S.O.D.A.T., therefore, she wrote a false report to try to get more time on my sentence when she wrote the report for the Superior Court; and (5) The Psychiatric/Psychological report that was filed was in bad faith by the Delaware Psychiatric Center and deprived me medical treatment that I need, along with the brain scan was never completed.

I'm an American citizen who the system has tried to rape me of my rights, I have tolerated a lot; I don't give into terrorism and I don't give into rapists—even the ones I'm housed with. I've tried to forgive those officials who have abused their office and give them a chance to correct their unconstitutional acts, yet they refuse to hear my claims for

relief. Therefore, as an official with possibly competent rationale, I'm trying to resolve the matter in a civil manner. While they hide like little cowards, I try to help not only inmates change their false ways but for the D.O.C. to perform what they are supposed to be doing—correct behaviors to habilitate inmates due to most inmates I have had contact with never have been habilitated so how are they going to be rehabilitated? This is your official notice, so failure to respond will be deemed negligence and legal malpractice to correct unconstitutional acts and failure to provide an American citizen His guarantees to be addressed by State officials as to corrupt acts done to prevent an American citizen Due Process of Law!

Finally, due to I have been near death while in this institution, I'm requesting that you file a Motion for Postconviction Relief due to it is your responsibility to represent the people who are law biding citizens. Also, I want you to start an investigation as to why a sex offender (Richard Mutter) has been allowed to have alone time with my children and the Family Court Clerk's Office has failed to file my Motion to Show Cause before the Court concerning my visitation order. Also, I want my children Gabrielle Webb (15) and William Webb $III^{rd}$ (11) questioned as to whether their mother has been sexually molesting them.

You will be given 45 days to respond to this letter before I exercise my right to obtain relief before a federal court via §1983 complaint and/or alternatively § 2254 petition.

Thank You for your time and hopefully a prompt response.

Respectfully,

William J. Webb Jr.

XC: U.S. DIST. CT. FOR DE—W/ENCLOSURE
ATTY. GEN. BEAU BIDEN—W/ENCLOSURE
COMM. CARL DANBERG—WO/ENCLOSURE
WAR. THOMAS CARROLL—WO/ENCLOSURE
DEP. WAR. ELIZABETH BURRIS—WO/ENCLOSURE
FILE

- 2 -

To: Commissioner Taylor, Warden Carroll, Deputy Wardens I + II, Bureau Chief Howard, Lt. Roberts, Lt. Porter, Lt. Savage, Lt. Heveron, Lt. Williams, Capt. Sagers, Lt. Porter, Lt. Boone, Counselor Forbes, Counselor Kramer, Anthony Rendina, Transfer Dept.

From William Joseph Webb Jr.
#00256056 / 23AV10T
D.C.C.

Subject: Writeups in violation of Due Process and
failure to transfer when Classified.

May 27, 2006

Dear Gentlemen and Ladies,

First, I'm going to deal with the write-ups and how Due Process was violated as follows:

Case Number 01-4324 : On 1/27/02, I was denied the right to confront My accusor as I requested and Lt. Roberts said "We are not doing that today." Also, why was the hearing held 9 month later without Due Process? (Refer Ex. A + Ex. B)

Case Number-DR1018612: Denied Due Process to have the evidence present, also how would Capt Sager call the letter a threat when there is no threats contained in the letter? Finally, there was no letters presented and Attorney Randing only mentions the reports, that violated actual evidence to support a guilty verdict. Also, how could Lt, Boone have heard the conversation when Me and Capt, Sagers were in the hallway talking very low. (Refer Ex. C thru Ex, G). Also, the time of C.T.Q was enlarged from originally 10 days to 15 days and witnesses Boone and Porter were not present.

Case Number - DR1019990: I was denied the Due Process to confront My accusor, also Lts Savage was going to find me not guilty until Lt. Heverin stepped in and just said guilty. Finally, Counselor Forbes Misunderstood the context of the letter and only inserted that part in the write up, there is no threatening text in the letter. (Refer Ex. H thru Ex, K),

— 2 —

As to the failure to Transfer after being classified out;

On May 19, 2005, after I was in Bldg. 21 almost a month, I got classified to MHU 22 or 23, I was never told by Lt. Porter or Counselor Spence that I was being classified. I did not find out until June 6, 2005 when I received a letter from Counselor Kramer (Ex. L). That is when I wrote Lt. Porter a letter that sparked a conversation with Me, Lt. Boone, Lt. Porter, and Capt. Sagers where finally Me and Capt. Sagers had a private conversation in the hallway where He never stated anything about writing anymore letters and tore up the letter that was written to Lt. Porter. At a later date Counselor Forbes was hired to Bldg. 21 on June 20, 2005, and I sent Her a letter and was told I should be moving after I told Her to contact Irish, Inv. Ron Drake. (Ex. M)

Finally, why was I sent to Bldg. 21 as an Administrative Segregated inmate where 21 is a Disciplinary Bldg. where I had only 8 pts. and no write-ups? Also why did Counselor Spence come when Miss Conte was my Counselor.?

— 3 —

Relief Requested: Due to I was falsely imprisoned to my cell in violation of Due Process for 25 days, I would request that I be compensated $2,500.00 to my inmate account. As to the write-ups being in violation, they must be personally removed from my file and the latter points removed from my classification, in which I would have 8 pts., finally I want to be made a trustee, given a single cell in W-Bldg, a job at C.D.S or outside central Supply. I have not caused these problems, the staff here has by trying to rape me of my rights. (Ex. N & Ex. O).

Therefore, I will respectfully give you 10 days to respond and give me a emergency classification and an expectancy date for receipt of the $2,500.00 before I file anymore paperwork or actions I deem appropriate. Also I need a memo for my account's balance to exceed $500.00.

This is your official notice.

Respectfully Submitted,

William Joseph Webb Jr.

— 4 —

RECORD OF DISCIPLINARY HEARING

*I.C.I. 6/94*
Short Form

FORM #: 118 Revised: 3/93

| Number | Commitment Name | Inst/Unit | Case Number |
|--------|-----------------|-----------|-------------|
| 256656 | *Webb William* | *LCC - 4* | DR/*143-22* |
| | | | Date/Time of Hearing |
| | | | *1-22-02   12-31* |

1. Hearing Officer's Decision:

[X] Guilty   [ ] Not Guilty   [ ] Probation   *G-1.T.A     VS FTO*

2. Sanction Imposed: _____*5*___ days LOP _____

_____ days confinement to quarters

_____ days Probation/Sanction Suspended

_____ Written Reprimand

3. Stay of Sanction:                                    *4/ 6/97*

[X] Execution will be stayed.       [ ] Execution will not be stayed. *JZ*
    Case Appealed                      Will Not Appeal        *12-31*

I verify receiving a copy of sanction this date.

*will J. Webb,  1/27/02*

Inmate Signature and Date            Signature of Hearing Officer

**3-part NCR**                *Ex. A*

**Memorandum**

INMATE COPY

**From:  Hearing Office**

**Re:**     ORDER TO EXECUTE SANCTION for case Number: **01-4324**
This **06** day of **June, 2002,** whereas, Inmate **Webb. William**
Inmate Number **256656** has been guilty of **Disorderly or Threatening Behavior**.

[   ] **Whereas, said inmate does not want to appeal; or**

[   ] **Whereas, more than 72 hours have expired since the Disciplinary Hearing was held;**

[✗] **An appeal filed by said inmate has been denied by the Commissioner/his designee.**

Now, Therefore, IT IS ORDERED that the following sanction be executed
**Five (5) days loss of all privileges starting on 6/17/02 and ending on 6/21/02 at 2400 hours..**

**\*Confinement to Quarters** - - An inmate may be confined to his quarters for a period of time not to exceed 30 days only after being found guilty of a MAJOR offense. When confined to quarters, the inmate is prohibited from participating in all activities; i.e., recreation, education, library, counseling, job assignments, religious services, commissary, visits, telephone calls, etc. He is to be confined to his quarters for the entire period designated with the exception that the inmate should be permitted to shower, exercise, and clean his cell on Monday, Wednesday, and Friday.

**\*Loss of Privileges** - - Loss of Privileges may be given for no more than 24-hours by the Shift Commander to correct minor or major violations of the Code of Penal Discipline. Loss of Privileges also may be given by the Hearing Officer for a period of time of more than 24-hours but less than 15 days after being found guilty of a minor offense and less than 60 days after being found guilty of a major offense.

Loss of Privileges is not a confinement to quarters. One or more privileges may be revoked for the time period specified but the inmate may continue to leave his quarters as normal except for the privileges that are taken away. The privilege must be specified if it is less than all privileges.

The term "all privileges" shall refer to: Telephone Calls, Recreation (including tier recreation), Visits, and Commissary.

The following are not considered "privileges" and cannot be revoked for a loss of privileges: Education Classes, Vocational Training Sessions, Counseling Sessions, Alcohol/Drug Rehabilitation Programs, Regular Job Assignments, Religious Services, and Legal Access (Law Library).

During a Loss of Privileges, an inmate is permitted out of his cell to attend the above seven (7) items not classified as privileges. However, the inmate is not permitted to "hangout" or "wander around" on the tier. This is considered tier recreation and such is revoked if recreation privileges are revoked.

S/Lt. Roberts
**Hearing Officer**

S/Lt  S. H.    Williams L.

**Signature**

Ex. B

Smyrna Landing Road
SMYRNA DE, 19977
Phone#: 302-653-9261

# NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

**TO: Inmate:** Webb,William J J                     **SBI#:** 00256056     **Housing Unit:** Bldg 21

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
   How do you plead ? **[ ] Guilty      [ X ] Not Guilty**

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time **of more than 24 hours but not to exceed 15 days.**

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of time not to exceed 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 90 days.
   c. Isolation confinement for a period of time not to exceed 90 days.
   d. Loss of good time for a period of time not to exceed 90 days.
      (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested ?   **No**                     Name of Counsel:

7. Confront accuser?     **Yes**

8. Witness requested?    **Yes**                     Name of Witness: Boone, Steven
                                                              Porter, Ricky

I certify that on **06/22/2005** at **09:37** , I
served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense and
the Disciplinary Report is attached hereto.

I have received copies of 122 & 127 and
understand my rights as Form # 127 has
been read to me

**(Employee's Signature & Title)**
Boone, Stephen W

**(Inmate's Signature)**
Webb,William J J

$E \, \text{k.} \, C$

Smyrna Landing Road
**SMYRNA DE, 19977**
Phone#: 302-653-9261

# NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

## INMATE RIGHTS IN THE DISCIPLINARY PROCESS

### MINOR OFFENSE :

**Right to Remain Silent:** If you are charged criminally based upon the same facts giving rise to the disciplinary process, yo have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

**Presence:** You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearin Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions sh be stated in writing.

$Ex. A$

Disciplinary# 1018612

**Delaware Correctional Center**
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

# DISCIPLINARY REPORT

Disciplinary Type: Class1          Housing Unit: Bldg 21          IR#: 1023609

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00256056 | Webb, William J J | DCC | Bldg.13 Transfer Office | 06/20/2005 | 08:30 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior, 2.06/200.108 Failing to Obey an Order

Witnesses:1. N/A          2. N/A          3. N/A

## Description of Alleged Violation(s)

On June 16, 2005 I Capt. Sagers And Lt. Porter Went And Talked To Inmate Webb And Told Him Not To Send Anymore Intimidatin And Threatening Letters To Anymore Staff Members. Inmate Webb Was Notified And He Was Complaining Of Where He Wa Classified To And I Replied To Him That Maybe He Should Not Of Sent The Judge The Letter That He Sent And He Might Be Livin Where He Was. In The Letter Inmate Webb Stated That I Could Call Miss Tracy Pfush #994-5061 And Ask Her What Happens Whe He Is Lied To. I Take This As A Serious Threat Toward Staff And Myself. I Told Him That He Would Have No More Communicatio With Staff By Letters And He Sent Me One And Lt. Porter A Letter To. Also He Failed To Obey An Order When I Told Him That H Was Not Send Any More Letters To Staff Members And He Is Still Doing That.

Reporting Officer: Sagers, Clyde  (Shift Commander - Large Inst.)

## Immediate Action Taken

Immediate action taken by: Sagers, Clyde  -Shift Commander - Large Inst.

Forms 122,404, And 537 Completed.

## Offender Disposition Details

Disposition: N/A          Date: N/A          Time: N/A          Cell secured? No

Reason: N/A

Disposition Of Evidence: Letter Sent To Shift Commander

## Approval Information

Approved: ☑     Disapproved: ☐     Approved By: Mccreanor, Michael  (Shift Commander - Large Inst.)

Comments: N/A

## Shift Supervisor Details

Date Received:          Time:          Received From:

**Shift Supervisor Determination:**

[ ]   Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]   Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

Mccreanor, Michael  (Shift Commander - Large Inst.)

I have received a copy of this notice on **DATE:** _____ . **TIME:** _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing
Officer:** _____          **Offender:** _____

Webb, William J J

$Ex. R$

Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

**Inmate** : Webb, William J J                                  **SBI#:**00256056       **Type:**Class 1

**Institution:**DCC Delaware Correctional Center              **Hearing Date:**07/14/2005   **Time:** 17:30

## MEMORANDUM

**To** : Webb, William J J

**From :**Chief, Bureau of Prisons

**RE** :APPEAL DECISION

### 1.Confinement to Quarter

Your appeal                  [ ]   Accepted   [X]   Denied

The decision of hearing      [X]   Affirmed    [ ]   Reversed   [ ]   Remanded for further proceedings

The sanction imposed by hearing officer will  [X]   Remain as imposed by the Hearing Officer [ ]   Reduced

The basis of this decision is as follows :

The reports support the guilt. You appeal claims you were denied and impartial hearing officer, but you present no evidence to support the claim. You present nothing to warrant a change.{SLD}

**This report has been reviewed by Rendina, Anthony J**

Date Reviewed **09/16/2005**

RECEIVED

SEP 2 2 2005

HEARING OFFICE CLERK

$Ex. F$

| DR# | |
|---|---|
| 1018612 | |

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 09/22/2005

## DISCIPLINARY HEARING DECISION

Inmate : Webb, William J J                                             SBI#:00256056     Type:Class 1

Institution:DCC Delaware Correctional Center                Hearing Date: 07/14/2005   Time: 17:30

Inmate Present: Yes        Reason(If No): N/A

Violation: 1.06/200.203 Disorderly or Threatening Behavior, 2.06/200.108 Failing to Obey an Order

**Inmate PLEA: Not Guilty**
Inmate Statement: I'm not guilty.

Witness Name: Boone, Steven

Testimony : Capt Sagers told him if you write another letter to anyone threatening them he was going to write him up.

Witness Name: Porter, Ricky

Testimony : Inmate Webb also sent him threatening letters.

Decision :Guilty

Rational :During confrontation Capt Sagers told inmate he had told him not to write him anymore threatening letters and he did
Inmate Webb began to raise his voice telling Capt. Sagers, " You'd better get them in check or I will." Confrontation
ended. Inmate found guilty of all charges.

Sanctions: N/A

### HEARING OFFICER'S SIGNATURE

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a
Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the
Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

**I [X]   DO   [ ]   DO NOT INTEND TO APPEAL**

INMATE's SIGNATURE

## ORDER TO IMPLEMENT SANCTIONS

| [ ] | Inmate does not wish to appeal | [X] | Appeal has been denied by Commissioner or Designate |
| [ ] | Sanctions have been modified | [ ] | Time Limit(72 Hours since hearing) for appeal has expired |

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 10/17/2005 | 15 | 10/31/2005 |

$Ex. 6$

DISCIPLINARY 1019990

SMYRNA DE, 19977

Phone No. 302-653-9261

# DISCIPLINARY REPORT

Disciplinary Type: Class1                    Housing Unit: Bldg 21                    IR#: 1025330

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|---------------------|------|------|
| 00256056 | Webb, William J J | DCC | Bldg.13 Couselor Workroom | 08/23/2005 | 08:45 |

Violations: 1.06/200-203-Disorderly or Threatening Behavior, 2.06/200.108 Failing to Obey an Order

Witnesses: 1. N/A                    2. N/A                    3. N/A

### Description of Alleged Violation(s)

On The Above Day, Date, And Time I, Counselor Sarah Forbes Was Opening My Mail. I Received A Letter From I/M William Webb 256056. The First Line Of The Letter Said, "I Don'T Know What Type Of Games You Are Playing, But I'M Not Going To Be Playin Here Shortly." I Perceived This As A Threat. Therefore He Is Being Written Up For Disorderly Of Threatening Behavior. I/M Web Was Told On June 20, 2005, By Captain Sagers (Ir#1023609) That He Was Not To Write Anymore Threatening Letters To Anyone Therefore He Is Also Being Written Up For Fail To Obey An Order. Eor

Reporting Officer: Forbes, Sarah  (L5 Correctional Counselor)

### Immediate Action Taken

Immediate action taken by: Forbes, Sarah  -L5 Correctional Counselor

Notified Supervisor

### Offender Disposition Details

Disposition: N/A                    Date: N/A        Time: N/A        Cell secured? No

Reason: N/A

Disposition Of Evidence: Forward Copy To Hearing Office And Ia

### Approval Information

Approved: ☑    Disapproved: ☐    Approved By: Godwin, Derrick R (Staff Lt./Lt)

Comments: N/A

### Shift Supervisor Details

Date Received: 08/23/2005        Time: 13:27        Received From: __

**Shift Supervisor Determination:**

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

_____

Godwin, Derrick R (Staff Lt./Lt)

I have received a copy of this notice on **DATE:** _____  **TIME:** _____  and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing Officer:**                    **Offender:** _____

Godwin, Derrick R                                Webb, William J J

$Ex. H.$

1019990

Smyrna Landing Road
SMYRNA DE, 19977
Phone#: 302-653-9261

# NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

**TO: Inmate:** Webb,William J J          **SBI#:** 00256056          **Housing Unit:** Bldg 21

1.  You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2.  At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
    How do you plead ? **[  ] Guilty       [ X  ] Not Guilty**

3.  A "Minor Offense"  is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Written Reprimand
    b.  Loss of one or more privileges for a period of time **of more than 24 hours but not to exceed 15 days.**

4.  A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Loss of one or more privileges for a period of time not to exceed 90 days.
    b.  Confinement to assigned quarters for a period of time not to exceed 90 days.
    c.  Isolation confinement for a period of time not to exceed 90 days.
    d.  Loss of good time for a period of time not to exceed 90 days.
       (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner
       or his designee.)

5.  You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6.  Counsel requested ?  **No**                     Name of Counsel:

7.  Confront accuser?  **Yes**

8.  Witness requested?  **No**                     Name of Witness:

I certify that on          at          , I
served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense and
the Disciplinary Report is attached hereto.

**(Employee's Signature & Title)**

I have received copies of 122 & 127 and
understand my rights as Form # 127 has
been read to me


**(Inmate's Signature)**
Webb,William J J

$Ex. I$

Delaware Correctional Center
Smyrna Landing Road
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

# NOTICE OF DISCIPLINARY HEARING - FOR MINOR/MAJOR OFFENSE

## INMATE RIGHTS IN THE DISCIPLINARY PROCESS

**MINOR OFFENSE :**

**Right to Remain Silent:** If you are charged criminally based upon the same facts giving rise to the disciplinary process, yo have the right to remain silent at the Disciplinary Hearing. If you choose to remain silent, your silence will not be considered against you at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

**Presence:** You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearir Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions sł be stated in writing.

$Ex. J$

Smyrna Landing Road
**SMYRNA DE, 19977**
Phone No. 302-653-9261

## DISCIPLINARY HEARING DECISION

**Inmate :** Webb, William J J                                    **SBI#:**00256056    **Type:**Class 1

**Institution:**DCC  Delaware Correctional Center              **Hearing Date:** 08/30/2005    **Time:** 09:25

**Inmate Present:** Yes    **Reason(If No):** N/A

**Violation:** 1.06/200.203 Disorderly or Threatening Behavior, 2.06/200.108 Failing to Obey an Order

**Inmate PLEA: Not Guilty**

**Inmate Statement:** I didn't threaten her.

**Decision :Guilty**

**Rational :** Inmate didn't want to confront accuser.  Per report from counselor inmate wrote what she perceived  as a threat, after being told not to.  Found guilty of all charges.

**Sanctions:** N/A

### HEARING OFFICER'S SIGNATURE

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing  to the Class I Hearing  Officer.I may appeal the decision of a Class I Hearing  to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [X]    DO    [ ]    DO NOT INTEND TO APPEAL

**INMATE's SIGNATURE**

### ORDER TO IMPLEMENT SANCTIONS

[ ]    Inmate does not wish to appeal              [X]    Appeal has been denied by Commissioner or Designate

[ ]    Sanctions have been modified               [ ]    Time Limit(72 Hours since hearing) for appeal has expired

**It is here by ordered to implement the sanctions:**

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Confinement to Quarter | 10/03/2005 | 5 | 10/07/2005 |

$Ex. K$



# Office of Treatment Services
## Maximum Housing Unit - Medium High Unit
### Delaware Correctional Center
### Smyrna, Delaware 19977

To:     William Webb 256056
        MHU 21 AL7

From:   Todd Kramer
        MHU 23 Counselor

Date:   June 6, 2005

I have received your letter through in-house mail. As of 5-19-05 you are classified to
Medium High security and therefore you will be moved to MHU 22 or 23 when a bed is
available.

Thank you for your patience.

Cc:     File

$Ex. L$

# Office of Treatment Services
## Maximum Housing Unit
### Delaware Correctional Center
### Smyrna, Delaware 19977

To:     William Webb
        21-A-L-7

From:   Counselor Forbes
        MHU 21 Counselor

Date:   July 10, 2005

I have talked to Ron Drake and he confirmed what you told me in your letter. I am looking into the situation with your level. In the mean time I am going to be in the building at some time this week and am going to come to talk with you.

Thank you for your patience.

## Delaware Correctional Center

TO: Inmate William Joseph Webb, Jr.

| FROM: | Kenneth Milbourne |
| | Correctional Counselor Supervisor |
| DATE: | May 15, 2006 |

Subject: Inmate Correspondence

Please be advised that this writer received your recent correspondence and it has been forwarded to the assigned counselor supervisor for the SHU/MHU area-Classification Officer Jackson for any action or response the supervisor deem appropriate. Be advised that all requests for assistance must be initiated at the building level with your assigned correctional counselor.

cc: Classification Officer Jackson

$Ex. N$



# Office of Treatment Services
## Maximum Housing Unit - Medium High Unit
### Delaware Correctional Center
### Smyrna, Delaware 19977

To:     William Webb 00256056
        MHU 23 AU10

From:   Todd Kramer
        MHU 23 Counselor

Date:   May 16, 2006

I have received your letter through in-house mail. I told you to sit back and relax while in MHU and don't get any write-ups. I never told you to sit back here and do nothing. I understand your desire to continue your college courses, however, your behavior has placed you in this situation, and there is no one to blame but yourself. I have looked at the incidents and the outcome at the hearings as well. You are appropriately placed based on your behavior of last August. I have no doubt that the many officers that you named will attest to your attitude and behavior, but that does not mean that the write-ups you received should be overlooked.

Thank you for your patience.

Cc:     File

$Ex. \; O$

William J. Webb Jr.

WILMINGTON, DE 19850    JUN 2007

Clerk of the U.S. Dist. Ct. for DE
844 King St. Lockbox 18
Wilmington, DE
19801