**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 07-31-GMS |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | JURY TRIAL REQUESTED |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT STAN TAYLOR'S
RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Stan Taylor responds to Plaintiff's Interrogatories as follows:

**GENERAL OBJECTIONS**

1.   Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.   Answering Defendant objects to the Interrogatories to the extent that they purport to require supplementation of these responses beyond that required by Federal Rule of Civil Procedure 26(e).

3.   Answering Defendant objects to the Interrogatories to the extent that they purport to place duties upon them not set forth in, or contemplated by, the Federal Rules of Civil Procedure.

4.   Answering Defendant objects to the Interrogatories to the extent that they purport to seek information or documents not in their possession, custody or control.

5. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents equally available to the Plaintiffs or Plaintiffs' counsel. Such documents will be identified by Answering Defendant but will not be produced.

6. Answering Defendant objects to the Interrogatories to the extent that they purport to require production of information or documents which are impractical or unduly burdensome to reproduce.

7. Answering Defendant objects to the Interrogatories to the extent that they seek the production of documents generated by or received from his counsel in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Answering Defendant's Responses, Answering Defendant responds, after a reasonable search, and subject to supplementation, as follows:

1. What is your last completed education level? Provide, school name(s) and achievement obtained/completed.

**RESPONSE:** Answering Defendant graduated from Indian River High School and earned a Bachelor's degree in Sociology from the University of Delaware.

2. Were you present at the hearings held in Dover in the approximate months of November or December, 2005?

**RESPONSE:** I attended house and senate caucus meetings in November, 2005 concerning inmates' health care issues.

3.  While the Plaintiff is in "State custody" why isn't he in or under your care? If no, explain.

**RESPONSE:** Answering Defendant retired from DOC in January, 2007. Answering Defendant did not provide medical care to Plaintiff. Medical care was provided by the medical contractor.

4.  How much was the contract signed between Delaware Department of Corrections and First Correctional Medical? State exactly how much, the time of contract why any contracts were terminated?

**RESPONSE:** Objection. This request is vague, overly broad and unduly burdensome. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory seeks production of information protected from discovery by 29 *Del.C.*§10002(g)(13).

5.  How many times was First Correctional Medical the health care medical provider in the State of Delaware's prisons? Provide the amount of times, specific dates and times, agreed upon stipulations/protocols for services, amounts paid for contract, any reasons why the contracts were terminated.

**RESPONSE:** Objection. This request is vague, overly broad and unduly burdensome. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory seeks production of information protected from discovery by 29 *Del.C.*§10002(g)(13).

6.  Do you know if First Correctional Medical, Correctional Medical Services

and Prison Health Systems are corporate affiliated? If yes, state the name and address of the parent corporation, along with any other relevant information.

**RESPONSE:** I do not believe they are affiliated.

7. Did First Correctional Medical have an office in Delaware while they were the health care medical provider at Delaware's prisons? If yes, state the full address.

**RESPONSE:** I do not know.

8. How much was the contract signed between Delaware Department of Corrections and Correctional medical Services? State exactly how much, the time of contract and why any contracts were terminated.

**RESPONSE:** Objection. This request is vague, overly broad and unduly burdensome. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory seeks production of information protected from discovery by 29 *Del.C.*§10002(g)(13).

9. How many times was Correctional Medical Services the health care medical provider in the State of Delaware's prisons? Provide the amount of times, specific dates and times agreed upon stipulations/protocols for services, amounts paid per contract and reasons why the contract was terminated.

**RESPONSE:** Objection. This request is vague, overly broad and unduly burdensome. Further objection that this Interrogatory has no relevance to Plaintiff's claims, requests information beyond the scope of Rule 26, and is not designed to lead to the discovery of admissible evidence. Further objection that this Interrogatory seeks production of information protected from discovery by 29 *Del.C.*§10002(g)(13).

10. What were the reason(s) for your departure from the Delaware Department of Corrections? Give all relevant information.

**RESPONSE:** Retirement.

11. Are you willing to settle this matter without the embarrassment of a trial?

**RESPONSE:** Any decisions as to settlement are not made by Answering Defendant, who is no longer employed by the State of Delaware Department of Correction.

12. While you were acting Commissioner, did you open your mail? If no, state all names, their employment status, education level and qualifications.

**RESPONSE:** I did not open my mail. Judy Sherwood, a secretary, and Lea Dulin an Administrative Assistant, opened mail.

13. Have you actually read a copy of the Complaint filed against you by the Plaintiff? If no, provide specific information.

**RESPONSE:** Yes.

14. Are you aware of the answer that your attorney Eileen Kelly has filed on your behalf?

**RESPONSE:** Yes.

15. Have you read the recently signed agreement signed between Carl Danberg and the Federal Justice Department?

**RESPONSE:** I read the Agreement that includes my signature.

16. Have you been contacted by any business, person or any other artificial entity in connection with this litigation? If yes, give all relevant names and addresses including the nature of the contact and information obtained.

**RESPONSE:** Objection. This Interrogatory seeks production of information protected

from discovery by the attorney-client privilege and/or the work product doctrine. Without waiving this objection, no.

17.   Have you contacted any of the other defendants named in this litigation? If so, explain in specific detail all communications and the nature.

**RESPONSE:** No.

18.   What administrative remedies has the Plaintiff failed to exhaust?

**RESPONSE:** This Interrogatory is premature as discovery has just begun in this case.

19.   What qualifies you for qualified immunity? If yes, give all specific information in specific detail and law with complete copies.

**RESPONSE:** Objection. This Interrogatory seeks a legal conclusion.

20.   What claims has the Plaintiff put forth that fall under the State Tort Claims Act, 10 Del. C. §4001 et seq., which entitles you to immunity? Explain in specific detail, give all information.

**RESPONSE:** Objection. This Interrogatory seeks a legal conclusion.

21.   What claims has the Plaintiff put forth under state law that gives you sovereign immunity? Provide specific information in specific detail and law with complete copies.

**RESPONSE:** Objection. This Interrogatory seeks a legal conclusion.

22.   How has the Plaintiff failed to state a claim upon which relief can be granted?

**RESPONSE:** Objection. This Interrogatory seeks a legal conclusion.

23.   Are you aware that Senate Bill 292 (Copeland) clearly states that I was in your care?

**RESPONSE:**  See Response to Interrogatory No. 3.

                    **STATE OF DELAWARE**
                    **DEPARTMENT OF JUSTICE**

                    /s/ Eileen Kelly
                    Eileen Kelly, I.D. #2884
                    Deputy Attorney General
                    Carvel State Office Building
                    820 North French Street, 6th Floor
                    Wilmington, Delaware 19801
                    eileen.kelly@state.de.us
                    (302) 577-8400

Dated: August 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, I electronically filed *Defendant Stan Taylor's Response to Plaintiff's Interrogatories* with the Clerk of Court using CM/ECF. I hereby certify that on August 31, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

William Joseph Webb, Jr.
SBI#256056
Delaware Correctional Center
1181 Paddock Road
Smryna, DE  19977

/s/ Eileen Kelly
Eileen Kelly, ID#2884
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 07-31-GMS |
| ) | |
| FIRST CORRECTIONAL MEDICAL, ) | JURY TRIAL REQUESTED |
| et al., ) | |
| ) | |
| Defendants. ) | |

VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Defendant's Responses to Plaintiff's Interrogatories are true and correct.

_____
Stan Taylor