IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 – GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | TRIAL BY JURY OF TWELVE |
| GOVERNOR RUTH ANN MINNER, | : | DEMANDED |
| COMMISSIONER STANLEY W. TAYLOR, | : | |
| BUREAU CHIEF PAUL W. HOWARD, | : | |
| MS. GINA WOLKEN, | : | |
| DR. ALI, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. ANE DOE, CORRECTIONAL MEDICAL | : | |
| SERVICES GRIEVANCE HEARING STAFF, | : | |
| MS. ROSALIE VARGAS, | : | |
| JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

**CORRECTIONAL MEDICAL SERVICES' ANSWERS TO**
**<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS</u>**

1. Is CMS, First Correctional Medical ("FCM"), and Prison Health Services ("PHS") corporate affiliated?

    (a)    If so, what is the parent corporation's name?

    (b)    What is their address?

    (c)    Any other known information that can be produced.

**ANSWER:** **Objection. This interrogatory is vague, overly broad and unduly burdensome, seeks information that is not relevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, no.**

{DE089131.2}

2.      How many lawsuits within the past ten years have been placed against CMS within the State of Delaware, if any? If the answer is "yes", please state:

   (a)   name of the court and address;

   (b)   caption in that court;

   (c)   names and addresses of plaintiffs and defendants;

   (d)   disposition of the cases and any outcomes with awards; and

   (e)   any discoveries that were made.

**ANSWER:   Objection.  This interrogatory is vague and overly broad, seeks information that is not relevant and not reasonably calculated to lead to admissible information.  Without waiving objections and subject thereto, such information may be obtained by request from the various Clerks and Prothonotary's of the Courts in Delaware.**

3.      Did CMS sign a $25,000,000 open bid contract with the Delaware Department of Corrections to provide healthcare for inmates under their care? If so, a copy of the following:

   (a)   copy of the contract;

   (b)   copy of the checks paid for services;

   (c)   copy of how the services were to be provided by any types of protocols or written directives; and

   (d)   any and all other paperwork that is associated with CMS and Delaware Department of Corrections.

**ANSWER:   Objection.  This interrogatory seeks information that is privileged, overly broad, not relevant and not reasonably calculated to lead to admissible information.**

{DE089131.2}

**Without waiving objections and subject thereto, no.**

4. How many time has CMS been the healthcare medical provider for the Delaware Department of Corrections? If the answer is "yes", state the following:

    (a) specific dates and times;

    (b) specific reasons for termination or reasons of release of contracts and why the contracts were not renewed;

    (c) copies of the contracts;

    (d) specific names of all the staff hired while CMS was the medical provider and whether the staff was the same staff for the previous medical provider that had been hired by the Delaware Department of Corrections; and

    (e) any staff that was fired, suspended, or relieved of their contract, and the reasons for such actions.

**ANSWER: Objection. This interrogatory is overly broad unduly burdensome and seeks information not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, Correctional Medical Services had been a provider of healthcare for some Delaware Correctional Institutions from about 2000 to 2002 and then from about July, 2005 to the present.**

5. How long as the Plaintiff, William J. Webb, Jr., been on the chronic care list since CMS has been the healthcare medical provider?

**ANSWER: Objection. This interrogatory is vague, seeks information that is not relevant and not reasonably calculated to lead to admissible information. Without waiving**

{DE089131.2}

**objections and subject thereto, please see medical records produced in response to Plaintiff's request for production of documents.**

6. How many times has the Plaintiff, William J. Webb, been admitted to the hospital at DCC while CMS was the healthcare medical provider for the Delaware Department of Corrections? If the answer is "yes", please state the following:

    (a) list the dates and time of admissions;

    (b) the staff that was on duty with a picture;

    (c) the doctors that were on call at the times of admissions;

    (d) the length of time and reason for admission with all of the medications and services provided; and

    (e) any and all other notes, or other performances that were or may have been made.

**ANSWER: Objection. This interrogatory is overly broad and vague, seeks information that is inadmissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, please see medical records produced in response to Plaintiff's request for production of documents.**

7. Specifically, what was Dr. Niaz hired to do while employed with CMS?

**ANSWER: Objection. This interrogatory is vague and assumes that Dr. Niaz was employed with CMS at the relevant times. Without waiving objections and subject thereto, Dr. Niaz was an infectious disease doctor, but was not employed or an independent contractor by or for CMS in February or April of 2005.**

{DE089131.2}

8. Does Dr. Niaz still work for CMS? If yes, state where. If no, state the reasons for any departure and any written complaints filed by anyone.

**ANSWER: Objection. This interrogatory is overly-broad, unduly burdensome, seeks information that is inadmissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, Dr. Niaz no longer works for Correctional Medical Services.**

9. Specifically, what was Gina Wolken hired to do while employed with CMS?

**ANSWER: Objection. This interrogatory is overly-broad and unduly burdensome and seeks information that is inadmissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, Gina Wolken was employed with CMS from about 2000 to 2002. Gina Wolken has not worked for CMS since 2002.**

10. Does Gina Wolken still work for CMS? If yes, state where and what she is employed as. If no, state the reasons for any departure and any written complaints filed by anyone.

**ANSWER: Objection. This interrogatory is overly-broad, vague, and seeks information that is inadmissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, please see answer to interrogatory No. 9.**

{DE089131.2}

11.     Can CMS make recommendations to the Delaware Department of Corrections to have inmates released early due to severe medical issues? If so, give all necessary information.

**ANSWER: Objection. This interrogatory is vague and overly-broad, seeks information that is inadmissible and not reasonably calculated to lead to admissible information.**

12.     How many inmates within the past ten years have staff for CMS misdiagnosed their illnesses? If the answer is yes, state the following:

       (a)     Was CMS sued?

       (b)     What were the misdiagnosed illnesses?

       (c)     State any and all information that is in connection with this question.

**ANSWER: Objection. This interrogatory is unduly burdensome, vague and overly-broad, seeks information that is inadmissible and not reasonably calculated to lead to admissible information.**

13.     What is the protocol for hepatitis C treatments and procedures leading to treatments that CMS implements?

**ANSWER: Objection, this Interrogatory is over broad and seeks information that is inadmissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, Hepatitis C is a disease that has various stages and a patient's treatment regimen is determined by the treatment available in correlation with the stage of the disease, as well as other medical factors.**

{DE089131.2}

14.   What is the protocol for treating cellulitis (inflammation of the skin) and procedures for further prevention that CMS implements?

**ANSWER:   Objection, this Interrogatory is vague and ambiguous, seeks information that is irrelevant and not reasonably calculated to lead to admissible information as the Plaintiff cannot make a claim for medical negligence. Without waiving objections and subject thereto, Correctional Medical Services provides medical personnel to examine inmates and provide adequate medical care based upon the presentation of the inmate in the context of a prison setting. To the extent there is one protocol or procedure for treating cellulites, to be provided.**

15.   Why was the Plaintiff denied Tylenol or any other fever medication when he had a fever of 102.1° until it reached 104+°?

**ANSWER:   Objection. This interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, it is believed that Plaintiff references an event that occurred in February, 2005 at a time when CMS was not the contractor for the Delaware Department of Corrections.**

16.   Why was the Plaintiff denied ice for his right leg when it was bright red and hotter than his body temperature was?

**ANSWER:   Objection. This interrogatory is vague and overly-broad, seeks information that is irrelevant and not reasonably calculated to lead to admissible**

{DE089131.2}

information. Without waiving objection and subject thereto, it is believed the Plaintiff is addressing events that occurred in 2005 prior to Correctional Medical Services' contracting with the Department of Corrections to provide medical services to inmates.

17. Why would a nurse put a heat pack on a leg that's temperature is higher than the body temperature?

**ANSWER**: Objection. This interrogatory is vague and overly-broad, seeks information that is irrelevant and not reasonably calculated to lead to admissible information. Without waiving objection and subject thereto, it is believed the Plaintiff is addressing events that occurred in 2005 prior to Correctional Medical Services' contracting with the Department of Corrections to provide medical services to inmates.

18. Who were the nurses on duty on February 20, 2005?

**ANSWER**: Objection. This interrogatory is vague and overly-broad and seeks information that is inadmissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, unknown.

19. Who was or were the doctors on call on February 20, 2005?

**ANSWER**: Objection. This interrogatory is vague and overly-broad and seeks information that is inadmissible, irrelevant, and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, unknown.

{DE089131.2}

20. Who were the nurses assigned to work with Dr. Niaz?

**ANSWER: Objection. This interrogatory is vague and overly-broad, seeks information that is inadmissible and not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, the Defendant does not know which nurses worked with Dr. Niaz during the time for which the Plaintiff has alleged misconduct.**

21. Who were the nurses on duty between the dates of February 21, 2005 until February 26, 2005?

**ANSWER: Objection. This interrogatory is overly-broad and unduly burdensome and seeks information that is not reasonably calculated to lead to admissible information. Without waiving objections and subject thereto, unknown.**

22. Where the Plaintiff was admitted into the hospital where CMS is the healthcare medical provider, isn't that considered to be "your care"?

**ANSWER: Objection. This interrogatory is vague and confusing.**

23. Isn't it against CMS policy to pay for attorney fees for their employees?

**ANSWER: Objection. This interrogatory seeks information that is irrelevant and not reasonably calculated to lead to admissible information and information, the production of which, is violative of the attorney/client privilege.**

{DE089131.2}

                                        Marks, O'Neill, O'Brien & Courtney, P.C.

                                        By:  */s/ Ryan M. Ernst*
                                        Ryan M. Ernst, Esquire/ID No. 4788
                                        Megan T. Mantzavinos, Esquire/ID No. 3802
                                        913 North Market Street, #800
                                        Wilmington, DE  19801
                                        (302) 658-6538
DATED:  December 7, 2007               *Attorneys for Defendant*

{DE089131.2}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 – GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | TRIAL BY JURY OF TWELVE |
| GOVERNOR RUTH ANN MINNER, | : | DEMANDED |
| COMMISSIONER STANLEY W. TAYLOR, | : | |
| BUREAU CHIEF PAUL W. HOWARD, | : | |
| MS. GINA WOLKEN, | : | |
| DR. ALI, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. ANE DOE, CORRECTIONAL MEDICAL | : | |
| SERVICES GRIEVANCE HEARING STAFF, | : | |
| MS. ROSALIE VARGAS, | : | |
| JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT

STATE OF DELAWARE    :
                     :
KENT COUNTY          :

BE IT REMEMBERED that on this 29 day of Oct, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Ronnie Moore, personally known to me as such, and being duly sworn according to law, did depose and say that he is the Health Services Administrator for Correctional Medical Services, Inc. and that the foregoing answers to Interrogatories are true and correct to the best of his knowledge and belief.

_____
Ronnie Moore, Health Services
Administrator

SWORN TO and SUBSCRIBED before me the day and year first above written.

{DE090535.1}DE089223.1

 _____NOTARY PUBLIC

{DE090535.1}DE089223.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR.,, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 - GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| GOVERNOR RUTH ANN MINNER, | : | |
| COMMISSIONER STANLEY W. TAYLOR, | : | |
| BUREAU CHIEF PAUL W. HOWARD, | : | |
| MS. GINA WOLKEN, | : | |
| DR. ALI, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. ANE DOE, CORRECTIONAL MEDICAL | : | |
| SERVICES GRIEVANCE HEARING STAFF, | : | |
| MS. ROSALIE VARGAS, | : | |
| JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, **Ryan M. Ernst, Esquire**, of Marks, O'Neill, O'Brien & Courtney, P.C., hereby certify that on this **7th** day of **December** 2007, two copies of the attached **Correctional Medical Services' Answers to Plaintiff's First Set of Interrogatories Directed to Defendants** were served by regular mail, first class, postage prepaid, upon the following individual:

    Inmate William Joseph Webb, Jr., *Pro Se*
    SBI #256056
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    **/s/ Ryan M. Ernst**
    Ryan M. Ernst, Esquire (No. 4788)
    *Attorney for Defendant*

{DE098177.1}