To: Clerk of the U.S. Dist. Ct. for DE
Fr: William Joseph Webb Jr.
#256056 / 17 SHU C12L
1181 Paddock Road
Smyrna, DE 19977

07-31 6MS

FILED
DEC 17 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Subject: Filing of Memo. of Law and letter to Ryan Ernst.

December 12, 2007

Dear Clerk,

Due to I'm having serious problems with Staff and Medical here I need to know your office has received this correspondence and the previously filed Motion for Default Judgment.

Secondly, the letter enclosed is a copy of the letter I sent to Ryan M. Ernst for the Court to docket.

Thank You and have Happy Holidays if you celebrate.

Respectfully,
Will Joseph Webb Jr.

In The United States District Court
for The District of Delaware

William Joseph Webb Jr.,
    Plaintiff,

v.

First Correctional Medical,
Et. Al.,
    Defendants.

Civ. Act. No.: 07-31-GMS

Jury Trial Requested

FILED
DEC 17 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Memorandum of Points and Authorities in Support of Motions for Default Judgment Against Defendants "CMS", Gina Wolken, and Dr. Niaz, and Release of Plaintiff.

In further support of his Motion for Default Judgment, Plaintiff, William Joseph Webb Jr. states as follows:

1. Plaintiff filed an initial set of Interrogatories and Production of Documents on defendants "CMS", Gina Wolken, and Dr. Niaz on July 23, 2007 and August 7, 2007. Plaintiff later gave a one-time 30 day extension as a kind gesture, but not a second one.

2. On the final pages of Production of Documents, Plaintiff explicitly claused that failure to produce said documents renders said defendants subject to a default judgment against them.

3. Defendants "CMS," Gina Wolken, and Dr. Niaz have refused to answer any of their Interrogatories nor produce documents even after Plaintiff kindly granted them a thirty day extension.

Excerpts of Law:

4. "A default is entered upon the defendants' failure to plead or otherwise defend. Fed R. of Civ. Proc. Rule 55(a). [But] if an evidentiary hearing or other proceeding are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered." Fed. R. of Civ. Proc. Rule 55(b)(2). (See S.E.C. v. Smyth 420 F.3d 1225 (2005)).

— 2 —

5. The Federal Civil Rules Handbook (2007) at page 935 gives the definition of "default" and "default judgment" as: (a) "Default: Defendant has failed to defend thus deprives defendant of the right to contest the factual allegations of the complaint;

and (b) Default Judgement: Not only as same as above, but also denies defendant right to contest damages allowed."

6. As to relief of entrance of default judment: "Petitioner can ask for extreme sanctions, such as release, that are reserved to extreme occassions because of the malfeasance, concealment, and passive concealment, but most important, acts that "shock the conscience" and violate petitioner's rights, so as to send a message for those actions [not] to be repeated."

7. "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." (see Faraday v. Comm.

— 3 —

of Corr. 95 Conn. App. 1, 6, 894 A.2d 1048, 1053).

8. "In its prohibition against cruel and unusual punishments, the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners.... The Amendment also imposes duties on these officials, who must provide humane conditions of confinement: prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates...." (Id. at 6, 1053 quoting Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d. 251 (1994))

Analysis:

9. Plaintiff has filed two Motions before the Court for its consideration; (1). Motion for Default Judgment Against "CMS," Gina Wolken, and Dr. Niaz; and (2). Motion to Compel Delaware's Department of Corrections to release

— 4 —

Plaintiff.

10. The court must scrutinize these Motions under the Eighth Amendment's "Deliberate Indifference" and prohibition against "Cruel and Unusual Punishment" Standards as prescribed by the U.S. Supreme Court's conclusion in Estelle v. Gamble and Farmer v. Brennan Stating;
"[D]eliberate indifference to serious medical needs of prisoners Constitutes the unnecessary and wanton infliction of pain... proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." (Id. at 6, 1054 quoting Estelle v. Gamble 429 U.S. 97, 104-05, 97 S.Ct. 285, 50 L.Ed.2d 251(1976)); also refer back to paragraph 8. (Id at 6, 1053 quoting Id.)

— 5 —

11. Secondly, "a prisoner seeking relief under the Eighth Amendment on the basis of inadequate medical care must demonstrate the objective aspect of his claim; the prisoner must establish that a serious medical condition exists that requires medical care." (*Id.* at 8, 1055 quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L. Ed. 2d 271 (1991).)

12. In addressing Plaintiff's claims against defendants "CMS", Gina Wolken, and Dr. Niaz to enter into a default judgment in favor of Plaintiff, the [Court] has already established the existence of Violations amounting to Constitutional magnitude requiring all state and non-State defendants to answer Plaintiff's complaint, with the exception of grievance issues.

13. Plaintiff initiated discovery and the interrogation processes against a portion of the defendants, where Stanley Taylor has answered and produced some documents, Governor Minner has 2 pending Motions, and the other

— 6 —

defendants "FCM" has been dismissed and Dr. Ali is still in the "service process" stage, while the defendants the Plaintiff is seeking default judgment against has totally failed to answer their interrogatories and produce documents even after Plaintiff gave them a 30-day extension as a kind gesture.

14. As a final thought as to there being a serious enough medical need or denial for the [Court] to consider releasing Plaintiff is the fact that as the result of "CMS", various "CMS" staff, and Prison Officials, the Plaintiff on September 17, 2007, again almost reached the point of legal death.

Therefore, Plaintiff, William Joseph Webb Jr. has put forth a very strong show of evidence to support an Entry of Default Judgment against "CMS," Gina Wolken, and Dr. Niaz, along with a judgment for compulsion of the Delaware Department

— 7 —

of Corrections to release Plaintiff so He can receive the medical care He seriously needs to prevent His death.

Dated: December 12, 2007

Respectfully Submitted,

*William Joseph Webb Jr.*

William Joseph Webb Jr.
# 256056 / 17 C1ZL
1181 Paddock Road
Smyrna, DE 19977

## Certificate of Service

I, William Joseph Webb Jr., hereby certify that I have served a true and correct cop(ies) of the attached Memorandum of Law in Support of Motions for Default Judgment Against Defendants "CMS," Gina Walken, and Dr. Niaz, and Release of Plaintiff upon the following parties:

To: Catherine Damavandi, Esq.
820 North French Street
Wilmington, DE 19801

To: Dr. Ali
1301 East 12th Street
Wilmington, DE 19809

To: Megan T. Mantzavinos, Esq.
Ryan M. Ernst, Esq.
913 Market Street, Suite 800
Wilmington, DE

To: First Correctional Medical
205 Giaconda Way, Ste. 115
Tucson, AZ 85704

By placing same in a sealed envelope, and depositing in the U.S. Mail at the Delaware Corr. Ctr. Smyrna, DE 19977 on this 12th day of December, 2007.

William Joseph Webb Jr.
#256056

To: Ryan M. Ernst, Esq.

Fr: William Joseph Webb Jr.
#256056 / 17 C.L.12
1181 Paddock Road
Smyrna, DE 19977

07-316MS



Re: Interrogatory Answers to #1,3, 7, 8, 9 and the discrepancies in the dates of the Answers and Affidavit.

December 12, 2007

Dear Mr. Ernst,

① Your client's answer to Interrogatory #1 is false where it is factually known that those three companies are corporate affiliated and the parent company is in Philadelphia.

② Your client's answer to Interrogatory #3 is false where it was published in the New Journal that CMS received a $25,000,000.00 no-bid contract to provide medical services for the D.D.O.C.

③ Your client's answer to Interrogatory #2 is confused about the date, if you read the complaint and the question it clearly states that on April 19, 2006, not 2005. Also, the discovery I sent clearly states April 19, 2006.

④ Your clients answer to Interrogatory #8 and #9 does not explain the answer correctly nor does it tell what Gina Wolken was employed as, in which I need to know where I might need an expert witness in her field.

⑤ Why is the date of the Affidavit well over a month earlier than the Answers you have just filed.

⑥ Why haven't I received the discovery yet where your office has already defaulted on the behalf of your clients.

I will give you a chance to answer before I raise the price on default, remember perjured statements are violations.

Respectfully,

Will J. Webb Jr.

2

## Certificate of Service

I, William J. Webb Jr. hereby certify that I have served a true and correct cop(ies) of the attached letter upon the following:

To: Catherine Damavandi
820 North French Street
Wilmington, DE 19801

To: Megan T. Mantzavinos & Ryan Ernst
913 Market Street - Suite 800
Wilmington, DE 19801

To: First Correctional Medical
205 Giaconda Way - Ste 115
Tucson, AZ 85704

To: Dr. Ali
1301 East 12th Street
Wilmington, DE 19809

By placing same in a sealed envelope, and depositing in the U.S. Mail at D.C.C. Smyrna, DE on this day of December, 2007.

*William J. Webb Jr.*

I/M William Joseph Webb Jr.
SBI# 256056   UNIT 17 SHU C17L
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of the U.S. Dist. Ct. for DE
844 King Street
Lock box 18
Wilmington, DE 19801