IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-31-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| COMMISSIONER W. | ) |
| TAYLOR, MS. GINA WOLKEN, | ) |
| DR. ALI, DR. NIAZ, DR. JOHN DOE, | ) |
| DR. JANE DOE, JOHN DOE, and | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. BACKGROUND**

The plaintiff, William Joseph Webb, Jr. ("Webb"), an inmate at the Delaware

Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se*

and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.)

Webb alleges that the defendants Dr. Ali ("Dr. Ali'), Gina Wolken ("Wolken"), Dr. Niaz ("Dr.

Niaz"), Correctional Medical Services ("CMS"), John/Jane Does, and Drs. John/Jane Does were

deliberately indifferent to his serious medical needs. He alleges that the defendants former

Commissioner Stan Taylor ("Taylor") and Governor Ruth Ann Minner ("Governor Minner")

were aware of his medical needs but denied medical care to save money and were negligent in

their obligation to provide him medical care. Pending before the court are several motions

including the defendant, Governor Minner's motion to dismiss[1], and motion for protective order,
and Webb's motion to strike answer, motion to reinstate, motion to compel (transfer), and motion
to stay. (D.I. 28, 38, 40, 41, 56, 57.)

## II. DISCUSSION

### A. Motion for Judgment on the Pleadings

#### 1. Standard of Review

Governor Minner indicates that her motion to dismiss should actually be considered as a
motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) inasmuch as she has
answered the complaint. (D.I. 51.) Where a Rule 12(c) motion alleges a plaintiff's failure to
state a claim upon which relief can be granted, the court analyzes the motion under the same
standard as a Rule 12(b)(6) motion to dismiss. *See Turbe v. Government of Virgin Islands*, 938
F.2d 427, 428 (3d Cir. 1991).

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim
upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual
allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson
v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406
(2002). A complaint must contain "'a short and plain statement of the claim showing that the
pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is
and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964
(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does

---

[1]As Webb correctly notes, Governor Minner answered the complaint on July 9, 2007.
(D.I. 24.) In Governor Minner's reply memorandum, she indicates that the motion should have
been entitled a motion for judgment on the pleadings pursuant to Fed. R. Civ .P. 12(c).

not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at \*5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at \*6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

Governor Minner moves for dismissal on two grounds: the complaint fails to state a claim upon which relief may be granted, and under the Eleventh Amendment she cannot be held liable in her official capacity. Webb opposes the motion on the basis that Governor Minner answered the complaint and, further, that the complaint adequately states a claim against

-3-

Governor Minner.

## 2. Failure to State a Claim

The complaint contains the following allegations against Governor Minner. "In the approximity [sic] of November or December 2005, plaintiff had his sister go to the hearings held in Dover where defendant[] Governor Ruth Ann Minner became officially aware that plaintiff was being denied medical care to save money, shortly thereafter, plaintiff received the tests." (D.I. 2, ¶ IV.1.) Webb also alleges: "Negligence: After numerous newspaper articles about the serious denial of medical care at State of Delaware's Correctional Institutions where plaintiff is housed, . . . Governor Minner . . . [was] negligent in [her] obligations to plaintiff to make sure that plaintiff is receiving adequate medical care after [she] was aware that plaintiff was not receiving medical care that hee [sic] needed and still needs without deliberate indifference until he is released from prison/while under [her] care." *Id.* at ¶ IV.3.

### a. Deliberate Indifference

Governor Minner argues that the allegations in the complaint do not allege that she was deliberately indifferent to Webb's serious medical needs. Webb argues that the complaint clearly states that during the Dover hearing Governor Minner knew of his medical needs after his sister spoke on his behalf. He argues that the second statement clearly states that Governor Minner refused to do anything to ensure inmates, including plaintiff, were receiving medical care until the federal government stepped in and forced the State of Delaware to provide inmates with medical care.[2]

---

[2]The Civil Rights Division of the U.S. Department of Justice ("DOJ") conducted an investigation of five Delaware prison facilities pursuant to the Civil Rights of Institutionalized Persons Act, which authorizes the federal government to identify and root out systemic abuses.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

The allegations in ¶ IV.1 of the complaint fail to state a claim. Therein, Webb alleges that his sister attended hearings held in Dover where Governor Minner became officially aware that Webb was being denied medical care and, shortly thereafter, he received medical tests. Rather than alleging Governor Minner's deliberate indifference, Webb alleges that Governor Minner took action and he received medical testing once she was made aware of his medical issues.

Similarly, the allegations found at ¶ IV.3 of the complaint fail to state a claim. The claim references newspaper articles, of unknown content, on unknown dates, and in unknown

---

The investigation found substantial civil rights violations at four of the five facilities: Delores J. Baylor Women's Correctional Institution, Howard R. Young Correctional Institution, DCC, and Sussex Correctional Institution. The investigation resulted in the entry of a memorandum of agreement on December 29, 2006, between the USDOJ and the State of Delaware regarding the four institutions. Paragraph I.F. of the agreement provides that it may not be used as evidence of liability in any other legal proceeding.

newspapers which allegedly should have alerted Governor Minner that Webb needed medical care. There is no allegation that Webb was mentioned in the newspaper articles. The claim is pled as a negligence claim, but also makes references to deliberate indifference. Also, it appears that the claim seeks to hold Governor Minner liable in his supervisory capacity since it alleges that Webb is under her care until he is released from prison.

The complaint does not allege the requisite criteria necessary to establish negligence on the part of Governor Minner. The Supreme Court has held that prison authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986)); *see also Walker v. Reed*, 104 F.3d 156, 158 (8th Cir. 1997) (holding that prison officials' simple negligence does not amount to violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhuman conditions of confinement).

Moreover, Governor Minner has qualified immunity under the Delaware Tort Claims Act, Del. Code Ann. tit. 10 §§ 4001- 4005. Under the statute, the plaintiff has the burden of proving the absence of one or more of the elements of immunity.[3] Moreover, to survive a motion to dismiss, the plaintiff must allege the absence of one or more of these elements set forth under the statute. *Vick v. Haller*, 512 A.2d 249, 251-52 (Del. Super. Ct. 1986). The complaint does not contain the requisite elements.

---

[3]The complaint must allege that the act or omission complained of (i) arose out of and in connection with the performance of an official duty; (ii) was done in good faith and in the belief that the public interest would best be served thereby; or (iii) was done without gross or wanton negligence. *Vick*, 512 A.2d at 252.

### b. Personal Involvement

To the extent that Webb seeks to hold Governor Minner liable based upon her
supervisory position, it is well established that supervisory liability cannot be imposed under §
1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of
New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory
public official to be held liable for a subordinate's constitutional tort, the official must either be
the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the
plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing
*City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

The complaint does not adequately allege that Governor Minner was aware of Webb's
complaints and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at
1118. Similarly, it does not alleges that Governor Minner had any personal involvement in
Webb's alleged wrongs. "A defendant in a civil rights action must have personal involvement in
the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting
*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Based upon the foregoing, the court
will grant the motion to dismiss as the complaint fails to state a claim upon which relief may be
granted.

### 3. Eleventh Amendment Immunity

Governor Minner moves for dismissal arguing that she it entitled to Eleventh Amendment
immunity on the claims raised against her in her official capacity. The Eleventh Amendment
bars suits against states, *see Bolden v. SEPTA*, 953 F.2d 807, 813 (3d Cir. 1991), and claims
made against state officials in their official capacities are treated as claims made against the state

-7-

itself. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). Neither states nor state

officials sued in their official capacities for money damages are "persons" within the meaning of

§ 1983. *Will*, 491 U.S. at 69; *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A state, however, may waive its immunity under the Eleventh Amendment. Such waiver

must be in the form of an "unequivocal indication that the State intends to consent to federal

jurisdiction that otherwise would be barred by the Eleventh Amendment." *Ospina v. Department

of Corr.*, 749 F. Supp. 572, 578 (D. Del. 1990) (quoting *Atascadero State Hosp. v. Scanlon*, 473

U.S. 234, 238 n.1 (1985)). The State of Delaware has not consented to Webb's suit or waived its

immunity under the Eleventh Amendment. Therefore, the court will grant the motion to dismiss

on the basis of Eleventh Amendment immunity.

## III.  MISCELLANEOUS MOTIONS

### A.  Motion to Strike

Webb moves to strike the State defendants answer to the complaint on the basis that it

was not properly served on all defendants. (D.I. 28.) All defendants object to the motion. (D.I.

29, 30.) The motion is frivolous and the court will deny the motion.

### B.  Motion for Reinstatement

Webb for the reinstatement of the defendant, First Correctional Medical ("FCM"). (D.I.

38.) The court has reviewed the docket sheet and finds that FCM was incorrectly terminated as a

defendant. The court's memorandum, dated May 7, 2007, states that the grievance claims against

FCM are dismissed **but**, that Webb is allowed to proceed against FCM on the medical needs

claim. (D.I. 9, Mem. 5; Order ¶ 4.) FCM has been served and their waiver of service was sent

on July 31, 2007. (D.I. 35.) The court will grant the motion to reinstate FCM.

-8-

## C. Motion for Protective Order

Governor Minner moves for a protective order that she not be required to respond to Webb's discovery request until thirty days after the court rules on her pending motion to dismiss. (D.I. 40.) The motion indicates that Webb seeks certain discovery irrelevant and unrelated to this litigation. The motion is unopposed.

Pursuant to Fed. R. Civ. P. 26(c) the court may enter a protective order precluding any type of discovery "for good cause shown" and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . ." Inasmuch as the court will grant Governor Minner's motion to dismiss, the motion for a protective order will be denied as moot.

## D. Motion to Compel

Webb filed a motion to compel which the court construes as a motion to transfer. Webb asks the court to enter an order compelling the Delaware Department of Correction to release him from their custody. (D.I. 56.) The basis for the motion revolves around Webb's recent medical care at the DCC and the Kent General Hospital, his elevated temperature and alleged resultant brain damage as a result of the high temperature. The State defendants oppose the motion. (D.I. 58.)

The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that

-9-

state. *Olim v. Wakinekona,* 461 U.S. 238, 251 (1983). Moreover, maintaining institutional

security and preserving internal order and discipline are the central goals of prison

administration. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The court has no authority to dictate

Webb's release from prison based upon his displeasure with his medical treatment. Housing

determinations are made by prison authorities as part of the administration of the prison.

Therefore, the Court will deny the motion to compel.

### E. Motion to Stay

Webb moves the court to stay these proceedings so that he can prepare a motion to

compel, a motion to amend to add his "newest collection of medical denials and failure to

diagnose", and a motion for default judgment due to CMS' failure to make discovery. (D.I. 57.)

The State defendants object to the motion. (D.I. 58.) The motion is frivolous and the court will

deny the motion.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will grant Governor Minner's motion to

dismiss and will deny as moot her motion for protective order. (D.I. 40, 41.) The court will

grant Webb's motion to reinstate FCM as a defendant and will deny his motion to strike, motion

to compel and motion to stay. (D.I. 28, 38, 56, 57.) An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2008

Wilmington, Delaware

-10-

FILED

FEB 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.              )
                                     )
            Plaintiff,               )
                                     )
      v.                             ) Civil Action No. 07-31-GMS
                                     )
CORRECTIONAL MEDICAL SERVICES, )
GOVERNOR RUTH ANN MINNER,       )
COMMISSIONER STANLEY W.          )
TAYLOR, MS. GINA WOLKEN,         )
DR. ALI, DR. NIAZ, DR. JOHN DOE, )
DR. JANE DOE, JOHN DOE, and      )
JANE DOE,                        )
                                     )
            Defendants.              )

**ORDER**

At Wilmington this 11th day of _____Feb_____, 2008, for the reasons set

forth in the Memorandum issued this date

　　1. The plaintiff's motion to strike the answer to the complaint is **DENIED**.  (D.I. 28.)

　　2. The plaintiff's motion for reinstatement of defendant First Correctional Medical is

**GRANTED**.  (D.I. 38.)  The clerk of the court is directed to serve a copy of the motion upon

First Correctional Medical.  First Correctional Medical shall file an answer to the complaint on or

before _March 1,_ 2008.

　　3. The defendant, Governor Ruth Ann Minner's, motion for a protective order is

**DENIED** as **moot**.  (D.I. 40.)

　　4. The defendant, Governor Ruth Ann Minner's, motion to dismiss is **GRANTED** and

she is dismissed from the case.  (D.I. 41.)

5. The plaintiff's motion to compel Delaware Dept. of Corrections to release plaintiff from their custody is **DENIED**. (D.I. 56.)

6. The plaintiff's motion for stay of proceedings pending the disposition of motions and stay of claims and/or parties is **DENIED**. (D.I. 57.)

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE