# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,           :
                                    :
Plaintiff,                          :
                                    :
        v.                          :        C. A. No. 07-31 - GMS
                                    :
FIRST CORRECTIONAL MEDICAL,         :
CORRECTIONAL MEDICAL                :
SERVICES,  GOVERNOR RUTH ANN        :
MINNER, COMMISSIONER STANLEY        :
W. TAYLOR, BUREAU CHIEF PAUL        :
W. HOWARD, MS. GINA WOLKEN,         :
DR. ALI, DR. NIAZ, DR. JOHN DOE,    :
DR. JANE DOE, CORRECTIONAL          :
MEDICAL SERVICES GRIEVANCE          :
HEARING STAFF,  MS. ROSALIE         :
VARGAS,  JOHN DOE, AND JANE         :
DOE,                                :
                                    :
Defendants.                         :

## DEFENDANTS CORRECTIONAL MEDICAL SERVICES, DR. ALI, DR. NIAZ, & GINA WOLKEN'S RESPONSE TO MOTION FOR INJUNCTIVE RELIEF (RELATED DOCKET 71)

Defendants, Correctional Medical Services ("CMS"), Dr. Ali, Dr. Niaz and Gina Wolken[1]

(hereinafter "Defendants"), by and through their attorneys, Marks, O'Neill, O'Brien & Courtney,

P.C., hereby respond to Plaintiff's Motion for a Injunctive Relief (the "Motion") (DI 71) as

follows:

---

[1] Defendants Niaz, and Ali no longer work for CMS.  CMS has no record of Wolken working at CMS anytime after they took over medical services at DCC in July 2005.  Therefore, to the extent that the allegations in the Motion have arisen after their employment has terminated, the Motion does not apply to these Defendants.  They are being included herein to preserve their rights in this litigation.  See Affidavit of Chad Barr Attached hereto as Exhibit "A".

## BACKGROUND

Williams Joseph, Webb, Jr, (hereinafter "Plaintiff") is an inmate within the custody of the Department of Correction ("DOC") incarcerated at the Delaware Correction Center ("DCC") in Smyrna, Delaware. Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983. He appears *pro se* and on February 6, 2007 was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (DI 5). The original Complaint was filed on January 16, 2007. (DI 1).

The Complaint seeks declaratory and injunctive relief and damages arising from allegations related to the medical care received by Plaintiff from February 20, 2005 through April 19, 2005. On May, 7, 2007, the Court dismissed several allegations relating to medical malpractice and grievance issues in the Complaint, which appear to relate to , ¶IV, 3 ,4, 6 & 7 of the Complaint (DI 9). Additionally, the Court concluded that Plaintiff is allowed to proceed on the remaining medical needs claim against Defendants First Correctional Medical (FCM), Correctional Medical Services (CMS), Minner, Taylor, Dr. Ali, Wolken, Dr.Niaz, Nurses John/Jane Does and Doctors John/Jane Does (DI 9, pg 5).

The medical needs issues raised in the Complaint pertain to medical treatment arising on the following dates:

- **February 20, 2005**:  Allegations that Nurse(s) and Doctor(s) Jane/John Does failed to provide adequate treatment for a fever (DI 1, ¶IV, 2);

- **March 11, 2005**:  Allegations that Dr. Ali failed to order an ultrasound test on Plaintiff's leg; That Gina Wolken failed to put Plaintiff in for medical. Plaintiff further alleges that he ultimately received the tests. (DI 1, ¶IV, 1)

- **April 19, 2005**:  Allegations that the actions of Dr. Niaz in attempting to inject Plaintiff with Interferon to treat his Hepatitis amounted to deliberate indifference. (DI 1, ¶IV, 5)

Plaintiff alleges that the above actions amount to cruel and unusual punishment (DI 1, ¶IV, 8).

On July 18, 2007, Defendant CMS, Gina Wolken and Dr. Niaz filed an Answer to the Complaint denying the allegations contained therein and asserting affirmative defenses.[2] (DI 18)

On January 11, 2008, the Plaintiff filed a Letter Motion (DI 71) (hereinafter the "Motion") with the Court alleging as follows:

- On **September 17, 2007** he was transferred to Kent General Hospital and returned to the DCC on September 22, 2007 with orders to be seen by a gastrologist which occurred on September 24, 2007, where that Doctors office ordered tests which until this current day they (CMS) have failed to perform and send back to me; (DI 71, ¶1)

- On **October 5, 2007** Dr. VanDusen was supposed to order testing for M.R.S.A and bacterial meningitis along with a liver biopsy, which none of these occurred; (DI, 71, ¶2)

- On **December 8, 2007** he filled out a sick call slip and saw 2 nurses on the 12th who said they were going to put him in to see the doctor for an infection on his left leg; and that he believes he is suffering from M.R.S.A and it is getting ready to go into his blood stream.  He states that he is experiencing a spread of the

---

[2]Note, Defendants Wolken and Niaz's Answer specifically preserved defenses for insufficient service of process.  Although this is disputed by Plaintiff, Defendants contend that , neither Gina Wolken, Dr. Niaz or Dr. Ali have been officially served with the Complaint.  There is no answer filed on behalf of Dr. Ali.  Defendants continue to specifically preserve any defenses for insufficiency of service or process.  This issue is not before the Court at this time.

infection which might be another case of M.R.S.A. getting ready to go into his blood stream. (DI 71, ¶3)

Plaintiff requests to be transferred to an outside hospital immediately to receive adequate medical care and to have a liver biopsy performed after he is declared healthy enough to have it performed. (DI 71, ¶4).

On February 11, 2008, the Court Ordered that the Motion shall be construed as a motion for immediate injunctive relief for medical treatment and Ordered Defendants to file a response on or before February 20, 2008 along with relevant medical records (DI 77).

Defendants submit that Plaintiff's Motion does not meet the standard for issuing injunctive relief and that the contents of the Motion are improperly before the Court.

## ARGUMENT

### I. <u>PLAINTIFF HAS FAILED TO MEET THE STANDARDS FOR A PRELIMINARY INJUNCTION.</u>

When considering a motion for a injunctive relief under Fed. R. Civ. P. 65(a), the Plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. *Kline v. Correctional Medical Services*, 2006 U.S.Dist. LEXIS 91968 at *1-2 (D.Del. Dec. 16, 2006) (citing *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir.1997)) *see also*, *Kos Pharmaceuticals, Inc. v. Andrx Corp*, 369 F.3d 700, 708 (3rd Cir. 2004). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Id.* (citing, *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(citations omitted)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued. " *Id.* (citing, *SI Handling Sys., Inc. v.*

*Heisley*, 753 F.2d 1244, 1264 (3d Cir.1985)); *Kline*, 2006 U.S. Dist. LEXIS at *1. Plaintiff's request for injunctive relief must be denied for the reasons set forth below.

First, Plaintiff has failed to state a claim pursuant to 42 U.S.C. §1983 because he cannot show that the defendants have been deliberately indifferent to a serious medical need and therefore cannot show a likelihood of success on the merits either with respect to the allegations contained in the original Complaint and/or the Motion.

Second, Plaintiff's Motion was filed four (4), three (3) and one (1) month, respectively, after the alleged denials of care occurred, thereby eliminating the imminent danger of irreparable harm that is needed to justify a motion for preliminary injunction.

Third, the medical issues addressed in the Motion are not arising from the same allegations set forth in the Complaint and are therefore not properly before the Court, as there is no evidence that the Plaintiff has exhausted all his administrative remedies before bringing new allegations before the Court by way of a Motion for preliminary injunction.

Fourth, Plaintiff is being adequately treated for the conditions complained of in the Motion.

A.    **Plaintiff cannot show likelihood of success on the merits as the Complaint and the Motion fail to state a claim pursuant to 42 U.S.C. § 1983.**

It is well settled that there can be no constitutional violation unless plaintiff can show that the defendants were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). The deliberate indifference prong is met only if the defendant "'knows and disregards an excessive risk to inmate health or safety . . . .'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere allegations of negligence do not meet the pleading standards for deliberate indifference. *See Estelle*, 429 U.S. at 105-106. Nor can the claim rest solely on the prisoner's dissatisfaction with the medical care he has received. *Id*. at 107. "A prisoner has no right to

choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Brathwaite v. Corr. Med. Servs.,* 2008 U.S. Dist. LEXIS 9821 at \*7 (D. Del. Feb. 11, 2008) *(quoting, Blackston v. Correctional Medical Services, Inc.,* 499 F. Supp. 2d 601, 605 (D. Del. Aug. 16, 2007) (*quoting Poole v. Taylor,* 466 F. Supp. 2d 578, 589 (D. Del. 2006).

Defendants contend that none of the allegations stated in the Complaint or the Motion (as set forth above) state a claim for which relief can be granted as they don't arise to the level of "serious medical need " needed to make a claim under §1983.  A medical need is sufficiently serious when it is either diagnosed by a doctor as requiring treatment or it is so obvious that a lay person would easily recognize the necessity for a doctor's attention.  *Monmouth County Corr. Inst'l Inmates v. Lanzaro,* 834 F.2d 326 (3rd. Cir. 1987).  Given the nature of the allegations in the original Complaint, the Motion and the fact that Plaintiff has waited a significant period of time from the date(s) of the alleged denials of care, it cannot be said that Plaintiff's allegations meet the level of  "seriousness" under the standard set forth by *Monmouth*.

The allegations even if assumed to be true, do not constitute deliberate indifference to a serious medical condition in violation of the plaintiff's Eighth Amendment rights.  Although Plaintiff disagrees with the medical treatment he received, this alone does not support a claim for violation of his rights under 42 U.S.C. § 1983.  "Where the plaintiff has received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." *Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978). Claims for inadequate medical care pursuant to the Eighth Amendment must be denied where the complaint is that the medical treatment did not comport with the inmate's requests since it is merely a disagreement over the proper means of treatment.  *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987), *cert denied*, 485 U.S. 991 (1988).  A recent ruling from this Honorable Court (DI 78, pg 6))

recognized that the Supreme Court has held that prison authorities' mere negligence in and of itself does not violate prisoners constitutional rights.  *See Daniels v. Williams,* 474 U.S. 327, 330-30 (1986); *see also*, *Walker v. Reed,* 104 F.3d 156, 158 (8th Cir. 1997).

The allegation from September 2007 boils down to Plaintiff not having received tests and results with no evidence that said failure resulted in harm to the Plaintiff; the allegation from October 2007 boils down to Plaintiff believing he has M.R.S.A and bacterial meningitis with no supporting diagnosis; and the December 2007 allegation boils down to his disagreement as to the treatment received by the two (2) nurses.  Even assuming the above is accurate and true, none of the complaints arise to the level needed to show deliberate indifference to a serious medical need, thus, Plaintiff is unable to show a likelihood of success on the merits of either the Complaint and/or the Motion, therefore his motion for injunctive relief should be denied.

In *Brathwaite*, 2008 U.S.Dist. LEXIS 9821 at 5-7 (D. Del. Feb. 11, 2008) this Court recently denied injunctive relief to an inmate plaintiff who alleged that he has made numerous attempts over a 2.5 year period to obtain dental treatment, finding that Plaintiff had received treatment, albeit not the treatment he desired.  The  Court held that his allegations did not arise to the level of proving a likelihood of success on the merits and denied his request saying the law does not require he receive the treatment of his choice.  *Id.* at *7.

In addition to all of the above, the new claims raised in the Motion are not the subject of the underlying litigation, thereby requiring a denial of the request for preliminary injunction. *Daniels v. Kelchner, et. al.,* 2007 U.S.Dist. LEXIS 86110 (M.D. Pa. Nov. 20, 2007).  In *Daniels* the inmate plaintiff filed a §1983 action against the State Correctional Institution at Smithfield (SCI-Camp Hill).  His amended complaint was filed on September 5, 2006 against employees at SCI- Camp Hill.  However, inside the §1983 case, Plaintiff filed for preliminary injunction

against employees at his current place of incarceration, namely SCI-Smithfield for lack of adequate medical care. The Court found that since the new claims raised in the instant motion (preliminary injunction) are not the subject of the underlying litigation, an analysis of potential success on the merits is not applicable and Daniels motion for preliminary injunction was denied. *Id*.

**B.      Plaintiff's Motion does not set forth sufficient grounds to show that he will suffer irreparable harm if the motion is denied.**

In order to prevail on a motion for preliminary injunction, Plaintiff must show that he will suffer irreparable harm if his request is not granted. *Kline*, 2006 U.S.Dist. LEXIS 91968 *1-2. In order to demonstrate irreparable harm the Plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The grant of injunctive relief is an extraordinary remedy, which should be granted only in limited circumstances. *Lewis v. Edinger*, 2005 U.S.Dist. LEXIS 15694 (D. Del. 2005). A plaintiff has the burden of making a clear showing of immediate irreparable injury and the requisite feared harm must be irreparable, not merely serious or substantial. *Id*.

Plaintiff's Motion was filed four (4), three (3) and one (1) month, respectively, after the alleged denials of care occurred, thereby eliminating the imminent danger of irreparable harm that is needed to justify a motion for preliminary injunction. Even if the test or results from September 2007 were not taken or provided, Plaintiff has indicated no harm that resulted or is about to result from the 4 month delay in getting and/or receiving the test results. If Plaintiff had M.R.S.A. or meningitis, it is logical to surmise that his symptoms would have certainly presented by the time the Motion was filed more than 3 months after he believed he had the diseases. However, he alleges nothing to support a full onset diagnosis of either M.R.S.A or meningitis (other than is own belief). Further there is nothing in his motion that supports his belief that he is

entitled to a liver biopsy.  If the medical conditions alleged in the motion were as serious as

Plaintiff contends, he would not have been able to wait four (4) months, three (3) and one (1)

month from the date of alleged lack of treatment.  Defendants contend that the allegations set

forth in the Motion merely suggest Plaintiff's dissatisfaction with the treatment he has received,

not that he hasn't received treatment at all.  Consequently, he has not met the requirement of

showing irreparable harm.  See, *Meekins v. Law,* et. al., 2008 U.S. Dist. LEXIS 6021 at * 7

(M.D. Pa  Jan. 28, 2008) wherein the Court stated that Plaintiff's contention that his treatment is

insufficient does not constitute irreparable harm warranting preliminary injunctive relief.

**C.**     **The allegations in Plaintiff's motion are improperly before the Court as Plaintiff has
failed to exhaust all administrative remedies, thereby causing irreparable harm to
Defendants if injunctive relief is granted.**

Defendants contend that Plaintiff has failed to exhaust the administrative remedies

available to him as required by the Prison Litigation Reform Act of 1996. 42 U.S.C. §1997e(a),

which provides that:

> No action shall be brought with respect to prison conditions under Section 1983
> of this title or any other Federal law, by a prisoner confined in any jail, prison or
> other correctional facility until such administrative remedies as are available to
> him are exhausted.

The Courts have upheld the requirements of 42 U.S.C. §1997e(a), and stated that an

inmate must first exhaust all the administrative remedies available to him/her prior to filing a

§1983 action premised upon prison conditions. *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000)

("[T]he PLRA amended §1997e(a) in such a way as to make exhaustion of all administrative

remedies mandatory - whether or not they provide the inmate-plaintiff with the relief he says he

desires in his federal action"; *see also, Booth v. Churner*, 206 F.3d 289, 294-95 (3d Cir. 2000),

aff'd, 532 U.S. 731 ( 42 U.S.C. §1997e(a) mandates that exhaustion of administrative procedures

is required, regardless of relief offered.). "[P]risoners must now exhaust all 'available' remedies,

not just those that meet federal standards." *Woodford v. Ngo*, 126 S. Ct. 2378, 2383 (2006). Proper exhaustion is required and this "demands compliance with an agency's deadlines and other critical procedural rules." *Id*. at 2386. *See also, Hilliard v. Ray*, 123 Fed. Appx. 908, 910 (10th Cir. 2005) (In the current version of 42 USC§1997(e), Congress eliminated both discretion to dispense with administrative exhaustion and condition that it be plain, speedy, and effective; accordingly, exhaustion is now mandatory for all available internal remedies).

While, Defendants recognize that there is an undue hardship exception to the exhaustion requirement which could apply when irreparable harm would result, they contend that said exception does not apply in this case. *Bethlehem Steel v. EPA*, 669 F.2d 903, 907 (3rd. Cir. 1982). Undue hardship is a narrow exception to the exhaustion requirement. *Id.* at 910. (citation omitted) In *Bethlehem Steel* the Court said that to allow interlocutory review by the Court every time the EPA issues a notice of non-compliance would permit the exception to swallow the rule. *Id.* Defendants contend that the same reasoning applies in this instant case. The Court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials time and the opportunity to address complaints internally; thus, grievance should be considered sufficient to extent that it gives officials fair opportunity to address the problem. *Johnson v. Johnson,* 385 F.3d 503 (5th Cir. 2004) To permit an inmate to bypass the DCC's grievance procedures with respect to facts and circumstances that arose more than 2 years after the allegations in the initial complaint, would send a message to inmates that once they have a case pending in the court, they will have unfettered access to judicial review of all subsequent unrelated matters that may arise during the term of incarceration, so long as their case is still open. Granting this request for injunctive relief would frustrate the purpose of the exhaustion

requirement. *Bethlehem Steel @* 910. (citing) *First Jersey Securities, Inc., v. Bergen*, 605 F.2d

690, 696-697 (3rd Cir.) *cert. denied,* 444 U.S. 1074 (1980).

The Delaware Department of Corrections (DCC) has established procedures that an

inmate must follow to file a medical grievance. (See Exhibit "B" attached hereto).   While,

Plaintiff has started that process, he has not completed said process, as discussed below.

It is clear that the issues raised in the Motion are wholly unrelated to the allegations of

the Complaint.  As such, in order to get this matter before the Court, Plaintiff should be required

to show that he has exhausted all administrative remedies before seeking any type of relief with

the Court in the form of a newly filed action.   The District Court may not enter injunction

without first establishing the presence of personal jurisdiction, as a party could not prevail in

absence of jurisdiction. *Ratonis Enters. Of Pan v. AEP/Borden Indus.,* 261 F.3d 264, 269-271

(2nd Cir. 2001).  Plaintiff's failure to go through the grievance process is tantamount to him not

having standing before the Court in this Motion.. *See, DaimlerChrysler Corp. v. Cuno,* U.S. ,

126 S.Ct. 1854, 1861, 164 L. Ed. 2d 589 (2006)(citations omitted) ([t]he 'core component'" of the

requirement that a litigant have standing to invoke the authority of a federal court "is an essential

and unchanging part of the case-or-controversy requirement of Article III.").

Upon information and belief, based upon information received from the DCC, Plaintiff

has instituted four (4) grievances in 2007. (See Exhibit "C" attached hereto).

1.      **Grievance #143863 dated October 9, 2007** (Ex C, pg 2-5) deals with personal

property items that Plaintiff alleges went missing when he was transferred to the hospital in

September 2007.  This grievance is not applicable to the allegations in the complaint, except to

the extent that he could have mentioned his complaint about the September 24, 2007 doctor visit

in this grievance and failed to do so.  Plaintiff received his personal property back and this grievance was resolved.

2.      **Grievance # 146498 dated November 14, 2007** (Ex C, pg 6-10) deals with a claim that he saw someone in medical who ordered bacitracin for two  pimples on the back of his legs and on the left side of his buttocks which, he alleges is a clear case of M.R.S.A.  He requested in the grievance to be sent out for an MRI and lumbar tap to see if he has bacterial meningitis.  What is interesting about this grievance is that it was filed one and a half (1.5) months after his October 5, 2007 visit with Dr. VanDusen and 2 months after the September 24, 2007 visit with the gastrologist. (DI 71, ¶1, 2).  This grievance mentions nothing about follow up on the testing/results issue from September 2007.  Upon information and belief, this grievance is unresolved and is still going through the grievance process at the DCC.

3.      **Grievance #146497 dated November 14, 2007** (Ex C, pg 11-15)  concerning Plaintiff's claim that he was supposed to go back for a follow up with the Gastrologist after test results were taken and sent to the office.  Upon information and belief, this grievance is unresolved and is still going through the grievance process at the DCC.  Related to this Grievance is an Incident Report dated November 15, 2007 (Ex. C, pg 20) wherein it states that Plaintiff was taken to see Dr. Caruso on November 15, 2007, but due to the fact that the labwork ordered at the previous visit was not completed Plaintiff could not be seen by the doctor.

4.      **Grievance #145707 dated November 18, 2007** (Ex D, pg 16-19)  dealing with a complaint about the DCC phone contract.  This grievance is unrelated to the matters before the Court.

Of the four grievances filed in 2007, the two (2) pertaining to medical issues, according to the DCC paperwork, have not gone through the entire grievance process to date.  Although,

there may be an issue connected with the Dr. Caruso visit on November 15, 2007, there is nothing alleged in the Motion or indicated in the Incident Report that would lead to the conclusion that the failure to have the tests completed was a serious medical need or causing irreparable harm to the Plaintiff.

Plaintiff by filing the Motion, is attempting to bypass the DCC grievance process by tucking his request for injunctive relief (for matters unrelated to the Complaint) inside his current case which should not be permitted by the Court. When balancing the hardship to the Plaintiff in denying the motion versus the hardship to Defendants in granting the motion, the Court needs to consider that the issuance of a preliminary injunction to a Plaintiff who has not completed the grievance process and who attempting to tuck unrelated grievances into an already pending case weighs more heavily in favor of Defendants. In *Meekins*, the Plaintiff filed for a preliminary injunction to obtain immediate impartial health/dental care from an outside provider. The Court in denying injunctive relief found that "the balancing of potential harm to the parties weighs more heavily in favor of Defendants at this point because the issuance of the requested relief would have an unduly adverse affect on the ability of prison medical staff to exercise their professional judgment in determining the appropriate course of treatment of an inmate. It would encourage filings by inmates seeking to obtain medical treatment they feel is necessary in situations where they disagree with treatment being provided by the prison. *Meekins*, 2008 U.S. Dist. LEXIS 6021 at *7.

**D.**    **Plaintiff is being adequately treated for the conditions complained of in the motion**

Attached hereto as Exhibit "D" are the pertinent medical records of Plaintiff from September 2007 to date. The records reflect that Plaintiff has been adequately treated with

respect to the medical conditions complained of in the motion.  A preliminary review[3] of the records reveals no medical diagnosis of M.R.S.A or bacterial meningitis , except for Plaintiff's own belief that he has same.  (Exhibit D, pg 82).

## CONCLUSION

As made clear above, medical concerns raised by his Motion have been addressed. Any remaining issues are more appropriately addressed in the primary action. As such, plaintiff's motion is moot and should be denied.

   /s/ Eileen M. Ford_____
Megan T. Mantzavinos, Esquire (ID No. 3802)
Eileen M. Ford,  Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
Attorney for Defendants CMS, Dr. Niaz and Ms. Gina Wolken

Date: 2/20/08

---

[3] Counsel received the medical records at 12:45 p.m. on February 20, 2008.  In an effort to file this response and provide the records in a timely fashion, Counsel only had time to do a preliminary review of the records.  To the extent a more comprehensive review reveals additional information a supplement to this response will be filed with the Court.

{DE103194.1}

**SEALED DOCUMENT
EXHIBITS A-D**

{DE103631.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 - GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL | : | |
| SERVICES,  GOVERNOR RUTH ANN | : | |
| MINNER, COMMISSIONER STANLEY | : | |
| W. TAYLOR, BUREAU CHIEF PAUL | : | |
| W. HOWARD, MS. GINA WOLKEN, | : | |
| DR. ALI, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. JANE DOE, CORRECTIONAL | : | |
| MEDICAL SERVICES GRIEVANCE | : | |
| HEARING STAFF,  MS. ROSALIE | : | |
| VARGAS,  JOHN DOE, AND JANE | : | |
| DOE, | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

IT IS HEREBY ORDERED this _____ day of _____, 2008 that Plaintiff's

Motion for Preliminary Injunctive Relief (DI 71) is DENIED.


_____

Judge

{DE103588.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR., :
 :
Plaintiff, :
 :
v. : C. A. No. 07-31 - GMS
 :
FIRST CORRECTIONAL MEDICAL, :
CORRECTIONAL MEDICAL SERVICES, :
GOVERNOR RUTH ANN MINNER, :
COMMISSIONER STANLEY W. :
TAYLOR,  BUREAU CHIEF PAUL W. :
HOWARD,  MS. GINA WOLKEN, :
DR. ALI, DR. NIAZ, DR. JOHN DOE, :
DR. JANE DOE, CORRECTIONAL :
MEDICAL SERVICES GRIEVANCE :
HEARING STAFF, MS. ROSALIE :
VARGAS, JOHN DOE, AND JANE DOE, :
 :
Defendants. :

### CERTIFICATE OF SERVICE

I, Eileen M. Ford, Esquire hereby certify that on this 20th day of February, 2008,

I electronically filed the attached **Response to Motion for Injunctive Relief** with the Clerk of

Court using CM/ECF which will send notification of such filing(s) to the following, Catherine

Damavandi, Esquire.  I have served via first class mail two copies of the **Response to Motion**

**for Injunctive Relief** to the Pro Se Plaintiff:

William Joseph Webb, Jr., pro se
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

{DE103592.1}

  /s/ Eileen M. Ford_____
Megan T. Mantzavinos, Esquire (ID No. 3802)
Eileen M. Ford,  Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
Attorney for Defendants CMS, Dr. Niaz and Ms.
Gina Wolken

Date: 2/20/08