IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,            :
                                     :
Plaintiff,                           :
                                     :
v.                                   :    C. A. No. 07-31 - GMS
                                     :
FIRST CORRECTIONAL MEDICAL,          :
CORRECTIONAL MEDICAL SERVICES,       :
GOVERNOR RUTH ANN MINNER,            :
COMMISSIONER STANLEY W.              :
TAYLOR, BUREAU CHIEF PAUL W.         :
HOWARD,                              :
MS. GINA WOLKEN,                     :
DR. ALI, DR. NIAZ, DR. JOHN DOE,     :
DR. JANE DOE, CORRECTIONAL           :
MEDICAL SERVICES GRIEVANCE           :
HEARING STAFF, MS. ROSALIE           :
VARGAS, JOHN DOE, AND JANE DOE,      :
                                     :
Defendants.                          :

**DEFENDANT CORRECTIONAL MEDICAL SERVICES, DR. NIAZ, & GINA
WOLKEN'S[1] RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
{RELATED DOCKET #80}**

COMES NOW, Correctional Medical Services, Inc. (CMS), Dr. Niaz & Gina Wolken, by

and through the undersigned attorney to hereby respond to Plaintiff's Motion to Compel and in

support thereof states as follows:

1.      Plaintiff has sent discovery at various stages of this litigation as follows:

On July 25, 2007 Plaintiff's First Set of Interrogatories (DI 31) directed to CMS, Dr. Niaz, &

Wolken were filed with the Court;  on August 23, 2007 Plaintiff re-filed Plaintiff's First Set of

Interrogatories (DI 44) directed to CMS (only).  DI 44 was an exact duplicate to DI 31 in a

different format and therefore considered to be a revision of the previously filed interrogatories

---

[1] Dr. Ali has not been served with any discovery requests in this case. Therefore, she is not included in this response.

and replacing DI 31 omitting Niaz & Wolken there from; on August 9, 2007 Plaintiff filed a Request for Production of Documents directed to CMS, Dr. Niaz & Wolken.  Shortly thereafter on August 10, 2007, Plaintiff was notified by the undersigned counsel that CMS would not be producing any responses until Plaintiff agreed to sign a confidentiality agreement or a protective order was in place.  (See Exhibit "A" attached hereto).  Plaintiff signed the confidentiality agreement on August 13, 2007.  It was received on August 15, 2007 and a fully executed agreement was mailed to Plaintiff, for his records on August 16, 2007 (See Exhibit "B" attached hereto).  On August 21, 2007 and September 20, 2007, counsel for Defendants sent Plaintiff letters requesting an extension of time to file responses to discovery (See Exhibit "C" attached hereto).[2]  On December 7, 2007, CMS filed responses to Plaintiff's First Set of Interrogatories (DI 64) and on December 21, 2007, Plaintiff submitted responses to the Request for Production (DI 69).

      2.      See Answer to 1 above.

      3.      The undersigned received a copy of the December 12, 2007 letter from Plaintiff, however, they disagreed with his position.  By way of further response Plaintiff's December 12, 2007 letter was challenging issues that Defendants believed it had responded to as follows:

      a.      Item #1 & 2 in Plaintiff's December 12th letter (DI 80, Ex. A, ¶1) challenged CMS's responses to Interrogatory # 1 & 3.  CMS answered those questions "No".

---

[2] The undersigned firm acknowledges that the actual responses were filed in December 2007, however, during this time period, it was going through a personnel change and got the responses filed as soon as it recognized they were due.

Just because Plaintiff did not like CMS's answer does not mean that they were evading the answers.

b.  Item #3 in Plaintiff's December 12th letter (DI 80, Ex. A, ¶3) challenges CMS's response to Interrogatory #7 which asks "Specifically, what was Dr. Niaz hired to do while employed with CMS?" CMS informed Plaintiff that Dr. Niaz "was an infectious disease doctor, but was not employed or an independent contractor by or for CMS in February or April 2005" (DI 64, Question 7).  In the December 12th letter Plaintiff said that his Complaint clearly states "April 19, 2006" and believed that CMS was confused about that date.  Plaintiff is wrong on this issue.  The complaint is clearly centered around medical services rendered during a time when CMS was not the medical provider at Delaware Correctional Center (hereinafter "DCC") The Complaint contains no reference to any event arising post July 1, 2005 (the time when CMS took over the medical services contract at DCC). (See Affidavit of Chad Barr, attached to DI 82, Ex. A).   The dates specifically stated in the Complaint deal with allegations arising in March 2005, February 2005 an April 2005, respectively. (DI 1, ¶1-8).

c.  Item #4 of Plaintiff's December 12th letter (DI 80, Ex. A, ¶4) alleges that CMS did not correctly or fully answer Interrogatories #8 and #9 concerning the employment of Dr. Niaz and Gina Wolken.  With respect to #8, Plaintiff was informed that Dr. Niaz no longer works for CMS.  The reasons therefore, were objected to as not being relevant.   With respect to #9, CMS informed Plaintiff that they have no record of Defendant Wolken working for CMS  at anytime after 2002.  Just because Plaintiff does not agree with the answer does not make the answer evasive or unclear.

     d.    Items # 5 of Plaintiff's December 12th letter (DI 80, Ex. A, ¶5) questions the date on the Affidavit as compared to the filing of the responses. Plaintiff's inquiry about the timing of the Affidavit and the filing of the responses, is not relevant, so long as the affidavit was truthful on the date it was signed.[3]

     4.    Defendants admit that Plaintiff sent a letter dated January 9, 2008 regarding the discovery responses. By way of further response, On February 7, 2008, Defendants responded to the letter informing Plaintiff that there were "no changes to the responses (DI 64) at this time". Additionally, Plaintiff was informed that a supplement to the Requests for Production would be filed (See Exhibit "D" attached hereto). On February 8, 2008 a supplemental response to the production requests, Question 1(n) was filed (DI 75) providing Plaintiff with a copy of the insurance contract. By way of further response, with respect to the production of the medical records requested in Question 1(a), CMS responded and provided a sealed packet of documents to the Court and to Plaintiff. However in preparing this response, it was discovered that the sealed packet attached to DI 69 may not have contained all of the medical records on hand at that time, do to an inadvertent oversight in the inclusion of additional records in the sealed document connected with DI 69.[4] Defendants recently received another set of Plaintiff's medical file to prepare the response to the motion for preliminary injunction (DI 81) and will forward the complete set of medical records to Plaintiff within the next ten (10) days. No prejudice has occurred to Plaintiff as a result of the inadvertent error as Plaintiff has not retained an expert to render an opinion on the content of the records, so there has been no delay to Plaintiff as a result of the inadvertent omission from the sealed document attached to DI 69. Nothing herein was intentional or for any purpose of delay.

---

[3] See Footnote #2 above.
[4] See Footnote #2 above.

5.    Plaintiff's motion does not arise to the level of non compliance as required under Fed. R. Civ. P. 37 before sanctions would be granted.  As stated above, Defendants have been responding to Plaintiff's requests and have been supplementing said requests when it learns of a change that is needed.  Defendant's objections, to date, are substantially justified as it believes Plaintiff is seeking information that is not relevant to the three (3) incident dates alleged in the Complaint.  Said objections are set forth in DI 69, specifically requests 1 (b), (c), (e), (g),and (l) as follows**:  Request 1(b) requests all grievances/appeals filed by Plaintiff**: Defendant believe these were previously produced by Co-Defendants;  **Request 1(c) requested the CMS/DOC contract:**  Defendant objected on the grounds that the amount and terms of the CMS/DCC contract is irrelevant to the allegations in this individual case.  CMS is in the business of providing medical services to other entities around the country.  They are in a competitive market and the terms of their contract, is a trade secret, the contents of which, they should not have to worry is being circulated in the public domain.  Additionally, CMS contends that the contract is protected under the Freedom of Information Act, 29 Del. C. §10002 (2) & (13.).  If the Court so directs, CMS will file a motion for a protective order with respect to said CMS/DCC contract; **Request 1(e) asks for all protocols and standard operating procedures while CMS is employed by the Department of Corrections**:  Defendants objected and requested Plaintiff to identify what protocols and procedures that are relevant to his case;  **Request 1(g) asks CMS to produce paperwork for all civil litigation for the past 10 years:**  This request is unduly burdensome and Plaintiff can obtain this information by other means;  **Request 1(l) asks for any contact/mail information received by any co-defendant**:  This request was objected to on the grounds of relevance.

Based on the above it is evident that Defendants have not refused to supply discovery to Plaintiff.  Defendant CMS has provided (and will continue to update, if necessary) responses to Plaintiff.  With respect to Defendants Niaz, Ali and Wolken, Defendants contend that service of process has not been completed[5] and therefore, no responses to discovery has been completed as to them.  By way of further response to Defendants Niaz, Ali, and Wolken, the bulk of the discovery needed to come from Defendant CMS and therefore, their not responding has caused no prejudice to Plaintiff.

6.    See Answer to 5 above.

7.    Denied as stated.  Plaintiff voluntarily elected to file this case knowing he he would have to hand write his pleadings and his claims that he is unable to go back to the construction trade after his release from prison have not been proven or supported by any material evidence showing a "deliberate indifference to a serious medical need" as required to prove an Eighth Amendment violation claim under *Estelle v. Gamble*, 429 U.S. 97 (1976).

8.    9. (sic)  Defendants are fully aware of their obligations under Fed. R. Civ. Pro. 26(a) to provide supplemental responses, when, and if, it comes into additional information to be produced and fully intends to comply with that obligations.  The request for a default judgment and/or monetary sanctions should be denied as Defendants have not deliberately and willfully disobeyed an order of the Court. *See Downs v. Westphal,* 78 F.3d 1252, 257 (7th Cir. 1996) (court entered default judgment for failure to cooperate because the disobedience was the result of deliberate bad faith conduct).  Fed. R. Civ. Pro. 37(b-f) are not applicable to Plaintiff's

---

[5] This service of process issue is not yet before the Court.  Undersigned counsel has been in the process of analyzing this issue and was planning on submitting it for consideration by the Court in the near future.  If the Court so directs, the undersigned counsel will submit said issue for consideration so that the Court may decide how it will proceed .

motion to compel as there is no court order in place that has been willfully disobeyed by

Defendants.  Additionally, any perceived lack of responses to interrogatories and request for

production (37(d)) arise from Plaintiff's disagreement over the substance of the responses

provided and a inadvertent oversight in the submission of the medical file in response to DI 69,

which will be corrected within the next then (10) days.

　　　　WHEREFORE, Defendant respectfully requests that Plaintiff's motion to compel and

request for sanctions be denied.

　　　　　　　　　　　　　　　　　 /s/ Eileen M. Ford_____
　　　　　　　　　　　　　　　　　Megan T. Mantzavinos, Esquire (ID No. 3802)
　　　　　　　　　　　　　　　　　Eileen M. Ford,  Esquire (ID No. 2870)
　　　　　　　　　　　　　　　　　Marks, O'Neill, O'Brien & Courtney, P.C.
　　　　　　　　　　　　　　　　　913 Market Street, #800
　　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　　(302) 658-6538
　　　　　　　　　　　　　　　　　Attorney for Defendants CMS, Dr. Niaz and Ms.
　　　　　　　　　　　　　　　　　Gina Wolken

Date: 3/4/08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR., :
          :
Plaintiff,        :
          :
v.          :  C. A. No. 07-31 - GMS
          :
FIRST CORRECTIONAL MEDICAL, :
CORRECTIONAL MEDICAL SERVICES, :
GOVERNOR RUTH ANN MINNER, :
COMMISSIONER STANLEY W.  :
TAYLOR, BUREAU CHIEF PAUL W. :
HOWARD,       :
MS. GINA WOLKEN,    :
DR. ALI, DR. NIAZ, DR. JOHN DOE, :
DR. JANE DOE, CORRECTIONAL :
MEDICAL SERVICES GRIEVANCE :
HEARING STAFF, MS. ROSALIE :
VARGAS, JOHN DOE, AND JANE DOE, :
          :
Defendants.       :

**ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Compel (DI 80) and Defendant Correctional

Medical Services, Niaz, & Wolken's response thereto, IT IS HEREBY ORDERED this _____ day

of _____, 2008 that said motion is DENIED.

_____
Judge

EXHIBIT "A"

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**PHILADELPHIA OFFICE**
1800 JFK BOULEVARD - SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVENUE - SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801
————
(302) 658-6538
FAX (302) 658-6537

August 10, 2007

**NEW JERSEY OFFICE**
COOPER RIVER WEST
6981 NORTH PARK DRIVE - SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
707 GRANT STREET
GULF TOWER - SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
10 SOUTH CLINTON STREET - SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

PATRICK G. ROCK
Member DE, ME & MA Bars
prock@mooclaw.com

Mr. William Joseph Webb, Jr.
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:   **William Joseph Webb v. Correctional Medical Services, Inc., et al.**
      **WLI Claim No. VHS-05-69292**
      **D/I: 2/20/05**
      **Our File No. 431-79532**

Dear Mr. Webb:

I have received purported discovery issued to CMS, Gina Wolken and Dr. Niaz. Without waiving any privileges or claims and subject thereto, please be advised that in the Answer to the Complaint, Affirmative Defenses of Lack of Personal Jurisdiction, Insufficient Process and Insufficient Service of Process have been raised and not waived.

I acknowledge that Correctional Medical Services has waived service of process, but Gina Wolken and Dr. Niaz have not. Therefore, those defendants are not required to respond to discovery until you perfect service upon them. Please be advised that if you do not perfect service upon them within the allotted time allowed by the Rules, I will file a Motion to Dismiss.

Also, as to CMS, many of your Interrogatories and Requests for Production seek information that is confidential and privileged, such as policies and contracts. Without agreeing that those items are relevant or reasonably calculated to lead to admissible information, or subject to discovery, they will not be produced unless you sign the Confidentiality Agreement. You have indicated that a Motion for Protective Order is required. Please be advised that unless you sign the Confidentiality Agreement, I will file the Motion and seek attorney's fees for the preparation and presentation of said motion.

MARKS, O'NEILL, O'BRIEN & COURTNEY,

Mr. McLaren
page 2

Thank you.

Very truly yours,

PATRICK G. ROCK

PGR/mlm

DE088447.1

EXHIBIT "B"

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**PHILADELPHIA OFFICE**
1800 JFK BOULEVARD - SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVENUE - SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

ATTORNEYS AT LAW
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801
———————
(302) 658-6538
FAX (302) 658-6537

**NEW JERSEY OFFICE**
COOPER RIVER WEST
6981 NORTH PARK DRIVE - SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
707 GRANT STREET
GULF TOWER - SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
10 SOUTH CLINTON STREET - SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

PATRICK G. ROCK
Member DE, ME & MA Bars
prock@mooclaw.com

August 16, 2007

Mr. William Joseph Webb, Jr.
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:     **William Joseph Webb v. Correctional Medical Services, Inc., et al.**
        **WLI Claim No. VHS-05-69292**
        **D/I: 2/20/05**
        **Our File No. 431-79532**

Dear Mr. Webb:

Enclosed is the signed Confidentiality Agreement per your request.

Thank you.

Very truly yours,

PATRICK G. ROCK

PGR/mlm
Enc.
Bcc:   Marcia M. Stafford  VHS-05069290 (with enclosure)

DE087888.1

EXHIBIT "C"

**Marks, O'neill, O'brien & Courtney, P.C.** PHILADELPHIA OFFICE 1800 JFK BOULEVARD  SUITE 1900 PHILADELPHIA, PA 19103 (215) 5646688 FAX (215) 5642526 NEW YORK OFFICE 530 SAW MILL RIVER ROAD ELMSFORD, NY 10523 (914) 3453701 FAX (914) 3453743 MARYLAND OFFICE 600 BALTIMORE AVENUE  SUITE 305 TOWSON, MD  21204 (410) 3396880 FAX (410) 3396881 ATTORNEYS AT LAW SUITE 800 913 N MARKET STREET WILMINGTON, DE 19801————(302)

August 21, 2007

*PATRICK G. ROCK*
*Member DE, ME & MA Bars*
*prock@mooclaw.com*

*Mr. William Joseph Webb, Jr.*
*SBI # 256056*
*Delaware Correctional Center*
*1181 Paddock Road*
*Smyrna, DE 19977*

   **Re:    *William Joseph Webb v. Correctional Medical Services, Inc., et al.***
   ***WLI Claim No. VHS-05-69292***
   ***D/I: 2/20/05***
   ***Our File No. 431-79532***
*Dear Mr. Webb:*

   *Defendant's discovery is due this week.*

   *Please grant an additional thirty days to answer and/or object to Interrogatories and Responses to Request for Production of Documents.*

   *I may have the Discovery responded in time, however, in the event I do not, I would appreciate an extension.*

   *Thank you and please advise if you do not grant the extension.*

   *Very truly yours,*

   *PATRICK G. ROCK*

*PGR/mlm*

DE089209.1

## MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

**PHILADELPHIA OFFICE**
1800 JFK BOULEVARD - SUITE 1900
PHILADELPHIA, PA 19103
(215) 564-6688
FAX (215) 564-2526

**NEW YORK OFFICE**
530 SAW MILL RIVER ROAD
ELMSFORD, NY 10523
(914) 345-3701
FAX (914) 345-3743

**MARYLAND OFFICE**
600 BALTIMORE AVENUE - SUITE 305
TOWSON, MD 21204
(410) 339-6880
FAX (410) 339-6881

**ATTORNEYS AT LAW**
SUITE 800
913 N MARKET STREET
WILMINGTON, DE 19801
_____
(302) 658-6538
FAX (302) 658-6537

September 20, 2007

**NEW JERSEY OFFICE**
COOPER RIVER WEST
6981 NORTH PARK DRIVE - SUITE 300
PENNSAUKEN, NJ 08109
(856) 663-4300
FAX (856) 663-4439

**PITTSBURGH OFFICE**
707 GRANT STREET
GULF TOWER - SUITE 2600
PITTSBURGH, PA 15219
(412) 391-6171
FAX (412) 391-8804

**BUCKS COUNTY OFFICE**
10 SOUTH CLINTON STREET - SUITE 302
DOYLESTOWN, PA 18901
(267) 880-3696
FAX (267) 880-0545

PATRICK G. ROCK
Member DE, ME & MA Bars
prock@mooclaw.com

Mr. William Joseph Webb, Jr.
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:     **William Joseph Webb v. Correctional Medical Services, Inc., et al.**
**WLI Claim No. VHS-05-69292**
**D/I: 2/20/05**
**Our File No. 431-79532**

Dear Mr. Webb:

Please grant an additional thirty days to answer and/or object to Interrogatories and Responses to Request for Production of Documents.

I am having difficulty locating the appropriate representative to respond to the discovery. I remind you that no scheduling Order is in place.

Thank you and please advise if you do not grant the extension.

Very truly yours,

PATRICK G. ROCK

PGR/mlm

DE091619.1

EXHIBIT "D"

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW

www.mooclaw.com

*DELAWARE OFFICE*
*Suite 800*
*913 N. Market Street*
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*

*Eileen M. Ford*
Member DE, NJ & PA Bars
eford@mooclaw.com

February 7, 2008

Mr. William Joseph Webb, Jr.
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:    **William Joseph Webb v. Correctional Medical Services, Inc., et al.**
       **WLI Claim No. VHS-05-69292**
       **D/I: 2/20/05**
       **Our File No. 431-79532**

Dear Mr. Webb:

I am writing to respond to your letter dated January 9, 2008, regarding your allegation that CMS is evading answer to the interrogatories and request for production. We received your letter on January 11, 2008.

I have reviewed the answers to the interrogatories (D.I. 64) and am notifying you that, there are no changes to be made to those responses at this time. Should additional information arise that is relevant to your request, it will be forwarded to you.

With respect to CMS's response to the Request for Production of Documents (D.I. 69), at this time, we stand by the objections as stated therein. However, we have obtained a copy of the claims made insurance policy which will be forwarded to you under separate cover. Said policy will be produced under the terms and conditions set forth in the Confidentiality Agreement you signed on August 13, 2007.

| Philadelphia Pennsylvania | Pennsauken New Jersey | New York City New York | Pittsburgh Pennsylvania | Towson Maryland | Doylestown Pennsylvania | Elmsford New York |

Marks, O'Neill, O'Brien & Courtney, P.C.

February 8, 2008
Page2


      Since, Defendants Niaz and Wolken have not been served in this matter, no responses to your discovery request are being submitted.

      Thank you.

                        Very truly yours,

                        **MARKS, O'NEILL, O'BRIEN**
                        **& COURTNEY, P.C.**

                 By: _____

                        Eileen M. Ford
                        Megan T. Mantzavinos


EMF/

cc:  Courtney Doutel (via electronic mail)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR., :
 :
Plaintiff, :
 :
v. : C. A. No. 07-31 - GMS
 :
FIRST CORRECTIONAL MEDICAL, :
CORRECTIONAL MEDICAL SERVICES, :
GOVERNOR RUTH ANN MINNER, :
COMMISSIONER STANLEY W. :
TAYLOR,  BUREAU CHIEF PAUL W. :
HOWARD,  MS. GINA WOLKEN, :
DR. ALI, DR. NIAZ, DR. JOHN DOE, :
DR. JANE DOE, CORRECTIONAL :
MEDICAL SERVICES GRIEVANCE :
HEARING STAFF, MS. ROSALIE :
VARGAS, JOHN DOE, AND JANE DOE, :
 :
Defendants. :

## CERTIFICATE OF SERVICE

I, Eileen M. Ford, Esquire hereby certify that on this 4<u>th</u>  day of <u>March</u>, 2008, I

electronically filed the attached **Defendant Correctional Medical Services, Dr, Niaz, & Gina**

**Wolken's Response to Plaintiff's Motion to Compel** with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following, Catherine Damavandi, Esquire.  I

have served via first class mail two copies of the **Defendant Correctional Medical Services,**

**Dr, Niaz, & Gina Wolken's Response to Plaintiff's Motion to Compel** to the Pro Se Plaintiff:

William Joseph Webb, Jr., pro se
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

 /s/ Eileen M. Ford_____
Megan T. Mantzavinos, Esquire (ID No. 3802)
Eileen M. Ford,  Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
Attorney for Defendants CMS, Dr. Niaz and Ms.
Gina Wolken

Date: March 4, 2008