IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-31-GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT STAN TAYLOR'S OPPOSITION TO
PLAINTIFF'S MOTION FOR COMPULSORY EXAMINATION**

Defendant Stan Taylor, by and through undersigned counsel, hereby opposes Plaintiff's Motion for Compulsory Examination. (D.I.95). In support of his position, Defendant Stan Taylor states the following:

1. Plaintiff William J. Webb, Jr. ("Plaintiff") is an inmate incarcerated at the Delaware Correctional Center in Smyrna, Delaware ("DCC"). He has filed a Motion pursuant to Fed. R. Civ. P. 35(a) for a "Compulsory Physical Examination and Mental Health Evaluation." D.I.95.

2. Plaintiff files this Rule 35 motion because "the *grievance procedures here at DCC are inadequate* to receive the examinations being requested on the grievances which remain *unresolved for almost 5 months now*." D.I.95, ¶6 (emphasis supplied).

3. This Court has previously ruled that Plaintiff "cannot maintain a constitutional claim against the foregoing defendants based upon his perception that his *grievances were not timely or properly processed, investigated, that the grievance process is inadequate, or that his appeal was denied with no explanation*. Therefore, the

court will dismiss the allegations pertaining to the grievance issue raised against the [defendants] for failure to state a claim upon which relief may be granted." D.I.9 (emphasis supplied). Plaintiff's current motion, then, should not be entertained by the Court, because they raise issues that cannot withstand scrutiny under Fed. R. Civ. P. 12(b)(6).

4. Assuming *arguendo* that Plaintiff's current motion was not subject to dismissal on its face,[1] Plaintiff misreads the Federal Rules of Civil Procedure. The purpose of Rule 35(a) is to allow evaluations of an *unwilling* party; here, Plaintiff uses it to compel an examination of *himself*.

5. Fed. R. Civ. P. 35(a) states in part that "when the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of the party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner."

6. Plaintiff cites *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234 (1964) to support his claim for an examination. In *Schlagenhauf*, a Greyhound bus collided with a tractor-trailer. Passengers on the bus sued Greyhound Corporation, the bus driver, and the owners of the tractor-trailer. Greyhound Corporation then cross-claimed the tractor-trailer owners, alleging negligence. The tractor-trailer co-defendants then moved for a physical and mental examination of the defendant bus driver under Rule 35(a), claiming that the bus driver's eyesight was impaired and deficient, and that this condition had been known to Greyhound Corporation prior to the accident. *Id* at 108. The bus driver

---

[1] Because the "controversy" raised in Plaintiff's motion is subject to dismissal pursuant to Rule 12(b)(6), an analysis of the "in controversy" provision of Rule 35(a) will not be made in great detail.

opposed the examination, maintaining that the requisite "good cause" had not been shown.

7. The *Schlagenhauf* Court determined that "good cause" under Rule 35(a) requires a showing of greater need for the examination than can be gathered from standard means of discovery. *Id.* at 117. It is not established by "mere conclusory allegations of the pleadings – nor by mere relevance to the case….The ability of the movant to obtain the desired information by other means is also relevant." *Id* at 118. "Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule. To hold otherwise would mean that such examinations could be ordered routinely in automobile accident cases. The plain language of Rule 35 precludes such an untoward result." *Id* at 121-122. A reading of all Plaintiff's filings in this matter reveals that he *only* makes conclusory allegations as to his medical condition, and that any uncertainty surrounding his medical conditions can be resolved with documentation from his medical file, which has already been provided by Defendant CMS. In other words, Plaintiff cannot establish the requisite good cause required by Rule 35(a).

8. As mentioned *supra,* Plaintiff has filed the Rule 35(a) motion because he wants to "receive the examinations…which were requested on the grievances which remain unresolved for almost 5 months now." D.I.95. Despite the fact that he is not an opposing party to the examination, Plaintiff's stated objective in filing this motion is to dictate his *current medical treatment*, rather than address the merits of his remaining claims. This runs contrary to the entire purpose of Rule 35(a), and the holding in *Schlagenhauf*.

9. Plaintiff's motion should be viewed as another attempt to circumvent the medical procedures at DCC (s*ee D.I.56, 57, and 71* for examples of Plaintiff's previous attempts to direct his own medical treatment). However, the Court is no doubt aware that Plaintiff receives continual medical treatment at DCC. *See, e.g., D.I.81, 83* (Responses to Plaintiff's application for injunctive relief at D.I.71).

10. Furthermore, Plaintiff's ongoing pronouncements of multiple illnesses and diseases undermine the credibility of his claims. At various times, Plaintiff has alleged afflictions ranging from possible bacterial meningitis to exposure to MRSA, poor blood circulation, and brain damage. *Id.* Plaintiff holds the defendants in the instant action responsible for his medical conditions, and demands unnecessary medical procedures such as an MRI, ultrasound, and liver biopsy. *Id.*

11. However, these allegations run contrary to Plaintiff's laundry list of ailments in a separate District Court action, *Webb v. Minner*, 06-734-GMS. In *Webb v. Minner*, Plaintiff alleges that that he may be "suffering from other effects of *lead contamination* such as deterioration in bone joints, shrinking brain, and mental defects which could lead to unwanted criminal behaviors that Plaintiff has no control over." *Webb v. Minner*, 06-734-GMS, D.I.11 (emphasis supplied). These contradictory claims of Plaintiff's medical conditions and their causes should satisfy the Court that a physical examination of the Plaintiff is unwarranted.

12. Plaintiff also requests a mental health evaluation. After reviewing the filings in this case, Defendant Stan Taylor can only conclude that Plaintiff is now putting his mental competency at issue. Accordingly, Defendant Stan Taylor would not object to a stipulation that Plaintiff is not mentally competent, and would ask the Court to dismiss

the remaining claims in the instant action, as Plaintiff would be unable to meet the competency standards of Federal Rule of Evidence 601.

WHEREFORE, based upon the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's request for medical examinations pursuant to Rule 35(a), and dismiss the remaining claims in this action as frivolous due to Plaintiff's lack of mental competency.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi, I.D. No. 3823
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Catherine.Damavandi@state.de.us
Attorney for Defendant Stan Taylor

DATE: April 4, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WILLIAM JOSEPH WEBB, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **C. A. No. 07-31-GMS** |
| ) | |
| **FIRST CORRECTIONAL MEDICAL,** ) | **JURY TRIAL REQUESTED** |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

AND NOW, this ____ day of _____, 2008, upon consideration of Defendant Stan Taylor's Opposition to Plaintiff's Motion for Compulsory Examination, IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED.

_____
United States District Judge

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-31-GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008 I electronically filed *Defendant Stan Taylor's Opposition to Plaintiff's Motion for Compulsory Examination* with the Clerk of Court using CM/ECF, which will send notification to the following:

    Ryan M. Ernst, Esq.    rernst@mooclaw.com
    Eileen M. Ford, Esq.    eford@mooclaw.com
    Megan Trocki Mantzavinos, Esq.    mmantzavinos@mooclaw.com

I further certify that on April 4, 2008, I caused the within document to be mailed to the following non-registered participant by United States Postal Service:

    William J. Webb, Jr., SBI#256056
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE  19977

    /s/ Catherine Damavandi
    Deputy Attorney General, ID #3823
    Department of Justice
    820 N. French Street, 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
    Catherine.Damavandi@state.de.us
    Attorney for Defendant Stan Taylor