IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 – GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | TRIAL BY JURY OF TWELVE |
| GOVERNOR RUTH ANN MINNER, | : | DEMANDED |
| COMMISSIONER STANLEY W. | : | |
| TAYLOR, BUREAU CHIEF PAUL W. | : | |
| HOWARD, MS. GINA WOLKEN, | : | |
| DR. ALI, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. JANE DOE, CORRECTIONAL | : | |
| MEDICAL SERVICES GRIEVANCE | : | |
| HEARING STAFF, MS. ROSALIE | : | |
| VARGAS, JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT GINA WOLKEN'S[1] RESPONSE TO PLAINTIFF'S MOTION FOR COMPULSORY PHYSICAL EXAMINATION AND MENTAL HEALTH EVALUATION**
**(Related Docket # 95)**

COMES NOW, Gina Wolken to hereby respond to Plaintiff's Motion for Compulsory Physical Examination and Mental Health Evaluation as follows:

1. Plaintiff has filed a motion to compel the physical examination of himself. Plaintiff fails to indicate that he will be paying for said physical examination and whether he has retained the a medical professional willing to provide said examination. Consequently, Defendant has to assume that Plaintiff is seeking for Defendant to pay for said physical examination and/or that it be done at the governments expense. Either way, Defendant Wolken

---

[1] Counsel contends that Gina Wolken has not yet been officially served in this case. Without waiving any rights with respect to the service of process issued, this response is being filed on behalf of Defendant Wolken to preserve her rights in this case.

contends that Plaintiff's reliance on Fed. R. Civ. P. 35 is misplaced. An inmate in a 42 U.S.C. §1983 action cannot use Fed. R. Civ. P. 35 to obtain a physical examination of himself. *Kendrick v. Frank,* 2007 U.S. Dist. LEXIS 55135 (D. Wis. 2007); *Cabrera v. Williams and Correctional Medical Services,* 2007 U.S. Dist. LEXIS 66480, 5-6 (D. Neb. 2007). *Brown v. United States of America*, 74 Fed. Appx. 611, 614 (7th Cir. Aug. 11, 2003) (Fed. R. Civ. P. 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party.") In *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) the Court denied such a request in holding that a Rule 35 motion is not properly used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs. To the extent plaintiff seeks a Rule 35 examination to provide him with an expert medical witness at the court's expense, the court is not obligated to subsidize his litigation by paying for his expert witness testimony, even though he is proceeding *in forma pauperis*. *Kendrick* at *4. It is not necessary for plaintiff to obtain a court order if he wishes to have himself examined. *Id.* Moreover, since it appears that the plaintiff's primary motivation for requesting a Rule 35 examination is to obtain the medical care that is the subject of this action and the recent preliminary injunction motion and responses thereto (DI 71, 81, 82) said request for a physical examination should be denied. *Id. See also*, *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987) (holding that although the constitution guarantees a right of access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court) *(citation omitted)*. Plaintiff seeks to compel the Defendant Wolken to bear the cost of and responsibility for hiring an expert witness to testify on his behalf in order to establish a fundamental element of his case and his

{DE106523.1}

preliminary injunction motion. No civil litigant, even an indigent one, has a legal right to such aid. *Brown* at 614.

      2.      To obtain a Rule 35 examination, a party seeking such examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). Such showings are not met by mere conclusory allegations of the pleadings or by mere relevance to the case. *Schlagenhauf,* 379 U.S. at 118-19. Rather, an affirmative showing by the movant of the factors specified by Rule 35 is required. *Id*. "[W]hat may be good cause for one type of examination may not be so for another" and the "ability of the movant to obtain the desired information by other means is also relevant." *Id*. The basis for this case is Plaintiff's medical condition at the times specified in the complaint and more recently, whether he has shown irreparable harm in seeking his motion for preliminary injunction (DI 71). Defendant contends that Plaintiff's only motive in filing this motion is to obtain a physical examination to assist him in proving his case, which it is not the Defendant's or the Court's responsibility to do.

      3.      It is Plaintiff's burden to prove that Defendant has been "deliberately indifferent to his serious medical needs" in his case in chief or to prove that he is at risk of "irreparable harm" to prove the allegations of his motion for preliminary injunction. It is the Plaintiff's responsibility to obtain the expert testimony needed to prove his case. He cannot use Fed. R. Civ. Pro. 35 to bypass this obligation. Plaintiffs medical records have been provided to the Court (DI 82)[2]. Plaintiff's assertion that those medical records create a conflict of interest for

---

[2] In addition, a complete set of medical records was filed on March 10, 2008 (DI 90).

the Defendant is absurd as it is those very records upon which Plaintiff is relying to allege that Defendant has been deliberately indifferent to his serious medical needs.

       4.      Plaintiff put the issue of his health in controversy when he filed the complaint and the motion for preliminary injunction. His conclusory statements that he is in jeopardy are not sufficient grounds for an order of a physical examination. *Schlagenhauf,* 379 U.S. at 118-19. Plaintiff can obtain his desired request by other means. *Cabrera* at 2007 U.S. Dist. LEXIS 66480, *7-8. In *Cabrera,* Plaintiff inmate filed a motion under Rule 35 for the court to appoint an expert to examine the him. *Id.* at *5. The Court emphasized that if Plaintiff wanted to hire a doctor and was able to meet all the conditions of the doctors requests regarding service and payment, that the Court would consider ordering the correctional facility to make the plaintiff available so that he could make it to his appointment. *Id.* at *7. However, until the inmate Plaintiff was able to show that he had made all the necessary arrangements, the court was reluctant to make any such order. *Id.* at 7. *See also, Cabrera v. Harold Clarke,* 2006 U.S. Dist. LEXIS 66761 (D. Neb. 2006), wherein the Court held that it could not order supervisory personnel and medical contractors to pay for a medical examination of the prisoner for the purposes of providing him with a witness to testify against them. *Id.* at *4.

       5.      The allegations in this paragraph are not directed at the answering Defendant.

       6.      The allegations in this paragraph are not directed at the answering Defendant.

       7.      Denied that this motion has been made in good faith. The motion is an attempt by Plaintiff to get Defendant to fund the costs of an outside medical examination that

{DE106523.1}

"Plaintiff believes" is necessary without him having to provide any supporting evidence, other than his own non-medically trained opinion, about his disagreement over the course of treatment he is receiving as an inmate at the Delaware Correctional Center.

   *8.*   Defendants object to that portion of Plaintiff's affidavit that attempts to correct a "typo" in the complaint to change the dates from "April 19, 2005" to "April 19, 2006" as the affidavit was not the appropriate means of inserting said change.

   WHEREFORE, Defendants respectfully request that Plaintiff's Motion for a Physical Examination be denied.

/s/Eileen M. Ford, Esquire
MEGAN T. MANTZAVINOS (NO. 3802)
EILEEN M. FORD (NO. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
*Attorneys for Defendant Wolken*

DATED:  4/8/08

{DE106523.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 - GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| GOVERNOR RUTH ANN MINNER, | : | |
| COMMISSIONER STANLEY W. | : | |
| TAYLOR,  BUREAU CHIEF PAUL W. | : | |
| HOWARD,  MS. GINA WOLKEN, | : | |
| DR. ALI, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. JANE DOE, CORRECTIONAL | : | |
| MEDICAL SERVICES GRIEVANCE | : | |
| HEARING STAFF, MS. ROSALIE | : | |
| VARGAS, JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, **Eileen M. Ford, Esquire**, hereby certify that on **April 8, 2008,** I electronically filed **DEFENDANT GINA WOLKEN'S RESPONSE TO PLAINTIFF'S MOTION FOR COMPULSORY PHYSICAL EXAMINATION AND MENTAL HEALTH EVALUATION** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following: Catherine Damavandi, Esquire. I have served via first class mail two copies of **DEFENDANT GINA WOLKEN'S RESPONSE TO PLAINTIFF'S MOTION FOR COMPULSORY PHYSICAL EXAMINATION AND MENTAL HEALTH EVALUATION** to the Pro Se Plaintiff:

{DE106550.1}

William Joseph Webb, Jr., pro se
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

           /s/ Eileen M. Ford_____
Megan T. Mantzavinos, Esquire (ID No. 3802)
Eileen M. Ford,  Esquire (ID No. 2870)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 Market Street, #800
Wilmington, DE  19801
(302) 658-6538
*Attorneys for Defendant Wolken*

Date: April 8, 2008

{DE106550.1}