In The United States District Court
For The District of Delaware

William Joseph Webb Jr.,

   Plaintiff,

V.

First Correctional Medical,

Et. Al.,

   Defendants.

Civ. Act. No.: 07-31-GMS

Jury Trial Requested



FILED
APR 15 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

<u>Motion for Sanctions Against Defendant Stanley W. Taylor's Attorney of Record for presenting false information.</u>

Comes now, Plaintiff, William Joseph Webb Jr. in presenting His motion to be heard at the Court's earliest convenience, and in support thereof offering the following:

1. In numerous responses to Motions filed by Plaintiff, Counsel has presented false and misleading statements.

2. Catherine Damavandi's latest response contains

outrageous false statements that have not only defamed the Motion for Compulsory Physical and Mental Health Examination's statements, but previous filed Motions as well.

3. The Statement made in the response to Motion for Physical and Mental Health Evaluation "Defendant Stan Taylor can only conclude that Plaintiff is now putting his Mental Competency at 'issue'" which In the Motion for the exams, it states that the Mental Health Eval. is for prior to receiving Hepatitis C treatments In which is part of Plaintiff's claims against Defendants Dr. Niaz and "CMS," not the Plaintiff's Mental Competency.

4. Counsel, being a Member of the Bar has an obligation to present truthful statements not novel based statements which are now getting off basis and leading the Court to draw false conclusions.

5. In the previous response to Motion to Compel release from prison, Counsel goes on to tell the Court that Plaintiff has been in the S.H.U. Unit for the

— 2 —

past 3 years, which is truly false, where Plaintiff moved to the S.H.U. after spending 15 days in Disciplinary Isolation in C-Bldg. October 23, 2007 until November 6, 2007, after the Court's Motion for Stay was sent to prison officials who in turn deprived me liberty without due process of me being found guilty of a write-up as to where I should have been moved either to the infirmary for observation or to Administrative Segregation Bldg. 18 until the Major write-up I received was heard.

6. From April 3, 2001 until April 29, 2005, Plaintiff was in regular population, then was moved to M.H.U. Bldg. 21 due to crying Judge Cooch calling here, next I went to M.H.U. Bldg. 23 during March or April 2006, and back into regular Population November 17, 2006 and started a Computer Class (Advanced Excel 2000) on November 19, 2006, along with a Computer Lab and College Courses resumed. From June until September 17, 2006, worked in the kitchen until taken to the outside hospital. Showing clearly false statements.

— 3 —

7. Plaintiff has had numerous psychological/psychiatric evaluations during the course of his incarceration where he is clearly competent to draft above average legal documents and Memorandums of Law.

8. This Motion is being made in good faith and for a good cause to keep an attorney from presenting false evidence and information to a Court of Law which could cause her to be suspended from practicing law for these actions.

9. These false statements are prejudicing Plaintiff and keeping the Court from moving forward with this case.

Relief: (a) A caution notice sent to Catherine Damavandi along with her supervisor/boss to cease and desist from making and presenting anymore false statements/evidence to the Court or she will be referred to the Office of the Disciplinary Counsel or Federal Bar for their disposition. (b). $500.00 payable to Plaintiff.

— 4 —

(c). A letter of apology to Plaintiff.

(d). Any other action the Court deems appropriate.

Therefore, Plaintiff, William Joseph Webb Jr, respectfully requests that the Court grant His Motion and grant Him relief requested.

Dated: April 11, 2008

Respectfully Submitted,
William Joseph Webb Jr.
#00256056/ 17 SHU C1LL
1181 Paddock Road
Smyrna, DE 19977

— 5 —

# Certificate of Service

I, __William Joseph Webb Jr.__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motion for Sanctions__ _____ upon the following parties/person (s):

TO: __Catharine Damavardis, Esq.__   TO: _____
__820 W. French St.__  _____
__Wilm, DE. 19801__  _____

TO: __R. Ernst, E. Fold, M. Mantzivinos__ TO: _____
__913 Market Street__  _____
__Suite 800__  _____
__Wilmington, DE 19801__  _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this __11th__ day of __April__, 2008

__William Joseph Webb Jr.__