IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-031-GMS |
| | ) |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 15th day of April, 2008;

The plaintiff, William Joseph Webb, Jr. ("Webb"), a prisoner housed at the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and was granted leave to proceed *in forma pauperis*. (D.I. 5.) Pending before the court is Webb's' letter/motion for a temporary restraining order seeking medical treatment. (D.I. 71.) The defendants filed their responses, along with pertinent medical records. (D.I. 81, 82, 83, 84, 85, 87.)

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)(citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted).

Webb claims that he is "being denied medical care by CMS in various ways." He claims

that was supposed to be tested for MRSA (i.e., methicillin-resistant staphylococcus aureus), bacterial meningitis, and undergo a livery biopsy, none of which has occurred. He also asserts that he has an infected left leg which "might be another case of MRSA," and that he submitted a sick call slip on December 8, 2007, but has not received treatment. Webb asks to be transferred to an "outside hospital to receive adequate medical care and necessary tests and to have a liver biopsy performed."

The medical defendants ask the court to deny the motion and respond that: (1) Webb has failed to meet the standard to obtain injunctive relief, (2) there are insufficient grounds to show that Webb will suffer irreparable if the motion is denied, (3) the claims are improperly before the court because Webb did not administratively exhaust them and the medical issues addressed by Webb do not arise form the same allegations as in the complaint and, therefore, are not properly before the court, and (4) Webb is receiving adequate treatment for his medical conditions. (D.I. 81.) The defendant Stan Taylor asks the court to deny the motion on the basis that plaintiff has not demonstrated an adequate showing to warrant injunctive relief. (D.I. 83.) He also asks the court to impose attorney's fees against Webb for his frivolous use of the court system.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation.

*See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

The medical records submitted indicate that Webb receives medical care on a regular basis. (D.I. 82, ex. D) The medical records reflect that Webb was diagnosed with Hepatitis C in 1996 and is seen frequently at the chronic care clinic. He was seen by a physician August 23, 2007. The records reflect that at that time Webb was to have lab work and then would be sent for a liver biopsy. It does not appear that a liver biopsy has been performed.

Webb was hospitalized on September 17, 2007, with cellulitis and discharged on September 22, 2007. Upon discharge from the hospital Webb was admitted to the DCC infirmary where he remained until October 1, 2007. Following discharge, he received follow-up care. Since that time Webb received medical care on October 5, 2007, and was scheduled for a lab review. A consultation request was submitted on October 12, 2007, and on that date Webb received medical care. In addition to seeing medical personnel on October 23, 2007, November 15, 2007, and November 19, 2007, Webb received treatment as recently as January 9, 2008. At that time Webb was scheduled for a two-week follow-up.

Given the exhibits submitted to the court, Webb has not demonstrated the likelihood of success on the merits. The records indicate that he has received, and continues to receive, care for his medical conditions. Moreover, the medical records indicate that his medical conditions are being monitored. While Webb may not have received the medical testing he desires, there is no indication that, at the present time, Webb is in danger of suffering irreparable harm. Webb has neither demonstrated the likelihood of success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief. Accordingly, based upon the foregoing analysis, Webb's motion for a temporary restraining order is **denied**. (D.I. 71.)

The court denies the defendants' request for attorney's fees. (D.I. 83.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

APR 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE