IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 – GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | TRIAL BY JURY OF TWELVE |
| GOVERNOR RUTH ANN MINNER, | : | DEMANDED |
| COMMISSIONER STANLEY W. | : | |
| TAYLOR, BUREAU CHIEF PAUL W. | : | |
| HOWARD,   MS. GINA WOLKEN, | : | |
| DR. ALIE, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. JANE DOE, CORRECTIONAL | : | |
| MEDICAL SERVICES GRIEVANCE | : | |
| HEARING STAFF, MS. ROSALIE | : | |
| VARGAS, JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT GINA WOLKEN'S RESPONSE TO PLAINTIFF'S
LETTER DATED APRIL 17, 2008 AND CROSS MOTION TO STRIKE
(RELATED DOCKET #103)**

COMES NOW, Defendant Gina Wolken hereby responds to Plaintiff's letter dated April 17, 2008 as follows:

1. On April 17, 2008 Plaintiff sent a letter to the court which contains a threat to sue the undersigned attorney(s) and the law firm if they did not comply with Plaintiff's demand for information within 30 days of the letter (DI 103).

2. The letter specifically stated "Before I file a lawsuit against you and your firm for hindering prosecution of my lawsuit, I would suggest you forward Dr. Niaz's private practice or home address, Ms. Gina Wolken's home address, Dr. Ali's private practice or home

{DE107860.1}

address, or alternatively send a copy of the complaint and get some answers to these questions; this is your official notice, 30-days no extensions! Finally, I need the June, 2005, until September 30, 2006 insurance policy for CMS. Thank you".

3. The letter is clearly a personal threat against the attorneys and the firm for doing their job in representing clients as required under the Rules of Professional Conduct. Additionally, the undersigned believes that the content of the letter are meant to harass and to force the attorneys to do "what Plaintiff wants or else." This type of behavior is clearly in violation of Fed. R. Civ. P. 11 and subject to possible sanctions (upon motion), if the threat of a personal lawsuit is not withdrawn by Plaintiff within 21 days of it having been made. Fed. R. Civ. P.11(c)(2).

4. With respect to the items requested in Plaintiff's letter, the Defendants and the undersigned offer the following and hope that this will clear up any alleged misgivings Plaintiff may have at this time:

a. **Addresses of Wolken:** As of this date, Defendant Wolken has not been properly served in this case, as Plaintiff did not provide the US Marshall with sufficient information for which to serve her properly, pursuant to Fed. R. Civ. P. 4. The proper mechanism for Plaintiff to obtain the information he seeks is by motion with the Court. It is not to make threats of personal litigation against the attorney(s) and/or the firm(s) handling this case. As stated above, such threats can be viewed as being made for an improper purpose to harass the attorneys in this litigation and are subject to sanctions (upon motion) under Fed. R. Civ. P. 11(b)(1). In Order to put the service of process issue before the Court, a Motion for Rule to Show Cause and/or Dismissal Pursuant to Fed. R. Civ. P. 12(b)(5) has been filed simultaneously

{DE107860.1}

herewith.  Until said motion is ruled upon, the service issue for Defendant Wolken is not resolved and therefore the undersigned is not inclined to provide an inmate housed at the Department of Corrections with the personal information of the Defendant.  In the event said motion is resolved in favor of Plaintiff, the undersigned would have no choice but to accept service on behalf of the Defendant.[1]

      b.    **Copy of Insurance Policy from June, 2005 - September 30, 2006**:  The undersigned contends that Plaintiff is not in need of the insurance policy for the dates set forth above.  On February 28, 2008, Defendant CMS filed Supplemental responses to discovery in which it provided Plaintiff with a copy of the "Claims Made Policy" that was in effect when Plaintiff filed his case on January 16, 2007 (DI 75).  The claims made policy covered periods from October 1, 2006 to October 1, 2007 and is the policy that was in effect when Plaintiff filed the Complaint on January 16, 2007.   It appears that Plaintiff is seeking a copy of the policy that was in effect on the dates alleged in the complaint, namely June 2005 until September 30, 2006.  The undersigned understands that Plaintiff is acting *pro se* and may not have a complete understanding of how the insurance industry works.  Consequently, by virtue of this response, the undersigned, on behalf of the answering Defendants, is informing Plaintiff that under the terms of a "Claims Made Policy"  the insured is indemnified for claims made during the policy period regardless of when the acts giving rise to those claims occur. *Black's Law Dictionary*, pg. 807 (6th Ed. 1990) (A copy of which is attached hereto as Exhibit "A").   Therefore, Plaintiff does not need the policy for the dates of June 2005 through September 30, 2006 as it is the date

---

[1] The Court should know that the undersigned has been unable to reach this Defendant at her last known address.  To that end, the firm is processing these pleadings to protect this Defendant's rights in this litigation as it feels it needs to do so under their professional rules of conduct.  An explanation as to the representation of this Defendant has been set forth in the Motion for Rule to Show Cause/Motion to Dismiss pursuant to FRCP 12(b)(5) which was filed simultaneously herewith.

{DE107860.1}

of the filing of the complaint that controls (January 17, 2007) what policy is in effect, not the dates of the alleged actions in the complaint. Plaintiff has already received the relevant policy.

5.    The undersigned hopes this clears matters up for the Plaintiff.

6.    The only reason this was responded to in the form of a Response and Cross Motion is because Plaintiff filed the April 17, 2008 letter with the Court. The Letter contained threats which the undersigned and the firm take seriously and for which the undersigned believe Plaintiff should be admonished by the Court. Attorneys handling these cases should not be at the peril of "threats of personal litigation" by Plaintiff making demands to get what he wants in this process.

7.    Just as the undersigned is required to remain professional and comply with ethical guidelines in dealing with parties, Plaintiff is so required to under Fed. R. Civ. P. 11. Unfounded personal threats of litigation should not be tolerated.

WHEREFORE, the answering Defendants respectfully request that Plaintiff's Letter dated April 17, 2008 be stricken from the record and that Plaintiff be directed in the future to deal with any misgivings by motion and not threats of a personal nature against counsel or firms involved in this case; and that it be confirmed to Plaintiff that he has already received the appropriate claims made policy in response to discovery.

    Marks, O'Neill, O'Brien & Courtney, P.C.

    By:  /s/ Eileen M. Ford
    Eileen M. Ford, Esquire/ID No. 2870
    Megan T. Mantzavinos, Esquire/ID No. 3802
    913 North Market Street, #800
    Wilmington, DE 19801
    (302) 658-6538

Date: 5/2/08    Attorneys for Defendant Wolken

{DE107860.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 – GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | TRIAL BY JURY OF TWELVE |
| GOVERNOR RUTH ANN MINNER, | : | DEMANDED |
| COMMISSIONER STANLEY W. | : | |
| TAYLOR, BUREAU CHIEF PAUL W. | : | |
| HOWARD,   MS. GINA WOLKEN, | : | |
| DR. ALIE, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. JANE DOE, CORRECTIONAL | : | |
| MEDICAL SERVICES GRIEVANCE | : | |
| HEARING STAFF, MS. ROSALIE | : | |
| VARGAS, JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF RESPONSE AND CROSS MOTION**

PLEASE TAKE NOTICE  that the attached Response and Cross Motion to Strike Plaintiff's

April 17, 2008 letter (DI 103) will be presented and heard at the convenience of the court.

                                             **Marks, O'Neill, O'Brien & Courtney, P.C.**

                                             By:    /s/ Eileen M. Ford
                                             Eileen M. Ford, Esquire/ID No. 2870
                                             Megan T. Mantzavinos,  Esquire/ID No. 3802
                                             913 North Market Street, #800
                                             Wilmington, DE  19801
                                             (302) 658-6538
Date: 5/2/08                                  Attorneys for Defendant Wolken

{DE108094.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 – GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | TRIAL BY JURY OF TWELVE |
| GOVERNOR RUTH ANN MINNER, | : | DEMANDED |
| COMMISSIONER STANLEY W. | : | |
| TAYLOR, BUREAU CHIEF PAUL W. | : | |
| HOWARD, MS. GINA WOLKEN, | : | |
| DR. ALIE, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. JANE DOE, CORRECTIONAL | : | |
| MEDICAL SERVICES GRIEVANCE | : | |
| HEARING STAFF, MS. ROSALIE | : | |
| VARGAS, JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

## PROPOSED ORDER

UPON CONSIDERATION of Defendant Wolken's Response to Plaintiff's Letter Dated April 17, 2008 (DI 103) and Cross Motion to Strike and any response thereto, **IT IS HEREBY ORDERED** this ____ day of _____, 2008 as follows:

THAT Plaintiff's Letter dated April 17, 2008 is stricken;

THAT Plaintiff is directed to refrain from making threats of personal litigation against the attorney's handling the Defense of this case as the appropriate vehicle to bring matters to the Court's attention is by motion in the case;

THAT Plaintiff has already received a copy of the "claims made policy" (DI 75) that is applicable to this case and no other policy need be provided by Defendant at this time.

_____
Judge

{DE108093.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     C. A. No. 07-31 - GMS |
| | : |
| FIRST CORRECTIONAL MEDICAL, | : |
| CORRECTIONAL MEDICAL SERVICES, | : |
| GOVERNOR RUTH ANN MINNER, | : |
| COMMISSIONER STANLEY W. | : |
| TAYLOR,  BUREAU CHIEF PAUL W. | : |
| HOWARD,  MS. GINA WOLKEN, | : |
| DR. ALIE, DR. NIAZ, DR. JOHN DOE, | : |
| DR. JANE DOE, CORRECTIONAL | : |
| MEDICAL SERVICES GRIEVANCE | : |
| HEARING STAFF, MS. ROSALIE | : |
| VARGAS, JOHN DOE, AND JANE DOE, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, **Eileen M. Ford, Esquire**, hereby certify that on May 2, 2008, I electronically filed the **Response to Plaintiff's Letter Dated April 17, 2008 and Cross Motion to Strike** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following: Catherine Damavandi, Esquire. I have served via first class mail two copies of  foregoing to the Pro Se Plaintiff:

William Joseph Webb, Jr., pro se
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                                                                  /s/ Eileen M. Ford_____
                                                          Megan T. Mantzavinos, Esquire (ID No. 3802)
                                                          Eileen M. Ford,  Esquire (ID No. 2870)
                                                          Marks, O'Neill, O'Brien & Courtney, P.C.
                                                          913 Market Street, #800
                                                          Wilmington, DE  19801
                                                          (302) 658-6538
                                                          *Attorneys for Defendants Wolken*