IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,  :
            :
   Plaintiff,     :
            :
  v.          : C. A. No. 07-31 - GMS
            :
FIRST CORRECTIONAL MEDICAL, :
CORRECTIONAL MEDICAL SERVICES, :
GOVERNOR RUTH ANN MINNER, :
COMMISSIONER STANLEY W. TAYLOR, :
BUREAU CHIEF PAUL W. HOWARD, :
MS. GINA WOLKEN,    :
DR. ALIE, DR. NIAZ, DR. JOHN DOE, :
DR. JANE DOE, CORRECTIONAL MEDICAL:
SERVICES GRIEVANCE HEARING STAFF, :
MS. ROSALIE VARGAS,   :
JOHN DOE, AND JANE DOE,  :
            :
   Defendants.   :

## DEFENDANTS ALIE AND NIAZ'S
## MOTION FOR RULE TO SHOW CAUSE
## AND/OR MOTION TO DISMISS PURSUANT TO
## FED. R. CIV. P. 12(b)(5)

COMES NOW, Dr. Sitta Gombeh Alie, Dr. Muhammed Niaz (hereinafter the Defendants) by

and through their undersigned attorney, to hereby move for a Rule To Show Cause as to why the

case and/or alternatively, why they should not be dismissed from the case pursuant to Fed. R.

Civ. P. 41 and/or Fed. R. Civ. P. 12(b)(5) and in support thereof states as follows::

   1.  Plaintiff filed this complaint alleging Eighth Amendment constitutional

violations under 42 U.S.C. §1983 on January 16, 2007 (D.I. 2).

   2.  Plaintiff named various individual Defendants including Dr. Sitta

Gombeh- Alie, and Dr. Muhammed Niaz.

3.      Pursuant to the review and screen process set forth in 28 U.S.C. §1915 and §1915A, the Court dismissed many of the Plaintiff's claims and many of the various Defendants on May 7, 2007 (D.I. 9).  Plaintiff was permitted to proceed against Defendants, First Correctional Medical, Correctional Medical Services, Governor Ruth Ann Miner, Dr. Muhammed Niaz, Dr. Sitta Gombeh-Ali, Gina Wolken, and other John and Jane Does (D.I. 9 at pg 5) for the "medical needs" claims alleged in the complaint.

4.      The Order dated May 7, 2007 (D.I. 9) directed Plaintiff to provide the US Marshal with 285 forms for each of the remaining Defendants within 120 days of May 7, 2007. The Order states that failure to do so may result in the complaint being dismissed or the defendant(s) being dismissed pursuant to Fed. R. of Civ. P. 4(m).

5.      The 120 days expired on or about October 4, 2007.

6.      On or about May 14, 2007, Plaintiff purported to submit USM 285 forms for the Defendants (D.I. 10).  On May 17,  2007, the Clerk of the Court sent Plaintiff a letter stating that "The Court has received all required USM 285 forms" (D.I. 11).

7.      According to the docket, the following USM 285's were returned unexecuted on May 21, 2007:

- Dr. Sitta Gombeh- Ali  (D.I. 13) - To date, Dr. Ali has not been served with a USM 285 form and no answer has been filed on her behalf.[1]

---

[1] On January 10, 2008, Attorney's for Defendant Alie notified the US Marshal's Office that they had been authorized to accept service of process for Defendant Alie (See **Exhibit "A"** attached hereto) However, said acceptance is not deemed a waiver of any defenses for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 4(d)(5) and insufficiency of service of process defense would be asserted in any Answer filed on behalf of Dr. Alie after being presented with the Waiver of Service forms from the US Marshal's office.  To date, the undersigned has not been presented any service of process papers on behalf of Dr. Alie in response to the January 10, 2008 letter.

- Dr. Muhammed Niaz (D.I. 14) - Although an Answer to the Complaint was filed on behalf of Dr. Niaz, the issue of service of process and lack of jurisdiction was specifically preserved as an Affirmative Defense in the Answer (D.I. para. 11 & 12)

8.      Defendants, Ali and Niaz contend that the USM 285's that were submitted by Plaintiff were ineffective because they only contained the "employment" address of the individual Defendants he was trying to serve.  Since Dr. Ali and Dr. Niaz no longer worked for CMS in May 2007 any attempt to serve them at their former  place of employment is ineffectual to comply with the 120 day requirement of the May 7, 2007 Order.  Additionally, since CMS has a practice of not accepting service of process on behalf of individuals any attempt to serve Dr. Niaz at a place of employment is ineffectual for the reasons stated below.  (See Affidavit of Chad Barr, attached hereto as **Exhibit "B"**).

9.      Additionally, and perhaps more importantly, any attempt to serve the individual defendants at their place of employment is contrary to the service of process rules, which require personal service by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e).

10.      Since Plaintiff did not provide the US Marshal with any additional information about where to serve the Defendants other than their prior work address, personal service has not been achieved  or completed to date with respect to Defendants Ali and Niaz.  In *Para v. Correctional Medical Service, et. al.* 2002 Del. Super. LEXIS 248 (Del. Super. Oct. 3,

2002) (**Exhibit "C"** attached hereto) the Superior Court dismissed an inmate's complaint for his failure to achieve service of process within the 120 days required by Super. Ct. Civ. R. 4(j).  In *Paras*, the Plaintiff attempted to serve the individual defendants by leaving a copy with the receptionist at their place of employment.  Since Plaintiff failed to serve the complaint either personally or by leaving a copy at the individual doctor's dwelling house or usual place of abode with someone of suitable age, the Court dismissed Plaintiff's case for insufficiency of service of process upon the Defendants.

11.     The purpose behind the USM 285 form is to minimize the delay and expense associated with completing service of process in a civil matter in District Court. However, this streamlined process only works when the Plaintiff provides the US Marshal with good information as to the address of the Defendant he is trying to serve.  The expedited process should not result in the Plaintiff being able to provide outdated and wrong information to the US Marshal, when effectuating service of process, simply to meet a 120 day deadline imposed by the court.

12.     While the undersigned concedes that the service of process under USM 285 is to be a cooperative process, they contend that said cooperation does not require Plaintiff's to forego defenses based on procedural grounds, in the event, the Plaintiff fails to provide sufficient service information.  The undersigned firm had not yet even entered an appearance in this case for any defendant at that time service was attempted in May 2007 and Plaintiff should have made a better effort to find a better service address for these Defendants from the start. This failure to find a better service of process address for Defendants Alie and Niaz (when he knew or should have known they no longer worked for CMS in May 2007) is what caused these Defendant not to be served in this case.  Instead, Plaintiff has now used the "threat of suit"

against the undersigned (dealt with in a Response filed simultaneously herewith) to achieve his obligations of service of process in this case.

13.    While *pro se* Plaintiffs are provided some latitude in navigating court procedure, the Defendants are still (as Citizens of the United States) entitled to personal service of process either through properly addressed USM 285's or traditional personal service upon them.   If Plaintiffs are permitted to provide stale or wrong information in the USM 285 the entire service of process requirement is defeated, and there are no protections afforded to defendants wrongfully named and/or improperly served in civil litigation.  In *Rochon v. Dr. Mark Dawson*, 828 F.2d 1107 (5th Cir. 1987), the Court affirmed the dismissal of an inmate's claim against an individual doctor due to insufficient service of process, as the Plaintiff attempted to serve the individual Doctor through his place of employment.  The Court ruled that "[w]hile Rochon and other incarcerated plaintiffs proceeding *in forma pauperis* may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge".  *Id. @ 1110.*

14.    Defendants acknowledge this Courts ruling in *Johnson v. Medical Department, et. al* 2004 U.S. Dist. LEXIS 10379 (D. Del. March 31, 2004) (Exhibit "D" attached hereto)  wherein the Court ruled that the inmate's good faith effort to comply with Fed. R. Civ. P. 4, albeit, ultimately insufficient service of process, did not warrant a dismissal of the corporate Defendant in that case, as the indication of "medical dept" on the 285 was enough to apprise the US Marshal's office that he was trying to serve the corporate defendant CMS.  *Id. at *7.* However, in this instant case, it is the named individuals, and not the corporate defendant, who are making this motion, more than 1 year after the case was filed.  Ultimately, in *Johnson* the

individual defendants were dismissed from the case in response to motions to dismiss for insufficient service or process.

15.     In *Dickens v. Dover City Police Department*, et al., 2007 U.S. Dist. LEXIS 48188 at *11 (D. Del. 2007) (**Exhibit "E"** attached hereto) the Court dismissed the complaint against the individual police officers because the Plaintiff failed to show good cause for his failure to serve them within the 120 day time period.

*16.*     Plaintiff has been on notice since May 21, 2007 (D.I. 13 and 14) that service of process was not completed against Defendants Ali and Niaz.  He has not taken any action (other than to threaten litigation against the undersigned) to correct the insufficient service of process and therefore, the complaint as to these individuals should be dismissed.

17.     The Court is already over burdened with pending litigation.  The failure to complete the service of process in this case, is preventing the pleadings from being closed and the case from being put on a Scheduling Order track with properly served parties to this litigation.

18.     Additionally, this motion is being filed simultaneously with the undersigned response to  April 17, 2008 "demanding addresses or else" letter (DI 103) so that the issue of service of process on this Defendant can be ultimately decided by the Court.   It is the intent of this motion to finally resolve all issues regarding service of process so that the matter can move forward without ancillary threats of civil litigation by Plaintiff in order for him to get his way in this litigation.

**WHEREFORE**, Defendants , Dr. Sitta Gombeh Alie, Dr. Muhummad Niaz respectfully request the Court to issue a Rule to Show Cause to the Plaintiff as to why the case and/or the affected Defendants should not be dismissed from the case at this time.  Alternatively, Defendant respectfully request that the Court grant and order dismissing Plaintiff from the case for lack of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

Date: 5/2/08

/s/ Eileen M. Ford, Esquire
Eileen M. Ford, Esquire (ID #2870)
Megan T. Mantzavinos, Esquire (ID #3802)
913 N. Market Street, 8th Floor
Wilmington DE 19801
(302) 658-6538
Attorneys for Defendants Alie & Niaz

{DE101520.1}

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 – GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | TRIAL BY JURY OF TWELVE |
| GOVERNOR RUTH ANN MINNER, | : | DEMANDED |
| COMMISSIONER STANLEY W. | : | |
| TAYLOR, BUREAU CHIEF PAUL W. | : | |
| HOWARD,   MS. GINA WOLKEN, | : | |
| DR. ALIE, DR. NIAZ, DR. JOHN DOE, | : | |
| DR. JANE DOE, CORRECTIONAL | : | |
| MEDICAL SERVICES GRIEVANCE | : | |
| HEARING STAFF, MS. ROSALIE | : | |
| VARGAS, JOHN DOE, AND JANE DOE, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE  that the attached Motion for Rule to Show Cause and/or Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) will be presented and heard at the convenience of

the court.

**Marks, O'Neill, O'Brien & Courtney, P.C.**

By:   /s/ Eileen M. Ford
Eileen M. Ford, Esquire/ID No. 2870
Megan T. Mantzavinos,  Esquire/ID No. 3802
913 North Market Street, #800
Wilmington, DE  19801
(302) 658-6538
Attorneys for Defendant Alie & Niaz

Date: 5/2/08

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,    :
               :
      Plaintiff,    :
               :
     v.             :    C. A. No. 07-31 - GMS
               :
FIRST CORRECTIONAL MEDICAL,   :
CORRECTIONAL MEDICAL SERVICES, :
GOVERNOR RUTH ANN MINNER,   :
COMMISSIONER STANLEY W. TAYLOR, :
BUREAU CHIEF PAUL W. HOWARD,  :
MS. GINA WOLKEN,    :
DR. ALIE, DR. NIAZ, DR. JOHN DOE,  :
DR. JANE DOE, CORRECTIONAL MEDICAL :
SERVICES GRIEVANCE HEARING STAFF, :
MS. ROSALIE VARGAS,    :
JOHN DOE, AND JANE DOE,    :
               :
      Defendants.    :

## PROPOSED ORDER

UPON CONSIDERATION of Defendant Sitta Gombeh-Alie, M.D.'s, and Muhammed Niaz,

M.D.'s Motion for Rule to Show Cause and/or Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(5) and any responses thereto, **IT IS HEREBY ORDERED** this _____ day of

_____, 2008 that said motion is **GRANTED** and Sitta Gombeh-Alie, M.D. and

Muhammed Niaz, M.D. are hereby dismissed from the case, with prejudice, for insufficiency of

service of process.

_____
Judge

EXHIBIT "A"

# MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.

ATTORNEYS AT LAW

www.mooclaw.com

*DELAWARE OFFICE*
*Suite 800*
*913 N. Market Street*
*Wilmington, DE 19801*
*(302) 658-6538 Fax: (302) 658-6537*

*Eileen M. Ford*
Member DE, NJ & PA Bars
eford@mooclaw.com

January 8, 2008

**VIA HAND DELIVERY**
US Marshal's Office
844 North King Street, Suite 1100
Wilmington, DE 19801

      **Re:**    **William Joseph Webb v. Sitta Gambeh-Ali,**
                **M.D., et al.**
                **C.A. No.: 07-31-GMS**
                **D/I: 2/20/05**
                **Our File No. 431-79532**

Dear US Marshal:

      I am writing to notify you that Dr. Sitta Gambeh-Ali has authorized us to accept service of process on her behalf in the above-entitled action. If you have any questions or concerns please do not hesitate to contact me.

                        Very truly yours,

                        **MARKS, O'NEILL, O'BRIEN**
                        **& COURTNEY, P.C.**

                        By: *Eileen M. Ford*
                              Eileen M. Ford

EMF/ams
cc:    Megan T. Mantzavinos, Esquire
       Manual Beccera (VHS-04-69292)

{DE100426.1}

| Philadelphia Pennsylvania | Pennsauken New Jersey | New York City New York | Pittsburgh Pennsylvania | Towson Maryland | Doylestown Pennsylvania | Elmsford New York |

EXHIBIT "B"

## AFFIDAVIT OF CHAD BARR

STATE OF DELAWARE                    :
                                     :
COUNTY OF KENT COUNTY                :

BE IT REMEMBERED that on this *1* day of *May*, 2008, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Chad Barr, personally known to me as such, and being duly sworn according to law, did depose and say as follows based on personal knowledge:

1.    I am over the age of eighteen and competent to make this Affidavit.

2.    I am employed as a Regional Vice President, with Correctional Medical Services, Inc., located in Dover, DE. In connection with my position at CMS, I have personal knowledge of the matters set forth herein.

3.    CMS became the Provider of Medical Services for Delaware Department of Corrections on July 1, 2005.

4.    That there is a corporate practice at CMS to not accept service of process on behalf of "individuals". If someone had come to our corporate office at 1201 College Park Drive, Suite 101, Dover DE 19904, or any other location, with service of process on an individual employee (current or former) and/or sub-contractor (current or former), that they would have been informed of the corporate practice and service of process on behalf of any "individual" would not have been accepted.

{DE107999.1}                                    1

5.    That I have reviewed the personnel records of CMS and they

indicate that neither, Gina Wolken, Sitta Gombeh-Ali, M.D. and Muhammed Niaz, M.D.

were active employees of CMS in or about May 2007 or anytime thereafter.

6.    The above information is true and correct to the best of my

knowledge and belief.

CHAD BARR

SWORN TO and SUBSCRIBED before me the day and year first above written.

NOTARY PUBLIC

LAURA LEA PRICE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires February 28, 2009

{DE107999.1}                             2

EXHIBIT "C"

LEXSEE 2002 DEL. SUPER. LEXIS 248

**RICARDO M. PARAS, Plaintiff, v. CORRECTIONAL MEDICAL SERVICES, INC., DR. JAFRI, DR. IVENS, and DR. PENSERGA, Defendants.**

C.A. No. 00C-08-104 RRC

**SUPERIOR COURT OF DELAWARE, NEW CASTLE**

*2002 Del. Super. LEXIS 248*

August 12, 2002, Submitted
October 3, 2002, Decided

**DISPOSITION:** [*1] Plaintiff's motion for default judgment denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff inmate filed a medical malpractice action against defendants, a medical services corporation and three doctors. The trial court dismissed the inmate's action for insufficiency of service of process, and the inmate appealed. The Supreme Court of Delaware remanded the case because a videotape of a hearing which the trial court held could not be located, and instructed the trial court to reconstruct its rationale for dismissing the action.

**OVERVIEW:** An inmate filed an action against three doctors and a corporation that provided medical services. According to a sheriff's return that was entered in the trial court's docket, service of process was made by delivering the complaint to a receptionist. Seven months later, a prothonotary sent the inmate a notice of dismissal, pursuant to Del. Sup. Ct. R. Civ. P. 41(e), for failure to prosecute his suit. The inmate responded by filing a motion for a default judgment. Counsel representing the doctors and the corporation entered their appearance six days after the inmate filed his motion for a default judgment, and filed a motion to dismiss the inmate's complaint for insufficiency of process and insufficiency of service of process. In support of its motion, the corporation submitted an affidavit from its regional manager which indicated that the receptionist was not and never had been an employee of the corporation. The trial court held that the evidence did not show proper service of process on the doctors or the corporation.

**OUTCOME:** On remand from the state supreme court, the trial court reconstructed its rationale for denying the inmate's motion for default judgment and granting the doctors and corporation's motion to dismiss the inmate's lawsuit.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Service of Process > General Overview*
[HN1] See Del. Super. Ct. R. Civ. P. 4(f)(1)(I).

*Civil Procedure > Pleading & Practice > Service of Process > Methods > Service Upon Agents*
[HN2] See Del. Super. Ct. R. Civ. P. 4(f)(1)(III).

*Civil Procedure > Pleading & Practice > Service of Process > General Overview*
[HN3] See Del. Super. Ct. R. Civ. P. 4(j).

*Civil Procedure > Pleading & Practice > Service of Process > General Overview*
*Criminal Law & Procedure > Accusatory Instruments > Complaints*
[HN4] The return of service upon a defendant corporation is prima facie evidence of the facts stated therein, and strong and convincing proof is required to rebut the presumption of the veracity of the return.

*Business & Corporate Law > Agency Relationships > Authority to Act > Apparent Authority > General Overview*
*Business & Corporate Law > Agency Relationships > Duties & Liabilities > Negligent Acts of Agents > General Overview*

[HN5] Apparent authority may be defined as that authority which, though not actually granted, the principal knowingly or negligently permits an agent to exercise or which the principal holds the agent out as possessing. However, apparent authority can never be derived from the acts of an agent alone.

## OPINION

### UPON REMAND FROM THE SUPREME COURT "TO RECONSTRUCT...THE MISSING TRANSCRIPT."

This 3rd day of October, 2002, pursuant to an Order remanding this case to this court as entered by the Supreme Court on August 6, 2002, [1] it appears that:

1. Ricardo M. Paras ("Plaintiff") is an incarcerated individual. On August 1, 2000, he filed a *pro se* complaint alleging medical negligence against Dr. Jafri, Dr. Ivens, and Dr. Penserga, and Correctional Medical Services, Inc. (collectively "Defendants"). According to the sheriff's returns found at docket entry number four in that action, Plaintiff served Defendants on September 21, 2000 by serving "Gerda Street, Receptionist....." [2] On April 27, 2001, the Prothonotary sent Plaintiff a notice of dismissal pursuant to Superior Court Civil Rule 41(e) for his failure to prosecute his suit against Defendants. [3]

In apparent response to the Rule 41(e) notice of dismissal, Plaintiff then filed a motion for entry of default judgment on May 29, 2001. [4] Plaintiff's stated ground for the requested entry of default judgment was that "Defendant's [sic] have had ample time to answer this complaint and have. [*2] ..chosen to...disregard...[it]."; [5] Plaintiff averred that Defendants "were properly served via Sheriff on 9-21-2000." [6] Plaintiff's stated reason for his position was that "if the Office of the New Castle County Sheriff [sic] deemed Ms. Street to be a proper receiving agent to the...Defendants, then it must be believed that she was...an 'officer, managing, or general agent'...[of Defendants]." [7]

Counsel for Defendants entered his appearance on June 5, 2001. [8] In response to Plaintiff's motion, Defendants argued that they were unable to respond in a timely manner because they "were never properly served...and received no notice of the action prior to...receiving a copy of the...motion...[for default judgment]." [9]

As part of their response to Plaintiff's motion, Defendants submitted the affidavit of Loren Corsberg, the Regional Manager of Correctional Medical Services, Inc. [10] In her affidavit, Ms. Corsberg stated that "Gerda Street is not, nor has she ever been, an employee or agent of Correctional Medical Services, Inc." [11] Defendants therefore argued that Ms. Street could not have properly accepted service of process on behalf of Defendants.

Additionally, Defendants [*3] filed a motion to dismiss Plaintiff's complaint for insufficiency of process [12] and insufficiency of service of process. [13] In that motion, Defendants again contended that they "were never properly served...and received no notice of...[Plaintiff's] action prior to...receiving a copy of the...motion...[for default judgment]." [14] Plaintiff responded that "despite...[their] contentions," [15] he had in fact properly served all of the Defendants.

On July 30, 2001 this court denied Plaintiff's motion for default judgment and granted Defendants' motion to dismiss "for the reasons stated on the record." [16] Because Plaintiff was incarcerated at that time, the hearing was recorded on a videotape (with Plaintiff participating from the Delaware Correctional Center). Plaintiff filed an appeal of this court's decisions on August 10, 2001. [17]

Several months after Plaintiff filed his appeal, the Superior Court Prothonotary determined and reported to the Supreme Court that the videotape of the July 30, 2001 hearing could not be located. The Supreme Court then concluded that it would be unable to conduct a meaningful appellate review of this court's rulings without the videotape and remanded [*4] this case (with jurisdiction retained) "in order for the Superior Court to reconstruct at least that part of the missing transcript containing the rationale for its decision to dismiss...[Plaintiff]'s complaint." [18] This is the court's reconstruction of its ruling granting Defendants' motion to dismiss Plaintiff's complaint and denying Plaintiff's motion for default judgment.

2. Superior Court Civil Rule 4(f)(1)(I) provides that [HN1] service shall be made

> upon an individual other than an infant or an incompetent person by delivering a copy of the summons, complaint and affidavit, to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering copies thereof to an agent authorized by appointment or by law to receive service of process. [19]

Superior Court Civil Rule 4(f)(1)(III) provides that [HN2] service shall be made

> upon a domestic or foreign corporation or upon a partnership or unincorporated association which is subject to suit under common name by delivering copies of the summons, complaint and affidavit, if any, to an [*5] officer, a managing or general

agent or to any other agent authorized by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. [20]

Superior Court Civil Rule 4(j) provides that:

[HN3] if a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. [21]

3. Here, service upon the individual doctors is claimed to have been properly effected because Plaintiff served "Gerda Street, Receptionist...." [22] However, Plaintiff neither delivered a copy of the summons and complaint to the individual doctors personally nor left copies at the individual doctors' "dwelling house[s] or usual place[s] of abode with some person of suitable age and discretion then residing therein." [23] There has been no showing that Ms. Street was appointed by the [*6] individual doctors as an agent to receive service of process for them. For these reasons, this court dismissed Plaintiff's complaint against Dr. Jafri, Dr. Ivens, and Dr. Penserga in their individual capacities in an oral ruling on July 30, 2001.

Regarding service of the complaint upon defendant Correctional Medical Services, Inc., it has been held that [HN4] the return of service upon a defendant corporation is *prima facie* evidence of the facts stated therein, and that strong and convincing proof is required to rebut the presumption of the veracity of the return. [24] Here, however, the return of service indicates that service of Plaintiff's complaint against defendant Correctional Medical Services, Inc. was made only upon "Gerda Street, Receptionist...." [25] The court's inquiry is therefore limited to whether Ms. Street had authority to accept service of process on behalf of the corporate defendant. As the affidavit submitted by Loren Corsberg, Regional Manager of Correctional Medical Services, Inc., indicates, "Gerda Street is not, nor has she ever been, an employee or agent of Correctional Medical Services, Inc." [26] In the absence of actual authority to accept service of process [*7] on behalf of a corporation, the question is "whether or

not...[an] individual had sufficient apparent authority to accept service of process on behalf of...[the company]." [27]

[HN5] Apparent authority may be defined as "that authority which, though not actually granted, the principal knowingly or negligently permits the 'agent' to exercise or which...[the principal] holds...[the 'agent'] out as possessing." [28] However, "apparent authority can never be derived from the acts of the ['agent['] alone." [29] The record is devoid of any indication that defendant Correctional Medical Services, Inc. knowingly or negligently permitted Ms. Street to exercise authority to accept service on its behalf; in fact, defendant, through the affidavit of Loren Corsberg, has indicated that Ms. Street did not have any authority at all. As such, Ms. Street's "authority" cannot be derived alone from her act of accepting service. For these reasons, this court dismissed Plaintiff's complaint against Correctional Medical Services, Inc.

1    Ricardo M. Paras v. Correctional Medical Services et al., Del. Supr., No. 370, 2001, Steele, J. (Aug. 6, 2002) (hereinafter "Paras, Aug. 6, 2002 Order").

[*8]

2    Dkt. # 4.
3    Dkt. # 5.
4    Dkt. # 7.
5    Pl.'s Mot. for Default J. P4.
6    Id. P2.
7    Pl.'s Reply to Defs.' Resp. P3.
8    Dkt. # 8.
9    Defs.' Resp. to Pl.'s Mot. P8.
10   Corsberg Aff. P1.
11   Id. P3.
12   See Super. Ct. Civ. R. 12(b)(4).
13   See Super. Ct. Civ. R. 12(b)(5).
14   Pl.'s Mot. to Dismiss P9.
15   Pl.'s Answer to Def.'s Mot. P4.
16   Dkt. # 17.
17   Dkt. # 18.
18   Paras, Aug. 6, 2002 Order at 2.
19   Super. Ct. Civ. R. 4(f)(1)(I).
20   Super. Ct. Civ. R. 4(f)(1)(III).
21   Super. Ct. Civ. R. 4(j).
22   Dkt. # 4.
23   See Super. Ct. Civ. R. 4(f)(1)(I).
24   *Cohen v. Brandywine Raceway Ass'n, 238 A.2d 320, 324 (Del. 1968).*
25   Dkt. # 4.
26   Corsberg Aff. P3.
27   *Rittenhouse Assocs., Inc. v. Potts, 1981 Del. Ch. LEXIS 579, C.A. No. 6286, 1981 WL 15084,* at *1 (Del. Ch. Apr. 21, 1981) (holding that the plaintiff had failed to make proper service of process where the record did not indicate that the

defendant corporation had given any indication to the Sheriff that it had a registered agent in Delaware and no representation was made by the lessee of the defendant corporation who accepted service for the defendant corporation that he had authority to do so).

[*9]

28    *Finnegan Constr. Co. v. Robino-Ladd Co., 354 A.2d 142, 144 (Del. Super. Ct. 1976)* (holding that where defendant corporation had listed an address for a registered agent to accept service of process and Sheriff was informed upon entering that address that a person to accept service would be available soon, the person soon appear-

ing and accepting service on behalf of defendant corporation was exercising "apparent authority.").
29    Id. (citations omitted).

Because the court granted Defendant's motion to dismiss as to both the individual and corporate defendants on July 30, 2001, Plaintiff's motion for default judgment was denied on the same date. [30]

30    The fact that the videotape of the July 30, 2001 hearing could not subsequently be located is of course most regrettable; this Court understands that improved procedures are now in place to prevent any such future occurrences.

EXHIBIT "D"

1 of 4 DOCUMENTS

**CARLOS LAMONTE JOHNSON, Plaintiff, v. MEDICAL DEPARTMENT, DR. IVENS, DR. BAILEY, and DR. TRIVEDI Defendant.**

**Civil Action No. 02-369-KAJ**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2005 U.S. Dist. LEXIS 10379*

**June 1, 2005, Decided**

**PRIOR HISTORY:** *Johnson v. Medical Dep't, 2004 U.S. Dist. LEXIS 5870 (D. Del., Mar. 31, 2004)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff prisoner brought suit against defendant doctor, pursuant to *42 U.S.C.S. § 1983*. The doctor moved to dismiss the complaint for insufficiency of service of process, pursuant to *Fed. R. Civ. P. 4(m)* and for failure to prosecute, pursuant to *Fed. R. Civ. P. 41(b)*.

**OVERVIEW:** The plaintiff brought suit against the doctor, but failed to effect service on the doctor, even though more than two years had passed since the complaint was filed. The doctor moved to dismiss the complaint for failure of service, and the court granted the motion because the prisoner had clearly exceeded the 120 days allowed for service of process under *Fed. R. Civ. P. 4(m)*. Moreover, the prisoner did not even attempt to show that there was a reasonable justification for his noncompliance. Thus, an extension of time was not warranted. Finally, the prisoner had not communicated with the court in the last 10 months, and had completely failed to indicate that he was still interested in pursuing the case. Consequently, the prisoner failed to prosecute the case, and dismissal was warranted under *Fed. R. Civ. P. 41(b)*.

**OUTCOME:** The doctor's motion to dismiss was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Service of Process > Methods > General Overview*

*Governments > Federal Government > Executive Offices*
[HN1] U.S. Marshal - 285 forms allow a plaintiff to request that the court direct that service of the summons and complaint be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis. *Fed. R. Civ. P. 4(c)(2)*.

*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Dismissals*
*Criminal Law & Procedure > Accusatory Instruments > General Overview*
[HN2] An action against a defendant may be dismissed if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint. *Fed. R. Civ. P. 4(m)*.

*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Dismissals*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Extensions*
*Civil Procedure > Dismissals > General Overview*
[HN3] District courts, upon determining that process or service of process was insufficient, have broad discretion in dismissing a plaintiff's complaint. In determining whether to dismiss a complaint, or grant a plaintiff an extension of time to serve a defendant, the court must follow a two step procedure. First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

2005 U.S. Dist. LEXIS 10379, *

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Extensions*
[HN4] Courts have found that good cause exists for an extension of time to effect service on a defendant when the plaintiff has made a good faith effort to comply with *Fed. R. Civ. P. 4(m)*, and there is a reasonable justification for the plaintiff's noncompliance.

*Civil Procedure > Dismissals > Involuntary Dismissals > General Overview*
[HN5] See *Fed. R. Civ. P. 41(b)*.

*Civil Procedure > Dismissals > Involuntary Dismissals > Motions*
[HN6] A court's authority to dismiss claims under *Fed. R. Civ. P. 41(b)* is based on the inherent power of the court to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. The procedural history of each case must be examined in order to determine whether a motion under *Fed. R. Civ. P. 41(b)* should be granted.

**COUNSEL:** [*1] For Carlos Lamonte Johnson, Plaintiff, Pro se, Carlos Lamonte Johnson, Georgetown, DE.

For Dr. Ivan, Defendant: Kevin J. Connors, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, DE.

**JUDGES:** Kent Jordan, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Kent Jordan

**OPINION**

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Presently before me is a Motion to Dismiss (Docket Item ["D.I."] 61; the "Motion") filed by Keith Ivens, M.D. ("Dr. Ivens") for insufficiency of service of process pursuant to *Federal Rule of Civil Procedure 4(m)* and for failure to prosecute pursuant to *Rule 41(b)*. For the reasons that follow, Dr. Ivens' Motion will be granted. [1]

1 Also before me is a Motion to Stay (D.I. 47). filed by Plaintiff on March 15, 2004, in which he requested that his case "be extended until [he]

gets out [of prison]." Plaintiff has since been released and thus his request is moot.

**II. BACKGROUND**

Plaintiff Carlos Lamonte Johnson ("Plaintiff") is a *pro se* litigant [*2] who, at the time he filed his Complaint, was incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. (D.I. 2.) On May 15, 2002, after being permitted to proceed *in forma pauperis*, Plaintiff commenced this action against Dr. Ivens [2] under *42 U.S.C. § 1983*. (*Id.*) On August 27, 2002, this court ordered Plaintiff, pursuant to *Federal Rules of Civil Procedure 4(c)(2)* and *(d)(2)*, to "complete and return to the Clerk of the Court an original 'U.S. Marshal - 285' form ['285 form'] for each defendant[.]" [3] (D.I. 16 at 1.) The court also informed Plaintiff that his "failure to submit this form may provide grounds for dismissal of the lawsuit pursuant to *Fed. R. Civ. P. 4(m)*." (*Id.*) In response, on September 8 and September 12, 2002, Plaintiff completed, and returned to the Clerk of the Court, 285 forms for Correctional Medical Services ("CMS"), Dr. Ivens, Dr. Bailey, and Dr. Trivedi. (D.I. 23, 26, 30, 31.) On January 6, 2003, service was returned to the Court, unexecuted as to Dr. Ivens. (D.I. 26.)

2 Dr. Bailey, Dr. Trivedi, and Correctional Medical Services, Inc. ("CMS") were also named as defendants in the Complaint but have since been dismissed from the case. (*See* D.I. 2, 60, 64.)

[*3]

3 [HN1] U.S. Marshal - 285 forms allow a plaintiff to request that the court direct that service of the summons and complaint "be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis[.]" *Fed. R. Civ. P. 4(c)(2)*.

Evidently, Plaintiff also had difficulty in serving CMS; however, In my March 31, 2004 Memorandum Order, I found that Plaintiff had made a good faith effort to comply With *Fed. R. Civ. P. 4* in his attempts to effect service of process upon CMS. (D.I. 50 at 4.) I therefore exercised my discretion pursuant to *Fed. R. Civ. P. 4(m)* to grant an extension of time for Plaintiff to serve CMS. (D.I. 50.) Plaintiff failed to submit a completed 285 form during the extension, and, as a result, I dismissed the action against CMS without prejudice on June 4, 2004. (D.I. 60.)

On February 22, 2005, I ordered [*4] that if Plaintiff was going to file an answering brief in response to a motion to dismiss filed by defendants Bailey and Trivedi,

he must do so on or before March 8, 2005. (D.I. 51, 63.) Plaintiff, however, failed to file a response to the motion and on April 20, 2005, I ordered that Plaintiff's claims be dismissed without prejudice as to defendants Bailey and Trivedi. (D.I. 64.) On July 21, 2004, Dr. Ivens, the only remaining defendant, filed this Motion to Dismiss. (D.I. 61)

### III. STANDARDS

#### A. *Rule 4(m)*

[HN2] An action against a defendant may be dismissed "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint." *Fed. R. Civ. P. 4(m)*. It is a well settled principle that [HN3] district courts, upon determining that process or service of process was insufficient, have broad discretion in dismissing a plaintiff's complaint. *Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 604 (D.N.J. 2003)*. In determining whether to dismiss a complaint, or grant a plaintiff an extension of time to serve [*5] a defendant, the court must follow a two step procedure. *McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998); Mettle, 279 F. Supp. 2d at 604*.

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995)*.

[HN4] Courts have found that "good cause" exists for an extension of time when the plaintiff has made a good faith effort to comply with the rule and there is a reasonable justification for the plaintiff's noncompliance. *Momah v. Albert Einstein Med. Ctr., 158 F.R.D. 66, 69 (E.D. Pa. 1994)(citing Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988))*.

#### B. *Rule 41(b)*

Under *Rule 41(b)* of the Federal Rules of Civil Procedure, [HN5] "a defendant may move for dismissal of [*6] an action or of any claim against the defendant" in instances where "the plaintiff [has failed] to prosecute or to comply with these rules or any order of court." *Fed. R. Civ. P. 41(b)*. [HN6] A court's authority to dismiss

claims under *Rule 41(b)* is based on the "'inherent power' [of the court] ... to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)*. "The procedural history of each case must be examined" in order to determine whether a motion under *Rule 41(b)* should be granted. *Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974)*.

### IV. DISCUSSION

#### A. *Rule 4(m)*

Dr. Ivens asserts that Plaintiff has yet to serve him properly even though 798 days have passed since Plaintiff filed his complaint. (D.I. 61 at P 7.) Now, more than ten months after Dr. Ivens filed this Motion, Plaintiff has still failed to serve him. Thus, Plaintiff has clearly exceeded the 120 days allowed for service of process under *Rule 4(m)*. Because Plaintiff has made no attempt to show that there is a reasonable justification for [*7] his noncompliance, good cause does not exist for an extension of time. *See Dominic, 841 F.2d at 517; Momah, 158 F.R.D. at 69*. Additionally, I will not exercise my discretion to extend the time, because Plaintiff has made no further effort to comply with *Fed. R. Civ. P. 4(m)*.

#### B. *Rule 41(b)*

Independent grounds exist under *Rule 41(b)* to grant Dr. Ivens' Motion. Plaintiff has not had any correspondence with this court during the last ten months. [4] Furthermore, Plaintiff did not respond to defendants Bailey and Trivedi's motion to dismiss (D.I. 51), even after being ordered to file his answer brief before March 8, 2005. (D.I. 63.) Plaintiff has had more than sufficient time to indicate that he is still interested in pursuing this case, but has not done so. Thus, consistent with *Marshall, 492 F.2d at 918*, the procedural history clearly shows that Plaintiff has failed to prosecute this case.

> 4   Plaintiff's last correspondence with this court was a letter dated July 23, 2004, in which he stated that he "never knew the correct names of his defendants until now." (D.I. 62.) He also stated that he "read that they are trying to get some parts of [his] case dismissed" and asked that his time be extended to "get a lawyer so [he] can be compensated for pain and suffering." (D.I. 62.) This letter, however, was not responsive to Dr. Ivens' Motion and does not remedy the deficiencies in Plaintiff's prosecution of this case.

[*8] V. CONCLUSION

2005 U.S. Dist. LEXIS 10379, *

Accordingly, IT IS HEREBY ORDERED that Dr. Ivens' Motion to Dismiss (D.I. 61) is GRANTED and Plaintiff's Motion to Stay (D.I. 47) is DENIED as moot.

Kent Jordan

UNITED STATES DISTRICT JUDGE

June 1, 2005

Wilmington, Delaware

EXHIBIT "E"

LEXSEE 2007 U.S.DIST. LEXIS 48188

**KEVIN L. DICKENS, Plaintiff, v. DOVER CITY POLICE DEPARTMENT, GEORGETOWN POLICE DEPARTMENT, TERRENCE LYONS, MARK ATWELL, LESTER SHAFFER, and DAVID NAAR, Defendants.**

**Civ. Action No. 03-310-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2007 U.S. Dist. LEXIS 48188*

**June 29, 2007, Decided**

**SUBSEQUENT HISTORY:** Reconsideration denied by *Dickens v. Dover City Police Dep't, 2007 U.S. Dist. LEXIS 76463 (D. Del., Oct. 12, 2007)*

**COUNSEL:** [*1] Kevin L. Dickens, Plaintiff, Pro se.

For Dover City Police Department and Terrence Lyons, Defendants: William W. Pepper, Esquire, Schmittinger & Rodriguez, P.A., Wilmington, Delaware.

For Georgetown Police Department, Mark Atwell, Lester Shaffer, and David Naar, Defendants: Megan Trocki Mantzavinos, Esquire, Marks, O'Neill, O'Brien & Courtney, P.C., Wilmington, Delaware.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

*MEMORANDUM OPINION*

*June 29, 2007*

*Wilmington, Delaware*

**Joseph J. Farnan, Jr., District Judge**

Presently before the Court are Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54), supporting briefs, Plaintiff's responses thereto (D.I. 59, 60), and Defendants' Replies (D.I. 61, 62). For the reasons set forth below, the Court will grant Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and will grant Defendants Georgetown Police De-

partment, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54).

**I. BACKGROUND**

Plaintiff, an inmate housed at the Delaware Correctional Center [*2] ("DCC"), filed his Complaint on March 21, 2003, against Defendants Manpower and Jane Does, Dover City Police Department ("Dover Police Department"), Judge Merrill C. Trader ("Judge Trader"), Georgetown Police Department ("Georgetown Police Department"), and John Does from both police departments alleging violations of the *First, Fourth, Fifth, Sixth,* and *Fourteenth Amendments of the U.S. Constitution,* as well as violations of state law for malicious prosecution and false arrest. (D.I. 1.) The Court dismissed the claims against Defendants Manpower, Inc., Jane Does, Managers, and Judge Trader on November 16, 2004. (D.I. 20.) In the same Order, Plaintiff was allowed to proceed only with his excessive force [1] claim against the Dover Doe Officers and his unlawful arrest [2] claim against the Georgetown Doe Officers. All other claims were dismissed. The Order stated that the Complaint did not contain specific allegations against Defendants Dover Police Department and Georgetown Police Department, but directed service upon these two Defendants for the purpose of naming the John Doe Defendants. *Id.* The Order directed Plaintiff, upon learning the names of the John Doe Defendants, to immediately [*3] move the Court for an order directing amendment of the caption of the Complaint and for service of the Complaint. *Id.* On April 27, 2005, the Dover Doe Defendant(s) were identified as Dover police officer Terrence Lyons ("Lyons"), and on June 30, 2005, the Georgetown Doe Defendants were identified as police officers Mark Atwell ("Atwell"), Lester Shaffer ("Shaffer"), and David Naar ("Naar"). (D.I. 23, 31.) Plaintiff ultimately filed an amendment to substitute correct names for the John Doe Defendants on January 25, 2006. (D.I. 42, 45.)

1  Excessive force claims arising out of an arrest are analyzed under the *Fourth Amendment. Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).*

2  Arrests made by police officers are classic seizures within the meaning of the *Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); Kaupp v. Texas, 538 U.S. 626, 123 S. Ct. 1843, 155 L. Ed. 2d 814 (2003).*

The Complaint alleges that Manpower Inc. and Jane Does violated Plaintiff's constitutional rights by filing criminal impersonation and harassment charges against him. (D.I. 1, 2-4.) Plaintiff alleges that on March 16, 2001, Atwell, Shaffer, and Naar arrested him without a warrant, although he was told there was a warrant for his arrest for an assault on a woman. [*4] (D.I. 1 at 2.) He alleges that at the time, he was shown a computerized mugshot of himself, but there were no charges written on the paper. *Id.* at 3.

Plaintiff alleges he was taken to the Dover Police Department, and when he informed the officers that he would not be fingerprinted or talk, Lyons and three other officers used excessive force while he was handcuffed, by choking and yanking him. *Id.* at 3. Plaintiff alleges that because he was aware of an individual who had recently died in police custody, when he asked the officers if they were going to kill him "like they killed Reggie Hannah," the officers released him from a choke hold. Plaintiff alleges the officers used menacing language and then added a criminal charge of failure to fingerprint. *Id.* at 4. He appeared for trial on April 16, 2001, and alleges the charges of impersonation and harassment were dismissed because the witnesses did not appear to testify against him. [3] Plaintiff plead guilty to the fingerprinting charge. *Id.* at 5.

3  The Complaint contains numerous allegations against Judge Trader, but all claims were dismissed on the basis of judicial immunity.

Defendants Dover Police Department and Lyons move for summary judgment [*5] on the bases that the claim is barred by the applicable two year limitations period, the claim against the Police Department is an improper attempt to impose vicarious liability in a § 1983 action, and there are no genuine issues of material fact. (D.I. 52.) Defendants Georgetown Police Department, Atwell, Shaffer, and Naar move for dismissal on the bases that the Complaint fails to state a claim upon which relief may be granted, Plaintiff failed to timely serve the Defendant Police Officers and the claims are barred by the applicable two year limitations period. (D.I. 55.)

## II. DISCUSSION

### A. Standards of Law

#### 1. Motion To Dismiss

*Rule 12(b)(6)* permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6).* The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).* To that end, the Court assumes that all factual allegations in Plaintiff's pleading are true, and draws all reasonable factual inferences in the light most favorable to Plaintiff. *Amiot v. Kemper Ins. Co., 122 Fed. Appx. 577, 579 (3d Cir. 2004).* [*6] However, the Court should reject "unsupported allegations," "bald assertions," or "legal conclusions." *Id.* A *Rule 12(b)(6)* motion should be granted to dismiss a *pro se* complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)* (quoting *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).*

#### 2. Summary Judgment

The Court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c).* The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).* "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995)* [*7] (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita, 475 U.S. at 587* (quoting *Fed. R. Civ. P. 56(e)).* The Court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).*

The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be

enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).*

## B. Sua Sponte Dismissal

When the Complaint was initially screened, the Court noted that Plaintiff appeared to attempt to raise claims against [*8] the Dover Police Department and the Georgetown Police Department on the basis of *respondeat superior.* (D.I. 20.) The Court found that the Complaint did not raise any specific allegations against the Dover Police Department and the Georgetown Police Department and, therefore, Plaintiff could not establish a claim against these two Defendants. (D.I. 20.) The Court refrained from *sua sponte* dismissal of the Police Department Defendants because it was necessary for them to identify John Doe Defendants. On April 27, 2005, the Dover Police Department identified one John Doe Defendant [4] and on June 30, 2005, the Georgetown Police Department identified three John Doe Defendants. (D.I. 23, 31.) Thereafter, Plaintiff amended the Complaint to substitute the Doe Defendants with their correct names. (D.I. 42.) Accordingly, there is no longer a need for Defendants Dover Police Department and the Georgetown Police Department to remain in the case. Moreover, Plaintiff conceded in his Responsive brief that it is appropriate to dismiss the claims brought against the Georgetown Police Department. (D.I. 60.)

> 4    Plaintiff complains that the Dover Police Department only identified one John Doe Defendant, even [*9] though the Complaint refers to three Dover Doe Defendants. (D.I. 59.)

As previously determined, the Complaint fails to state a claim upon which relief may be granted as to Defendants Dover Police Department and Georgetown Police Department. *See* D.I. 20. The claims against these two Defendants lack an arguable basis in law or in fact and the Court will dismiss the claims pursuant to *28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).* [5]

> 5    The Court sees no need to address the *respondeat superior* issue raised by the Dover Police Department in its Motion For Summary Judgment.

## C. Service of Process

Defendants Atwell, Shaffer, and Naar contend that dismissal is appropriate because process has yet to be effected. They argue that Plaintiff has known their identities for over one year, and that as of January 25, 2006, Plaintiff amended the caption to the Complaint, but did not serve them. (D.I. 55, 12-13.) Plaintiff did not respond to this issue.

Prior to screening the Complaint, Plaintiff filed two Motions To Amend to change the name of certain Defendants and to identify and correct the addresses of certain Defendants. At the time of the initial screening of the Complaint, the Court ordered Plaintiff, [*10] upon learning of the identity of the Dover and Georgetown Doe Defendants, to immediately apply to the Court for an Order directing amendment of the caption and service of the Complaint. (D.I. 20.) Plaintiff complied in part. After many extensions of time he filed an amendment identifying the Doe Defendants. At no time, however, did he move the Court to serve the Complaint. Nor did Plaintiff submit USM-285 forms for the newly named Defendants for submission to the U.S. Marshal for service.

*Rule 4(m)* provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court. . .shall dismiss the action without prejudice. . .provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Fed. R. Civ. P. 4(m).* The Georgetown Police Officer Defendants raised the issue of lack of service in their Motion To Dismiss and supporting memorandum. (D.I. 54, 55.) Nonetheless, when the matter was brought to Plaintiff's attention, he did not request an extension of time to effect service or otherwise show good cause for the failure to serve. Indeed, he made [*11] no response to the issue once it was raised by the Georgetown Police Officer Defendants.

Plaintiff has failed to show good cause for the failure to serve the Georgetown Police Officer Defendants. Therefore, the Court will grant the Motion To Dismiss. *See Miles v. Aramark Corr. Serv. at Curran Fromhold Corr., No 05-5567, 236 Fed. Appx. 746, 2007 U.S. App. LEXIS 9249, 2007 WL 1170702 (3d Cir. Apr. 20, 2007)* (No abuse of discretion by District Court in dismissing complaint when the named Defendants were not timely served, the matter was brought to plaintiff's attention, and plaintiff did not request an extension of time to effect service or otherwise show good cause for the failure to serve).

## D. Statute of Limitations

All moving Defendants argue that Plaintiff's claims are barred by the applicable limitations period. The Do-

ver Defendants point to the allegations that the acts occurred on March 16, 2001, and contend that the Complaint was not filed until March 21, 2003, after the expiration of the limitations period. All Defendants argue that the subsequent naming of the John Doe Defendants did not toll or stop the running of the limitations period, and as a result, the naming of the Doe Defendants did not relate back to the original [*12] Complaint, even assuming the Complaint was timely filed.

Plaintiff responds that his Complaint was deemed filed on March 17, 2003, in accordance with the prison mailbox rule. He posits that because the excessive force and false arrest claim are "inexorably related" to the false arrest and malicious prosecution claims, "the time can relate back to a time outside the two-year statute of limitations under the 'continuing violation' doctrine." (D.I. 59, 60.) Plaintiff contends that his malicious prosecution claim did not accrue until April 16, 2003, since the charges against him were dismissed on April 16, 2001.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia, 471 U.S. 261, 275, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1983).* In Delaware, § 1983 claims are subject to a two-year limitations period. *See Del. Code Ann. tit. 10, § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).* A § 1983 cause of action accrues on the date when a plaintiff knew or should have known that his or her rights had been violated. *Genty v. Resolution Trust Corp., 937 F.2d 899 (3d Cir. 1991).* Claims not filed within the two-year statute of limitations period are time-barred [*13] and must be dismissed. *See Smith v. Delaware, C.A. No. 99-440-JJF, 2001 U.S. Dist. LEXIS 10594, 2001 WL 845654, at *2 (D. Del. July 24, 2001).*

### 1. Mailbox Rule

The Dover Defendants are incorrect in their position that Plaintiff's Complaint was filed on March 21, 2003. The computation of time for a complaint filed by a *pro se* inmate is determined according to the "mailbox rule." In *Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988),* the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).* Additionally, this District has extended the *Houston* mailbox rule to *pro se* § 1983 complaints. *Gibbs v. Deckers, 234 F.Supp. 2d 458, 463 (D. Del. 2002). See also Rivers v. Horn, No. Civ.A. 00-3161, 2001 U.S. Dist. LEXIS 3613, 2001 WL 312236, at *1 n.1 (E.D. Pa. Mar. 29, 2001)* (extending *Houston* to pro se prisoner § 1983 complaints).

Plaintiff's Complaint was signed on March 17, 2003, and the envelope it was mailed [*14] in is post-marked March 19, 2003. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing some time between March 17, 2003 and March 19, 2003. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on March 17, 2003, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

### 2. Calculation of Limitations Period

Plaintiff alleges the excessive force and wrongful arrest occurred on March 16, 2001. The Third Circuit Court of Appeals has concluded that the statute of limitations expires on the anniversary date of the event in issue. *Monkelis v. Mobay Chem., 827 F.2d 937, 938 (3d Cir. 1987).* In determining the final date of the limitations period, the method of calculation used is that found in *Fed. R. Civ. P. 6(a),* at least in non-diversity cases. *Id.; Fed. R. Civ. P. 6(a).* Rule 6(a) specifically provides that the "date of the act". . . from which the designated period of time begins to run shall not be included" in determining whether suit was brought in a timely manner. *Id.* It also provides that the last day of the period is included in the computation unless [*15] it is a Saturday, Sunday or legal holiday. *Id.*

Plaintiff alleges that the excessive force and unlawful arrest occurred on March 16, 2001. Therefore, March 17, 2001, the day after the alleged excessive force and unlawful arrest accrued, is the first day considered in determining whether the Complaint was filed within the prescribed time. This means, that the limitations period expired on March 16, 2003. However, March 16, 2003 fell on a Sunday, and that day is not included in the calculation. Therefore, the limitations period ran until the end of the next day, that is, March 17, 2003. As discussed above, according to the mailbox rule, Plaintiff filed his Complaint on March 17, 2003. Accordingly, Plaintiff's Complaint was timely filed.

### 3. Relation Back

The Dover Defendants argue Plaintiff's amendment naming the John Doe Defendants did not stop or toll the running of the limitations period. (D.I. 53.) The Georgetown Defendants argue that the amendment to the Complaint (D.I. 42, 45) was not made within the two year limitations period. All Defendants argue that the amendment does not relate back because they did not receive notice within 120 days as is required by the Federal Rules of Civil [*16] Procedure. More specifically, the Dover Defendants argue that they did not receive notice of the filing of this action until two years after the fact. (D.I. 53, 62.) The Georgetown Defendants argue

that they have never received notice of the Complaint. Plaintiff responds that the amendment relates back to the original complaint because of the continuing violation doctrine. Plaintiff did not address the issue of relation back as it relates to the amendment identifying the Doe Defendants.

*Rule 15(c) of the Federal Rules of Civil Procedure* can ameliorate the running of the statute of limitations on a claim by making the amended claim relate back to the original, timely filed complaint. *See Singletary v. Pennsylvania Dept. of Corr., 266 F.3d 186, 189 (3d Cir. 2001); Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995).* Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under *Rule 15(c)*, and thus an amended complaint will relate back only if the three conditions specified in that rule are satisfied. *Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003).* Those conditions are: 1) the additional claim arose [*17] out of the same conduct as the original pleading; 2) the newly named party received such notice of the institution of the action within 120 days of the complaint so that the party will not be prejudiced in maintaining a defense on the merits; and 3) the newly named party must have known or should have known within 120 days that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. *Singletary, 266 F.3d at 189* (internal quotations and citations omitted).

The first condition is met as it is clear that the claims against the Dover Police Officers and the Georgetown Police Officers arise out of the same conduct as alleged in the original pleading. As to the second condition, Defendant Lyons argues that he was not given notice of this action within 120 days of its filing on March 21, 2003, as the Dover Police Department did not receive notice of the filing of the complaint until two years after the fact. The Georgetown Defendants argue that they never received notice within 120 days as measured from any relevant date.

Under *Rule 15(c)(3)*, notice does not require actual service [*18] of process on the party sought to be added, and notice can be actual, constructive, implied, or imputed. *Singletary, 266 F.3d 195.* There is no indication in the record that Defendants Lyons, Atwell, Shafer and Naar received actual notice of this action. Notice, however, may be imputed through the "shared attorney" method. *Id. at 196-198.* The "shared attorney" method is based upon the theory that, when an originally named party (i.e., Dover Police Department and Georgetown Police Department) and the parties added (i.e., Lyons, Atwell, Shafer, and Naar) are represented by the same attorney, the attorney is likely to have communicated to

the latter party that he may very well be joined in the action. *See Singletary, 266 F.3d 196.* The relevant inquiry under the shared attorney method of imputing notice is whether notice of the action can be imputed to [the defendant[s] sought to be named] within the relevant 120 period. . .by virtue of representation shared with a defendant originally named in the lawsuit. *Id.*

In this case, the Complaint was filed by an inmate plaintiff proceeding *in forma pauperis.* Due to the screening requirements under *28 U.S.C. § 1915 and § 1915A,* service of process [*19] cannot be completed until the Complaint is screened and the Court issues a service order. While the Complaint was actually filed on March 17, 2003, [6] for a number of reasons the Complaint was not screened until November 16, 2004. *See* D.I. 20 Memorandum and Order. The screening order gave Plaintiff 120 days to file the necessary documents to effect service upon Defendants, that is up to March 16, 2005. (D.I. 20.) The documents were received within that time period, on March 14, 2005, and forwarded to the U.S. Marshal on March 21, 2005, to serve process. The Dover Police Department and the Georgetown Police Department were served on April 27, 2005 and April 26, 2005, respectively. (D.I. 24, 25.) Therefore, both Police Departments were served a little over one month after the expiration of the 120 day limit established by the Court's Service Order of November 16, 2004.

> [6]  This date is based upon the mailbox rule calculation and not the date indicated on the Docket Sheet.

As evidenced by the Court docket, Defendants Dover Police Department and John Does Police Officers' attorney, William W. Pepper, Sr., entered his appearance on their behalf on April 27, 2005. (D.I. 22.) Defendant Georgetown [*20] Police Department's attorney, Megan T. Mantzavinos, entered her appearance on its behalf on May 17, 2005. (D.I. 27.) On June 29, 2005, an Answer was filed on behalf of Defendants Georgetown Police Department and John Does. (D.I. 29.) Inasmuch as the attorney representation for Defendants Dover Police Department and Georgetown Police Department did not begin until after the 120 period following the entry of the Service Order had ended, any later shared representation is irrelevant in the relation back analysis.

Moreover, Plaintiff has not made a "shared attorney" argument regarding the attorneys who represent either Dover Police Department Defendants or Georgetown Police Department Defendants. Regardless, even though the Georgetown Police Department and Defendants Atwell, Shaffer, and Naar share the same attorney, and the Dover Police Department and Defendant Lyons also now share the same attorney, it is evident from the record that the attorneys for the Georgetown Police Department

2007 U.S. Dist. LEXIS 48188, *

and the Dover Police Department did not become the attorney of record for any of the Defendants until after the running of the relevant 120 days from the entry of the Court's Service Order. The requisites [*21] of *Rule 15(c)* have not been met, and therefore, the amendment identifying the John Doe Defendants does not relate back to the filing date of the original Complaint.

**4. Continuing Violation Doctrine**

Plaintiff argues that because his false arrest and malicious prosecution claims are related, under the continuing violation doctrine the statute of limitations can relate back to a time outside the two-year period. (D.I. 59, 60.) Plaintiff relies upon his malicious prosecution claim which accrued on April 16, 2001, [7] to support his position.

> 7  A malicious prosecution claim accrues at the time when the criminal proceedings terminate in favor of the plaintiff. *Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1984).*

Under a continuing violation theory, if the defendant engaged in a continual course of conduct and plaintiff's action is timely as to any act in that course of conduct, plaintiff may be permitted to litigate violations that are part of the course of conduct. *Van Heest v. McNeilab, Inc., 624. F. Supp. 891, 896 (D. Del. 1985).* A "continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *See Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982).* [*22] In the present case, the Complaint fails to assert any affirmative acts of the moving Defendants beyond the initial arrest and detention at the Dover Police Station. Indeed, the injuries of excessive force and wrongful arrest as alleged by Plaintiff are discrete and fixed in time. Once arrested, the logical course was to proceed with prosecution of the criminal charges. The continuing violation theory does not save Plaintiff's claims.

Plaintiff cannot escape the fact that the claims against Defendants Lyons, Atwell, Shaffer, and Naar do not relate back to the original Complaint. Therefore, the Court will grant Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52) and will direct that judgment be entered in their favor and against Plaintiff. The Court will also grant Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss. (D.I. 54.)

**E. Malicious Prosecution**

Plaintiff repeatedly makes reference to a malicious prosecution claim. Plaintiff, however, was allowed only to proceed on the excessive force claim and the unlawful arrest claim. Further the Complaint is clear that Plaintiff

brings a malicious prosecution under [*23] state law, but does not allege a § 1983 malicious prosecution claim. Moreover, the allegations in the Complaint do not state a claim for malicious prosecution pursuant to *§ 1983.* Plaintiff alleges that the Georgetown Police Officers arrested him without a warrant, but told him that "there was a warrant for his arrest". (D.I. 2, at 2.) Because he alleges that his arrest was not made pursuant to a warrant, it cannot serve as the basis for his malicious prosecution claim. *See Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001)* ("Appellants were arrested without a warrant and, thus, their arrests-which antedated any legal process-cannot be part of the *Fourth Amendment* seizure upon which they base their section 1983 [malicious prosecution] claims."); *Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d. Cir 1995)* (plaintiff's arrest could not "serve as the predicate deprivation of liberty [for a § 1983 malicious prosecution claim] because it occurred prior to his arraignment and without a warrant"); *Mateiuc v. Hutchinson, 1998 U.S. Dist. LEXIS 6710, 1998 WL 240331 at *3 (E.D. Pa. May 14, 1998)* (while a wrongful warrantless arrest may give rise to a claim for false arrest, it cannot serve as the basis for a § 1983 [*24] malicious prosecution claim); *see Fernandez v. Stack, No. 03-4846 (JAP), 2006 U.S. Dist. LEXIS 17601, 2006 WL 777033 (D.N.J. Mar. 27, 2006).*

**F. Supplemental State Claims**

Because all of Plaintiff's federal claims will be dismissed, the Court declines to exercise jurisdiction over any remaining supplemental state law claims. *28 U.S.C. § 1367; De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).*

**III. CONCLUSION**

The Court will grant Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. 52). The Court will also grant Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54). The Court will not address the failure to state a claim issue raised by Georgetown Police Department Defendants as the claims against these Defendants will be dismissed on other grounds. The Court will decline to exercise supplemental jurisdiction over Plaintiff's supplemental state claims. An appropriate order will be entered.

***ORDER***

At Wilmington, this 29 day of June, 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

2007 U.S. Dist. LEXIS 48188, *

1. Defendants Dover City Police Department and Terrence Lyons' Motion for Summary Judgment (D.I. [*25] 52) is ***GRANTED.***

2. Defendants Georgetown Police Department, Atwell, Shaffer and Naar's Motion To Dismiss (D.I. 54) is ***GRANTED.***

3. The Court declines to exercise supplemental jurisdiction over Plaintiff's state claims.

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,      :
                                              :
Plaintiff,                        :
                                              :
v.                              :     C. A. No. 07-31 - GMS
                                            :
FIRST CORRECTIONAL MEDICAL,    :
CORRECTIONAL MEDICAL SERVICES,  :
GOVERNOR RUTH ANN MINNER,    :
COMMISSIONER STANLEY W.        :
TAYLOR,  BUREAU CHIEF PAUL W.   :
HOWARD,  MS. GINA WOLKEN,     :
DR. ALIE, DR. NIAZ, DR. JOHN DOE,  :
DR. JANE DOE, CORRECTIONAL    :
MEDICAL SERVICES GRIEVANCE   :
HEARING STAFF, MS. ROSALIE     :
VARGAS, JOHN DOE, AND JANE DOE, :
                                            :
Defendants.                 :

## <u>CERTIFICATE OF SERVICE</u>

I, **Eileen M. Ford, Esquire**, hereby certify that on May 2, 2008**,** I electronically filed the a **Motion for**

**Rule to Show Cause and/or Motion to Dismiss Pursuant to FRCP 12(b)(5)** with the Clerk of Court

using CM/ECF which will send notification of such filing(s) to the following: Catherine Damavandi,

Esquire. I have served via first class mail two copies of  foregoing to the Pro Se Plaintiff:

William Joseph Webb, Jr., pro se
SBI # 256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

                              /s/ Eileen M. Ford_____
                             Megan T. Mantzavinos, Esquire (ID No. 3802)
                             Eileen M. Ford,  Esquire (ID No. 2870)
                             Marks, O'Neill, O'Brien & Courtney, P.C.
                             913 Market Street, #800
                             Wilmington, DE  19801
                             (302) 658-6538
                             *Attorneys for Defendants Ali, Niaz*