In The United States District Court

For The District Of Delaware

William Joseph Webb Jr.,

    Plaintiff,

v.

First Correction Medical,

Et. Al.,

    Defendants.

Civ. Act. No. 07-31-GMS



FILED

MAY 8 2008

## Memorandum Of Law In Support Of The Plaintiff's Motion For The Appointment of Counsel.

### Statement of the Case:

This is a civil rights case filed under 42 U.S.C. §1983 by a State prisoner and asserting claims for the unconstitutional denial of medical care, deliberate indifference, denial of procedural due process at medical grievance hearing, denial of the right to clean air. The Plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment,

Statement of Facts:

The complaint alleges that the Plaintiff was denied medical care until he was almost legally dead; treated with a deliberate indifference standard which almost caused the wrongful death of the Plaintiff; after receiving care the defendant (Dr. Ali) told Plaintiff he was probably having blood circulation problems and further tests were going to be ordered in which this said defendant was the one who denied the further testing; On another date certain defendants never put in for certain check ups to see how the health of the Plaintiff was holding up, Plaintiff filed a medical grievance after he was moved to a type of segregation within the institution which was heard without the due process of a hearing where the Grievance Committee was present in its entirely, (only one defendant (Jane Doe) showed up); On another date another medical grievance was filed which remains unresolved; finally, while in segregation, Plaintiff filed a grievance on his right to clean air, not the grievance yet the problem is still is

— 2 —

## Point

### The Court Should Appoint Counsel For the Plaintiff.

In deciding whether to appoint counsel for an indigent litigant, the Court first must address that State law prohibits inmates to have Standard Operating Procedures in their possession, then it should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of possible conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." (See Abdullah v. Gunter 8th Cir (1991) 747 F.2d 1032, 1035 (Gtomilled), Cert. den. (1992) 112 S.Ct. 1995). In addition, Courts have suggested that the most important factor is whether the case appears to have merit. (See Cooper v. A. Sargenti Co., Inc. 2d Cir. (1989) 277 F.2d 170, 173). Each of those factors weighs in favor of appointing counsel in this case.

1. Factual Complexity. The Plaintiff alleges claims which will require him to sue a sheer number of defendants

— 3 —

which in itself makes this a factually complex case.

In addition, Plaintiff claims denial of medical care and deliberate indifference; which will make the necessity of medical experts and cross-examination of medical experts called by defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. (See Moore v. Mabus 5th Cir. (1992) 976 F.2d 268, 272); Same (See Jackson v. County of McLean 7th Cir. (1992) 953 F.2d 1070, 1073), Same. (See Tucker v. Randall 7th Cir. (1991) 948 F.2d 388, 392).

c. The Plaintiff's ability to investigate. The Plaintiff is in segregation and has no ability to investigate the facts nor have any Standard Operating Procedures in his possession according to State law. A clear example would be that he cannot go to the hospital and question nurses concerning this case, furthermore this is the same as being transferred to another institution, a factor that several courts have cited in appointing counsel. (Tucker at 391-92);

- 4 -

Same. (See Gatson v. Coughlin W.D.N.Y. (1988) 679 F.Supp. 270, 273); Same. (See Armstrong v. Snyder E.D. Wis. (1984) 103 F.R.D. 96, 105).

In addition, this case will require considerable discovery of the identity of witnesses; officers' reports, log books from the Maintenance Department and Policies on Procedures to be followed, Statements about the incidents along with the possibility of depositions, finally the Plaintiff's Medical history. (See Tucker v. Dickey W.D. Wis. (1985) 613 F.Supp. 1124, 1133-34 — need for discovery supported appointment of counsel).

3. The ability of the indigent to present his claim. The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. (See Whisenant v. Yuam, 4th Cir. (1984) 739 F.2d 160); Furthermore Plaintiff is in segregation with very limited access to legal materials. (See Rayes v. Johnson 8th Cir. (1992) 969 F.2d 700, 703-04 — lack of ready access to law library as a factor for counsel).

— 5 —

4. Legal complexity. The large number of defendants, some of whom are supervisory officials possibly, the fact there are unknown defendants that will be uncovered via discovery, presents complex legal issues of determination of which defendants were and are sufficiently officially and personally involved in the constitutional violations to be held liable. Furthermore, a jury trial has been asked for, which requires much greater legal skill than the Plaintiff has or will be able to develop due to segregation. (See <u>Abdullah</u> 947 F.2d at 1036 – jury demand as a factor supporting appointment of counsel).

5. Merit of the case. The Plaintiff's allegations, if proved, clearly would establish a constitutional violation. The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. (See <u>Estelle v. Gamble</u> (1976) 429 U.S. 97, 105, 97 S.Ct. 285).

— 6 —

On its face, then, this is a clear meritorious case.

Conclusion:

For the foregoing reasons, the Honorable Court should grant the Plaintiff's Motion and appoint counsel in this case.

Dated: April 29, 2008

Respectfully Submitted,
*William Joseph Webb Jr.*
William Joseph Webb Jr.
#00256055 / 17 MLT2
1181 Paddock Road
Smyrna, DE 19977

— 7 —

## Certificate of Service

I, __William J. Webb Jr.__, hereby certify that I have served a true and correct cop(ies) of the attached: __Motions, Declaration and Memorandum of Law__ upon the following parties/person (s):

TO: __Catherine Damavandi, Esq.__
__820 North French Street__
__Wilmington, DE 19801__

TO: _____

TO: __Eileen M. Ford, Esq.__
__913 Market Street__
__Wilmington, DE 19801__

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __3-rd__ day of __May__, 2008

____William J. Webb Jr.____