IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-31-GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

### STATE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Defendant Stan Taylor ("Defendant"), by and through undersigned counsel, hereby opposes Plaintiff's *Motion for Appointment of Counsel*. (D.I.112). In support of his position, Defendant states the following:

1. On or about January 16, 2007, Plaintiff William J. Webb, Jr. ("Webb"), an inmate incarcerated at the Delaware Correctional Center in Smyrna, Delaware ("DCC") filed a Complaint pursuant to 42 U.S.C. §1983 alleging constitutional violations ijn connection with his prison medical treatment. Webb was granted leave to proceed *in forma pauperis* on or about February 6, 2007. (D.I.5).

2. On or about May 8, 2008, Webb filed a *Motion for Appointment of Counsel* with an accompanying Declaration and Memorandum in support thereof. (D.I.112-114)

3. In support of his motion, Webb alleges that he is unable to afford counsel, the issues are complex, expert testimony is necessary and he has limited access to the law library at DCC. *Id.*

4.     *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)).  It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case."  *Id* at 26, *accord, Pierce v. Vaughn*, 1992 WL 210122 (E.D.Pa.); *Robinson v. Barone*, 1992 WL 236869 (E.D. Pa.).  The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, the plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony.  *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), *cert. denied*, 114 S. Ct. 1306 (1994).

5.     Webb, no stranger to the legal system, has a clear understanding of the issues involved in this case and has proven himself quite capable in responding and addressing his claims in this Court. Contrary to Webb's assertions that the issues are complex, no complex issues have been presented in this case.  Furthermore, as illustrated by the motions Webb has filed thus far, he has displayed a firm grasp of legal precepts in this case.  In addition to a complaint that sufficiently articulates his claims, Webb has filed numerous motions containing pertinent case law and court rules.  This not only demonstrates his legal knowledge, but also shows that this case is not so unusually complex as to require the assistance of counsel.  In fact, Webb has shown great skill and

ability to litigate this action *pro se,* through his filing of discovery motions and extensive pleadings, as well as adherence to court orders. Further, Webb fails to establish that without the appointment of counsel that he demonstrates any other "special circumstances indicating the likelihood of substantial prejudice" cited by the Court in *Smith-Bey*. *Smith-Bey* at 26. Defendant contends that Webb has shown that he is fully capable of litigating this lawsuit, making appointment of counsel unnecessary. This case is neither factually or legally complex, and therefore, court appointed counsel is not warranted.

6.  While Webb pleads that his incarceration in the SHU limits his access to the law library; however, records show that Webb does have sufficient access to the law library and legal materials. Attached is a copy of Webb's library use for the last two months including legal copies he requested in addition to photocopying requests. (*See* Exhibit 1). The record shows that Webb was not denied the materials he requires to file any documents with the court. While Webb's access to the law library may be "limited" due to his housing unit, he nevertheless has law library access which is reflected in the numerous motions Webb has filed with the Court throughout this litigation.

7.  Moreover, at this point, Webb has simply made bold, unsupported allegations against the Defendant. It is apparent that Webb is suing the Defendant based upon his supervisory responsibilities. As personal involvement in a constitutional deprivation is a necessary prerequisite to liability, it is unlikely that Webb can mount a meritorious claim against the Defendant. Without more, the request for counsel is not warranted.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court deny

Webb's *Motion for Appointment of Counsel*.

          STATE OF DELAWARE
          DEPARTMENT OF JUSTICE

          /s/ Catherine Damavandi
          Catherine Damavandi, ID#3823
          Deputy Attorney General
          Department of Justice
          State of Delaware
          820 North French Street, 6th Floor
          Wilmington, Delaware 19801
          (302) 577-8400
          Attorney for Defendant Stan Taylor

Dated: May 22, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-31-GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2008 I electronically filed *State Defendant Stan Taylor's Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF, which will send notification to the following:

    Eileen M. Ford, Esq.     eford@mooclaw.com
    Megan Trocki Mantzavinos, Esq.     mmantzavinos@mooclaw.com

I further certify that on May 22, 2008, I caused the within document to be mailed to the following non-registered participant by United States Postal Service:

    William J. Webb, Jr., SBI#256056
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE  19977

    /s/ Catherine Damavandi
    Deputy Attorney General, ID #3823
    Department of Justice
    820 N. French Street, 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
    Catherine.Damavandi@state.de.us
    Attorney for Defendant Stan Taylor

March – May 2008 Record of Ongoing Law Library Use by William J. Webb, Jr., SBI#256056

| Inmate Name | SBI # | Date In | Date Out | Request Type | Staff |
|---|---|---|---|---|---|
| William Webb | 256056 | 3/7/2008 | 3/12/2008 | Escheat Index; (1) Address | B.E. |
| William Webb | 256056 | 3/11/2008 | 3/11/2008 | Request for Notary; Photocopies 4x4=16pgs. | B.E. |
| William Webb | 256056 | 3/11/2008 | 3/11/2008 | Photocopies 2x2=4pgs. | B.E. |
| William Webb | 256056 | 3/14/2008 | 3/19/2008 | Photocopies 1x4=4pgs. | B.E. |
| William Webb | 256056 | 3/14/2008 | 3/20/2008 | Title 12 s. 1180-1193; Ct. Cases (4) 49 pgs. | B.E. |
| William Webb | 256056 | 3/14/2008 | 3/14/2008 | Return Ct. Cases (4) | B.E. |
| William Webb | 256056 | 3/28/2008 | 4/1/2008 | Photocopies 4x3=12pgs.; Ct.Case(1) 16 pgs. | B.E. |
| William Webb | 256056 | 3/28/2008 | 4/1/2008 | (6)Cert.Svc.; Request for Notary | B.E. |
| William Webb | 256056 | 3/28/2008 | 3/28/2008 | Return Title12s.1180-87,89-93; Ct. Cases (4) | B.E. |
| William Webb | 256056 | 4/10/2008 | 4/11/2008 | Photocopies 4x6=24pgs.,4x3=12pgs. | B.E. |
| William Webb | 256056 | 4/10/2008 | 4/11/2008 | (4) Cert. Svc.; Ct. Cases (2) 15 pgs. | B.E. |
| William Webb | 256056 | 4/10/2008 | 4/10/2008 | Return Ct. Case (1) | B.E. |
| William Webb | 256056 | 4/14/2008 | 4/15/2008 | Ct. Cases (2) 10 pgs.; SuperCtCrR.11-2000ed. | B.E. |
| William Webb | 256056 | 4/14/2008 | 4/15/2008 | FPD&AtlDigK.1134(3),60,2279-101 pgs. | B.E. |
| William Webb | 256056 | 4/14/2008 | 4/14/2008 | Return Ct. Cases (2) | B.E. |
| William Webb | 256056 | 4/17/2008 | 4/18/2008 | Photocopies 3x71=213 pgs. | B.E. |
| William Webb | 256056 | 4/18/2008 | 4/22/2008 | Photocopies 3x7=21 pgs. | B.E. |
| William Webb | 256056 | 4/22/2008 | 4/24/2008 | Photocopies 2x2=4pgs.; 2x17=34pgs. | B.E. |
| William Webb | 256056 | 4/22/2008 | 4/24/2008 | Fam Ct Cv R. 55 | B.E. |
| William Webb | 256056 | 5/1/2008 | 5/5/2008 | Photocopies 64 pgs.; Request for Notary | C.K. |
| William Webb | 256056 | 5/5/2008 | 5/6/2008 | Photocopies 3x3= 9 pgs. | B.E. |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 07-31-GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, et al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**IT IS SO ORDERED,** this _____ day of _____, 2008, that Plaintiff's *Motion for Appointment of Counsel* is hereby **DENIED.**

_____
Chief Judge Gregory M. Sleet