UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | Case No. 07-031 GMS |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC., GINA WOLKEN AND DR. NIAZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIK D.I. 104 THROUGH 107 AND MOTION TO COMPEL NEW COUNSEL TO ACCEPT SERVICE FOR WOLKEN, NIAZ AND GOMBEH-ALIE OR SUBMIT ADDRESSES TO COURT[1] (D.I . 124)**

Defendants, Correctional Medical Services, Inc., Gina Wolken, and Dr. Niaz (collectively, "Respondents"), by and through their undersigned counsel, hereby oppose the Plaintiff's Motion to Strike D.I. 104 through 107 and also oppose his Motion to Compel New Counsel to Accept Service for defendants Gina Wolken, Dr. Niaz and Dr. Gombeh-Alie or to Submit their Addresses to the Court. (D.I. 124) In opposition to the relief requested, Respondents state as follows:

1. Plaintiff's Motion is little more than another response to the docket items he wishes the Court would strike. He, in essence, opposes the earlier-filed motions to dismiss for failure timely or properly to effect service (D.I. 104-107) by arguing that the undersigned should either accept service for Drs. Niaz and Gombeh-Alie and Ms. Wolken, or provide him with their home addresses. Granting Plaintiff's Motion would create an exception to the Federal Rules of Civil Procedure governing service by giving

---

[1] Neither Gina Wolken, nor Dr. Niaz, nor Dr. Alie has properly been served with process yet. Accordingly, they reserve all defenses and do not waive service by filing this opposition to Plaintiff's Motion.

plaintiffs the option of simply demanding counsel accept service instead of complying with the Rule.

2. Plaintiff also argues that "new counsel should not receive the benefit of the previous counsel's work-product" (D.I. 124, Motion at 1-2), but offers no support for this proposition. Under Plaintiff's theory, a client could never discharge an attorney without losing the benefit of the work for which he or she has already paid and would be forced to start the case over again.

3. Plaintiff's assertion that he has "already withdrawn the letter" in which he threatened prior counsel if she did not provide him with information notwithstanding, he has not properly served the individual defendants and so those Motions addressing that issue should not be stricken.

4. Plaintiff offers no authority in support of his assertion that counsel should be compelled to accept service on behalf of the individual defendants. That request should also be denied.

BALICK & BALICK, LLC

　　/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Correctional Medical Services, Inc.,
Dr. Alie, Gina Wolken, and Dr. Niaz

Date: June 26, 2008

# CERTIFICATE OF SERVICE

I, James Drnec, hereby certify that on the 26th day of June 2008, the foregoing Defendants Correctional Medical Services, Inc., Gina Wolken and Dr. Niaz's Response in Opposition to Plaintiff's Motion to Strike D.I. 104 Through 107 and Motion to Compel New Counsel to Accept Service for Wolken, Niaz and Gombeh-Alie or Submit Addresses to Court was filed via CM/ECF and served upon the following in the manner indicated:

William Joseph Webb, Jr.                                        *VIA FIRST CLASS MAIL*
SBI #256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Catherine C. Damavandi, Esquire                                 *VIA CM/ECF FILING*
Department of Justice
820 N. French St.
Wilmington, DE 19801


                                         /s/ James E. Drnec
                                  James E. Drnec, Esquire (#3789)