UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | Case No. 07-031 GMS |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

---------------------------------------------------------------

**DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC., GINA WOLKEN
AND DR. NIAZ'S MOTION FOR LEAVE TO AMEND ANSWER
TO INCLUDE CROSS CLAIMS AND THIRD PARTY COMPLAINT**

Defendants Correctional Medical Services, Inc. ("CMS"), Gina Wolken, and Dr. Niaz (collectively "Movants"), by and through their undersigned counsel of record, hereby move for leave to amend their Answer to the Amended Complaint to include cross claims against co-defendant First Correctional Medical and a third party complaint against non-party First Correctional Medical-Delaware, LLC. In support of this Motion, Movants state as follows:

*Procedural Status*

1.      Plaintiff William Joseph Webb, Jr. filed the above-captioned action against, *inter alia*, Movants alleging violation of constitutional rights. (D.I. 2)   Plaintiff also named First Correctional Medical, Inc. ("FCM") as a defendant. (*Id.*)   On May 7, 2007, the Court dismissed Plaintiff's claims against FCM. (D.I. 9)   On August 15, 2007, Plaintiff moved to re-instate his claims against FCM. (D.I. 38)   The Court granted that motion on February 14, 2008, ordered the Clerk to serve a copy of the Notice on FCM and ordered FCM to answer no later than March 1, 2008. (D.I. 78)   FCM failed timely to answer as directed.   On April 15, 2008, Plaintiff filed his Motion for Default as to FCM.   (D.I. 100)

*Factual Background*

2.      From July 1, 2002 through June 30, 2005, First Correctional Medical ("FCM") held the

contract to provide medical services for inmates in the Delaware prison system through its

wholly-owned subsidiary, First Correctional Medical–Delaware, LLC ("FCMDe").  From July 1,

2005 to the present, CMS has held the contract to provide medical services for inmates in the

Delaware prison system. The Plaintiff has alleged deliberate indifference by Movants as follows:

Gina Wolken (date uncertain); Dr. Niaz April 19, 2005; CMS dates uncertain. (D.I. 2)

*Argument*

*The Rules Regarding Third Party Practice and Amendment*

3.      Federal Rule of Civil Procedure 14 governs third party practice, and provides in relevant

part:

> A defending party may, as third-party plaintiff, serve a summons
> and complaint on a nonparty who is or may be liable to it for all or
> part of the claim against it. But the third-party plaintiff must, by
> motion, obtain the court's leave if it files the third-party complaint
> more than 10 days after serving its original answer.

F.R.C.P. 14(a)(1)

4.      F.R.C.P. 15 governs amendment of pleadings and provides, in relevant part:

> (1) A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive
> pleading is not allowed and the action is not yet on the trial
> calendar.
> (2) Other Amendments.
> In all other cases, a party may amend its pleading only with the
> opposing party's written consent or the court's leave. The court
> should freely give leave when justice so requires.

F.R.C.P. 15

*Leave to Amend Should be Granted Here*

5.      The undersigned counsel has been retained to defend the Movants through a policy of insurance that CMS purchased to cover claims arising once it took over the contract to provide healthcare in the Delaware prison system beginning July 1, 2005.  Because CMS was not responsible for medical care in the Delaware prisons between July 1, 2002 and June 30, 2005, CMS seeks to cross-claim against FCM for contribution and indemnification for the portions of the Plaintiff's claims that arise during that period.  Because FCMDe was not named as a party by Plaintiff, CMS seeks to add FCMDe as a third party defendant for purposes of contribution and indemnification.  Unless this Motion is granted, CMS may end up carrying costs that should be borne by FCM and/or FCMDe.

6.      As a condition of Gina Wolken's and Dr. Niaz's employment with FCM and/or FCMDe, those entities were obligated to provide defense and indemnification for claims arising from their employment such as those in the above-captioned action. Accordingly, Gina Wolken and Dr. Niaz seek to add cross-claims against FCM for defense and indemnification and to add a third party claim for defense and indemnification against FCMDe because Plaintiff did not add it as a party.   Unless this Motion is granted, these individuals may end up financially liable for their defense and for any portion of an award or settlement attributable to the period before their employment began with CMS on July 1, 2005.

7.      If this Motion is not granted, FCM and FCMDe may enjoy improper windfall and unjust enrichment by avoiding financial responsibility and the Movants will end up carrying more than their share of the defense costs and any award.  The addition of these claims is in the interest of justice and will not prejudice Plaintiff.

WHEREFORE, for the foregoing reasons, Correctional Medical Services, Inc., Gina Wolken and

Dr. Niaz respectfully request entry of an order granting this Motion and allowing them to file the

Amended Answer which is attached hereto as Exhibit "A".


BALICK & BALICK, LLC


_____/s/ James E. Drnec_____

James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendants
Correctional Medical Services, Inc.,
Gina Wolken and Dr. Niaz

Date:  July 3, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-31 - GMS |
| | : | |
| FIRST CORRECTIONAL MEDICAL, | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| COMMISSIONER STANLEY W. TAYLOR, | : | TRIAL BY JURY OF |
| MS. GINA WOLKEN, DR. ALI, and DR. NIAZ, | : | TWELVE DEMANDED |
| | : | |
| Defendants. | : | |

----------------------------------------------------------------

| | | |
|---|---|---|
| | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| MS. GINA WOLKEN, and DR. NIAZ, | : | |
| | : | |
| Third Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FIRST CORRECTIONAL | : | |
| MEDICAL- DELAWARE, LLC., | : | |
| | : | |
| Third Party Defendant. | : | |

----------------------------------------------------------------

**DEFENDANTS CORRECTIONAL MEDICAL SERVICES,**
**GINA WOLKEN, AND DR. NIAZ'S**
**AMENDED ANSWER TO AMENDED COMPLAINT**

Defendants Correctional Medical Services, Ms. Gina Wolken, Dr. Niaz, (hereinafter the

"Answering Defendants"), by and through the undersigned attorneys, submit their Amended

Answer to the Complaint in the above-referenced action.

15.    No Answer required from answering Defendants.  To the extent any answer is required,

answering Defendants are without sufficient knowledge or information so as to form a

belief as to this allegation and it is therefore deemed to be denied;

16.    To the extent an answer is required, answering Defendants are without sufficient

knowledge or information so as to form a belief as to this allegation and it is therefore

deemed to be denied;

III.    No Answer is requires as to this allegation.  To the extent an Answer is required, denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's

fees.

## IV.  ANSWER TO STATEMENT OF CLAIM

1.    Some or all of the claims made in this paragraph have been dismissed pursuant to

Court Order dated May 7, 2007.  To the extent remaining allegations are found

this paragraph, answering Defendants are without sufficient knowledge or

information so as to form a belief as to this averment and they are therefore

deemed to be denied.

2.    Some or all of the claims made in this paragraph have been dismissed pursuant to

Court Order dated May 7, 2007.  To the extent remaining allegations are found

this paragraph, answering Defendants are without sufficient knowledge or

information so as to form a belief as to this averment and they are therefore

deemed to be denied.

3.    Some or all of the claims made in this paragraph have been dismissed pursuant to

Court Order dated May 7, 2007.  To the extent remaining allegations are found

this paragraph, answering Defendants are without sufficient knowledge or

information so as to form a belief as to this averment and they are therefore

deemed to be denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

## I.        ANSWER TO CLAIM FOR RELIEF

17.    Denied.

18.    Denied.

19.    Denied that the plaintiff is entitled to preliminary injunction or equitable relief.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

## ANSWER TO PARAGRAPHS 4-8 ON PAGE SIX OF PLAINTIFF'S COMPLAINT

Some or all of the claims made in these paragraphs have been dismissed pursuant to Court Order dated May 7, 2007. To the extent remaining allegations are found these paragraphs, answering Defendants are without sufficient knowledge or information so as to form a belief as to these averments and they are therefore deemed to be denied.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim or claims upon which relief may be granted.

2.    Defendants were not deliberately indifferent to a serious medical need.

3.    Plaintiff's claims are barred by the applicable statute of limitations.

4.    Plaintiff fails to state a claim against defendant Correctional Medical Services upon which relief can be granted as there is no vicarious liability for civil rights claims.

5.    The complaint fails to state a claim upon which relief may be granted for punitive damages.

6.      Plaintiff has failed to exhaust his administrative remedies.

7.      The plaintiff's injuries, if any, resulted from a superseding intervening cause.

8.      The plaintiff's injuries, losses, or damages, if any, were the direct, sole, and proximate result of activities or conduct of persons or entities for whom the Answering Defendants are not responsible and over whom the Answering Defendants had no right of authority or control.

9.      Answering Defendants deny that they are liable whatsoever to plaintiff. However, if Answering Defendants are held to answer to plaintiff under the allegations against it in the Complaint, then Answering Defendants are entitled to contribution and indemnification from co-defendants for any amount which answering defendants may be required to pay to plaintiff.

10.     This Court lacks subject matter jurisdiction over some or all of plaintiff's claims;

20.     This Court lacks personal jurisdiction over some or all of the Answering Defendants;

21.     This Complaint should be dismissed due to insufficient process and/or insufficient service of process.

22.     To the extent any medical malpractice claim survived the Court Order of May 7, 2007, Plaintiff failed to file an affidavit of merit pursuant to 18 Del.C.§ 6853.

23.     Defendants actions furthered a legitimate penological interest.

WHEREFORE, Defendants demand judgment in their favor plus costs and attorney's fees.

**CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION**

24.    Correctional Medical Services, Inc. ("CMS") denies that it violated Plaintiff's civil rights and denies that it is liable in any measure to the Plaintiff.  To the extent that CMS is adjudged liable to the Plaintiff, then CMS crossclaims against its co-defendant First Correctional Medical, Inc. ("FCM") on the grounds that FCM's acts or omissions were the primary cause of the Plaintiff's alleged injuries and resulting damages and that CMS is therefore entitled to indemnification from FCM.

In the event that CMS is held primarily liable to the Plaintiff, then the acts or omissions of FCM are one of the proximate causes of the Plaintiff's alleged injuries and CMS is entitled to contribution for any amount which it may be required to pay to the Plaintiff as a result of FCM's acts or omissions based on the relative degree of fault pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Act, 10 *Del. C.* § 6301 and 6308.

WHEREFORE, Correctional Medical Services, Inc. respectfully requests entry of judgment in its favor and against First Correctional Medical, Inc. together with costs, fees and such other relief as this Court deems just.

**THIRD PARTY COMPLAINT AGAINST**
**FIRST CORRECTIONAL MEDICAL-DELAWARE, LLC**

25.    Plaintiff has alleged, *inter alia*, that CMS, Gina Wolken and Dr. Niaz ("Answering Defendants/Third Party Plaintiffs") violated his civil rights through deliberate indifference to a serious medical need.   Plaintiff alleges acts and/or omissions beginning on March 11, 2005.

26.    During the period July 1, 2002 through June 30, 2005, FCM held the contract to provide medical service in the Delaware state prison system through its wholly-owned subsidiary

and alter-ego, First Correctional Medical-Delaware, LLC ("FCMDe"), a corporation organized pursuant to the laws of the State of Delaware.

27.    CMS was not under contract to provide medical services in the Delaware state prison system between July 1, 2002 through June 30, 2005.

28.    Answering Defendants/Third Party Plaintiffs all held employment agreements with FCMDe which provided for defense and indemnification for legal action such as the above-captioned matter.

29.    To the extent that CMS is held to be liable to Plaintiff for actions or omissions occurring prior to July 1, 2005, CMS is entitled to contribution and/or indemnification from FCMDe.

30.    To the extent that Gina Wolken, and Dr. Niaz are charged with and/or held to be liable for actions and/or omissions occurring prior to July 1, 2005, they are entitled to defense and indemnification from FCMDe.

WHEREFORE, Answering Defendants/Third Party Plaintiffs Correctional Medical Services, Inc., Gina Wolken and Dr. Niaz respectfully request entry of judgment in their favor and against Third Party Defendant First Correctional Medical-Delaware, LLC together with costs, fees and such other relief as this Court deems just.

## ANSWER TO ALL PRESENT AND FUTURE CROSSCLAIMS

31.    Answering Defendants deny all crossclaims now or hereinafter asserted against them.

**WHEREFORE**, the Answering Defendants ask that the complaints against them be dismissed with prejudice and all costs and attorney's fees be assessed against the plaintiff.

BALICK & BALICK, LLC

/s/ James E. Drnec
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Correctional Medical Services, Inc.,
Gina Wolken, and Dr. Niaz

Date:   July 3, 2008

## **CERTIFICATE OF SERVICE**

I, James Drnec, hereby certify that on the 3rd day of July 2008, the foregoing Defendants

Correctional Medical Services, Inc., Gina Wolken and Dr. Niaz's Motion for Leave to Amend

Answer to Include Cross Claims and Third Party Complaint was filed via CM/ECF and served

upon the following in the manner indicated:


William Joseph Webb, Jr.                                    *VIA FIRST CLASS MAIL*
SBI #256056
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Catherine C. Damavandi, Esquire                     *VIA CM/ECF FILING*
Department of Justice
820 N. French St.
Wilmington, DE 19801



                              /s/ James E. Drnec
                         James E. Drnec, Esquire (#3789)